IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY, and
4.    ROGER BORN AUSTIN

       Defendants.

**DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)**

      Defendants Jayson Penn, Mikell Fries, Scott Brady, and Roger Austin take no position on the government's request for an order authorizing alternative notification procedures pursuant to Title 18, United States Code, Section 3771(d)(2) (the "CVRA") (ECF No. 73).  However, defendants note two issues raised by the government's motion.  First, the government contends its investigation "has revealed thousands of potential victims who purchased broiler chicken products that were the subject of the conspiracy," Mot. at 3, but it has only identified eight to defendants.  *See* Conditions of Pretrial Release – Attachment B (ECF No. 27) (identifying eight "potential victims"); *see also* Government's Initial Statement of Organizational Victims Pursuant to Fed. R. Crim. P. 12.4(a)(2) (ECF No. 67) (identifying seven "potential organizational victims");18 U.S.C. § 3771(e)(2)(A) (defining "crime victim" as a person "directly and

1

proximately harmed as a result of the commission of a Federal offense"). This apparent discrepancy reinforces the need for the government to provide additional information about the scope of the charged conspiracy. *See* Defendant Jayson Penn's Motion for Bill of Particulars (ECF No. 60); Defendant Roger Austin's Motion for Bill of Particulars (ECF No. 59).

Second, it is unclear how notifying counsel for the plaintiffs in the civil action pending in the Northern District of Illinois (*In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.) ("*In re Broilers*")) would be a proper substitute for direct notice to "potential victims." The government calls the civil action a "parallel" proceeding, Mot. at 1, but acknowledges that the allegations in the civil action "do not mirror" the allegations in this action. *Id*. at 3. In fact, the civil and criminal cases are based on fundamentally different theories: The criminal case is predicated on a theory of price-fixing/bid-rigging, while the civil action is based on a theory of output restraint. *See, e.g.*, Direct Purchaser Plaintiffs' Fourth Amended and Consolidated Class Action Complaint ¶ 1 (*In re Broilers*, ECF No. 1565). Notice to plaintiffs' counsel in these civil actions would not seem to provide notice to the "potential victims" in the criminal action.

Respectfully submitted this 15th day of July, 2020,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Defendant Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984-8876
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld

2

RECHT KORNFELD, P.C.
Attorney for Defendant Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, Colorado 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LLP
Attorney for Defendant Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN SANDERS LLP
Attorney for Defendant Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of July, 2020, I electronically filed the foregoing **DEFENDANTS' JOINT RESPONSE TO GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach