IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY, and
4.    ROGER BORN AUSTIN,

    Defendants.

## ORDER

This matter is before the Court on the Government's Motion for Alternative Victim Notification Under 18 U.S.C. § 3771(d)(2) [Docket No. 73] filed on July 6, 2020. Defendants collectively responded on July 15, 2020 and took no position on the government's motion. Docket No. 81 at 1.

The Crime Victims' Restoration Act ("CVRA") provides that victims of a crime have the right to "reasonable, accurate, and timely notice of any public court proceeding" involving the crime at issue, the right to "be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing," and the right "to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a). The CVRA requires the government to "make [its] best effort[] to see that crime victims are notified of, and accorded, the rights described in subsection (a)." 18 U.S.C.

§ 3771(c)(1).  "In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings."  18 U.S.C. § 3771(d)(2).  The CVRA "places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings."  *United States v. Bondarenko*, 2018 WL 1413972, at *2 (D. Nev. Mar. 21, 2018).

The government moves under 18 U.S.C. § 3771(d)(2) "for an order authorizing reasonable alternative notification procedures for notifying thousands of potential victims" in this case "on the grounds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a)."  Docket No. 73 at 1.  Specifically, the government represents that its investigation "has revealed thousands of potential victims" in this case and argues that it would be impracticable to provide personal notice to each potential victim.  *Id.* at 3. The Court finds that alternative notification procedures are appropriate in this case.

The government seeks an order authorizing victim notification by (1) publishing information about the case on the Department of Justice's publicly accessible website and (2) providing written notice to counsel for plaintiffs in a parallel civil action currently pending in the Northern District of Illinois: *In re Broiler Chicken Antitrust Litigation*, Case

No. 1:16-cv-08637 (N.D. Ill.) ("*In re Broilers*").[1]  Docket No. 73 at 1-2.  With respect to the website posting, the government states that it will provide a summary of the case and charge, information concerning victims' rights and services, the next scheduled hearing, the Victim Witness Coordinator's contact information, and other case-related updates.  *Id.* at 3-4.  In addition, the government indicates that it will provide notice to the *In re Broilers* plaintiffs by "send[ing] written notice to liaison counsel for the direct, indirect, and end-user purchaser plaintiffs as well as direct-action plaintiffs" in which it will provide information concerning victims' rights, the next scheduled hearing, and the Victim Witness Coordinator's contact information.  *Id.* at 3.

Having reviewed the government's proposed alternative victim notification plan, the Court finds that the government's proposal is a reasonable procedure that will give effect to the CVRA without complicating or prolonging the proceedings.  Wherefore, it is

**ORDERED** that the Government's Motion for Alternative Victim Notification

---

[1] The government states that, "[w]hile the allegations of the class action do not mirror the allegations contained in the indictment in this case, there is a degree of overlap between the allegations that could be indicative of shared potential victims." Docket No. 73 at 3.  Defendants respond that "the civil and criminal cases are based on fundamentally different theories" and assert that "it is unclear how notifying counsel for the plaintiffs in the civil action . . . would be a proper substitute for direct notice to 'potential victims.'" Docket No. 81 at 2.  But the CVRA does not require that the government's proposal act as a "substitute" for direct notice to all victims; rather, it requires "a reasonable procedure to give effect to [§ 3771] that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).  The Court finds that sending correspondence to lead counsel in a similar case, which may involve overlapping victims, is appropriate.  *See United States v. Citicorp*, 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (approving Department of Justice's plan to "provide reasonable, accurate, and timely notice to crime victims through its website" and through "letters to lead counsel for the plaintiffs in [related civil antitrust] lawsuits").

Under 18 U.S.C. § 3771(d)(2) [Docket No. 73] is **GRANTED**. It is further

**ORDERED** that the government may provide notice to the alleged crime victims by (1) publishing information about the case on the Department of Justice's publicly accessible website and (2) providing written notice to counsel for plaintiffs in *In re Broilers*, Case No. 1:16-cv-08637 (N.D. Ill.).

DATED July 20, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge