**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY, and
4.    ROGER BORN AUSTIN
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS,
10.   RICKIE PATERSON BLAKE,**

      Defendants.

---

**GOVERNMENT'S SUPPLEMENTAL MOTION TO DISCLOSE GRAND JURY
MATERIAL TO DEFENSE COUNSEL**

---

      The United States of America respectfully moves the Court, pursuant to Fed.
R. Crim. P. 6(e)(3)(E)(i), for an order authorizing the government to disclose grand
jury testimony to defendants and their attorneys, as part of discovery in this case, on
the terms and conditions outlined below.

      AS GROUNDS for this motion, the government states as follows:

      1.     Fed. R. Crim. P. 6(e), with various exceptions, prohibits the disclosure of
"matters occurring before the grand jury."

2.      Defense counsel has requested grand jury transcripts.

3.      Fed. R. Crim. P. 6(e)(3)(E)(i) allows for Court-authorized disclosure of matters occurring before a grand jury, when such disclosure is "preliminarily to or in connection with a judicial proceeding."

4.      The pending case against defendants is a "judicial proceeding" and the requested disclosure is "in connection with" such proceeding.  The government wishes to provide this discovery, but can do so only with the Court's approval and order.

5.      Because the grand jury proceedings (and the related transcripts and documents) remain secret, *see* Fed. R. Crim. P. 6(e), the government moves that disclosure be allowed only for purposes of defending this case, and such disclosure be made to defendants and their attorneys only; that such transcripts and exhibits be maintained in the defense attorneys' custody; that such materials shall not be reproduced or disseminated; and such materials be returned to the United States at the end of this case.

6.      On July 22, 2020, this Court granted the government's initial Motion to Disclose Grand Jury Material to Defense Counsel. (Dkt. 88). In granting the government's motion, the Court ordered that "the United States may disclose grand jury materials to the defendants and their attorneys in this case." On October 6, 2020, the grand jury returned a superseding indictment, adding six individual defendants to the first count and charging defendant Jimmie Little with two additional counts. (Dkt. 101). While the Court's July 22, 2020 order may be read to encompass the instant request, because of the addition of new defendants and defense counsel

2

since the time of that order the government hereby makes a supplemental motion out of an abundance of caution.

WHEREFORE, the government respectfully requests that the Court authorize the disclosure of grand jury testimony to defendants and their attorneys, in the due course of providing discovery in this case and on the terms and conditions outlined above.

Respectfully submitted this 16th day of November, 2020.

By:    *s/ Heather D. Call*
HEATHER D. CALL
Trial Attorney
United States Department of Justice
Antitrust Division
450 Fifth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 598-2623
E-mail: Heather.Call@usdoj.gov

*Attorney for the United States*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November 2020, I electronically filed the foregoing **GOVERNMENT'S SUPPLEMENTAL MOTION TO DISCLOSE GRAND JURY MATERIAL TO DEFENSE COUNSEL** with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record in the above-captioned matter.

By: s/ *Heather D. Call*
HEATHER D. CALL
Trial attorney
United States Department of Justice
Antitrust Division
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-2623
Email: Heather.Call@usdoj.gov

*Attorney for the United States*

4