IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

       Defendants.

**DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF
801(d)(2)(E) EVIDENCE AND REQUEST FOR *JAMES* HEARING**

All defendants, by and through undersigned counsel, respectfully move this Court to schedule and conduct a hearing in which the government is required to specifically identify each and every out-of-court statement by an alleged co-conspirator which it intends to offer at trial, pursuant to Federal Rule of Evidence 801(d)(2)(E), and to rule pretrial on the admissibility of these statements pursuant to *United States v. James*, 590 F.2d 575, 581-82 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979), and *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994).

1

**Introduction**

This case is a prime example for why a *James* hearing is necessary to ensure an orderly progression of the trial, avoid jury confusion, and guard against defendants suffering undue prejudice. Defendants face a Sherman Act charge where the crime is the agreement itself and where success or even overt acts are not elements of the offense. Accordingly, any statements the government seeks to have admitted against each defendant under Rule 801(d)(2)(E) as proof of their participation in the alleged agreement are of paramount importance, perhaps more so than with any other federal crime. The critical role this Court would play in conducting a *James* hearing is amplified by the dearth of non-Rule 801(d)(2)(E) evidence in this case. The government has not produced any direct evidence that any defendant rigged bids or fixed prices – no documents, emails, texts or recordings show that any unlawful agreement was reached. Instead, the documentary evidence provided in discovery to date amounts, at most, to evidence of information exchanges between competitors from which the government will ask the jury to infer that the charged agreement existed and that each defendant knowingly participated. Similarly, the reports of witness statements provided by the government to date suggest, at most, sporadic exchanges of information between competitors. Not a single witness has stated that the charged conspiracy existed.

Placing some guardrails on the government's use of Rule 801(d)(2)(E) statements through a *James* hearing is particularly important where the charge and the evidence show that the government's case against each of the ten defendants would rely so heavily on such statements. We anticipate that the government will seek to admit statements under Rule 801(d)(2)(E) – in relation to a wide range of bids and pricing decisions involving many

customers occurring over a seven-year period – to create a proverbial soup of supposed conspiratorial statements into which the government will ask the jury to pull in each defendant, irrespective of whether he had any involvement in those particular communications or even the customer or bid process at issue generally. The language of the Superseding Indictment itself also makes this clear, using a novel term in antitrust jurisprudence, "continuing network," to characterize the ordinary course business interactions as somehow nefarious and in furtherance of the sprawling agreement charged. Defendants are concerned that such a patchwork quilt of disparate "co-conspirator" statements could be used inappropriately to prop up the "continuing network" allegation as a means to make up for shortcomings in proof with respect to each of the ten defendants. A *James* hearing is therefore of particular importance in this case to avoid disruption at trial, jury confusion, undue prejudice, and deprivation of defendants' right to a fair trial.

## Argument

1. All defendants are charged in Count One of the Superseding Indictment with conspiracy to restrain trade in violation of 15 U.S.C. § 1. *See* Dkt. No. 101 at 2. In addition, Jimmie Lee Little is charged in Counts Two and Three with making false statements and obstruction of justice, in violation of 18 U.S.C. §§ 1001 and 1512(c)(2).

2. It is anticipated that the government will assert that defendants conspired with each other and with uncharged individuals in furtherance of the allegedly illegal activity in the Superseding Indictment and will seek to introduce such evidence at trial. The approximately 13.3 million documents produced by the government to date contain many thousands of statements by people the government may contend are alleged co-conspirators, charged and

uncharged.  The government has refused to identify who it alleges participated in the charged conspiracy beyond those few individuals mentioned in the Superseding Indictment.

      3.      In order for a co-conspirator statement to be admitted under Federal Rule of Evidence 801(d)(2)(E), the government must first prove the following by a preponderance of the evidence:

      a.      That a conspiracy existed;

      b.      That the speaker of the statement and the defendant against whom the statement is offered were members of the conspiracy; and

      c.      That the statement was made during the course of and in furtherance of the conspiracy.  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *see also James*, 590 F.2d at 582 (courts should "require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator").

      4.      A pretrial determination of admissibility of Rule 801(d)(2)(E) statements has been specifically preferred by the Tenth Circuit.  *See Urena*, 27 F.3d at 1491 ("The strongly preferred order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a '*James* hearing[.]'"); *United States v. Brewington*, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018).  By requiring the government to specifically identify each and every part of the alleged co-conspirator's statement, the Court can ensure uninterrupted presentation of testimony, orderly progression of the case, and avoidance of potential confusion in front of the jury during trial.  It will also ensure that defendants do not suffer undue prejudice if statements are provisionally admitted but later deemed to not meet Rule 801(d)(2)(E) requirements.  *Urena*, 27 F.3d at 1491.  Moreover, by following this procedure, the parties may be able to agree to

stipulate to the admission of certain statements while isolating statements that garner legitimate disagreement.

5. It is imperative that all parties, including the Court, be made aware of all statements that the government seeks to admit as alleged co-conspirator statements in advance of trial. Such a disclosure is particularly crucial in a case such as this, where the government has alleged a sprawling and disjointed seven-year conspiracy involving potentially dozens of individuals and companies in an industry with annual sales exceeding $25 billion. The allegations will likely precipitate a morass of co-conspirator statements because the indictment names ten defendants and there are potentially dozens of unnamed co-conspirators whose statements may be offered against defendants. If the Court provisionally admits these statements without first holding a *James* hearing, in the hope that the evidence will "connect up" during trial, defendants face a severe risk of undue prejudice. *Urena*, 27 F.3d at 1491; *see also Brewington*, 2018 WL 1411274, at *1. If the evidence is not "connected up," defendants will be prejudiced in front of the jury, who will have heard the inadmissible evidence. *See James*, 590 F.2d at 581-82.

6. Pretrial disclosure will allow the Court the requisite time and information to determine the existence and scope of the conspiracy and whether the statements qualify as co-conspirator statements. *United States v. Perez*, 989 F.2d 1574, 1579 (10th Cir. 1993) (courts must "carefully ascertain the nature and extent of a conspiracy in determining whether acts or statements can properly be viewed as made during its existence"). To establish the existence of a conspiracy, the government must prove to the Court by a preponderance of the evidence that (1) "there was an agreement to violate the law," (2) the defendant knew the "essential objectives

of the conspiracy," (3) "the declarant knowingly and voluntarily took part in the conspiracy," and (4) there was interdependence among co-conspirators. *United States v. Rutland*, 705 F.3d 1238, 1249 (10th Cir. 2013). Furthermore, any inference of an agreement "must be more than mere speculation or conjecture." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004).

7. Conducting a pretrial *James* hearing is especially important in this case because instead of describing a specific unlawful agreement, the government has described the alleged conspiracy as a "continuing network." This amorphous term is not a theory of criminal liability, but just a label the government has thrown over competitors who communicated with each other during the period charged in the Superseding Indictment, regardless of the content or purpose of the communications.

8. At a *James* hearing, the government will need to provide the Court an evidentiary basis for concluding that the disparate events alleged in the Superseding Indictment were conducted pursuant to a single, overarching agreement that each defendant knowingly joined. *See Rutland*, 705 F.3d at 1249-50. For example, the government will need to show that conversations among some individuals in 2013 about a fast food restaurant's request for reduced-weight chicken were linked under a single agreement to an email exchange three years later among entirely different individuals involving credit terms to a broadline food distributor. More broadly, the government will need to show *what* the agreement was that links all of the fourteen episodes described in the Superseding Indictment (and any others the government identifies), and that each defendant knowingly participated in it. It cannot simply assume the existence of an agreement. *See Delgado-Uribe*, 363 F.3d at 1083 ("speculation or conjecture" is not enough to

6

infer the existence of an agreement). It is no answer to say that members of a conspiracy need not be involved in all aspects of the conspiracy. That principle applies only *after* the government has shown there is a single conspiracy. Therefore, before purported co-conspirator statements related to these different incidents are admissible against all defendants, the government will need to provide proof that such a single, overarching conspiracy existed, that each defendant and the declarant knowingly joined it, and that the statement at issue was made in furtherance of that conspiracy. While defendants have sought clarity on these points in their Motions for Bill of Particulars (Dkt. Nos. 179, 180, 181, 183, 203, 204, 205, 206, 207, 208), the bill of particulars will only clarify what it is the government is alleging. More will be required to determine admissibility of co-conspirator statements. Pretrial disclosure will also advance the Court's interest in preventing "'attempts to broaden the already pervasive and wide-sweeping nets of conspiracy prosecutions'" by limiting the scope of Rule 801(d)(2)(E) statements. *Perez*, 989 F.2d at 1579 (citing *Dutton v. Evans*, 400 U.S. 74, 82 (1970)).

9.  To prepare fully and effectively for the *James* hearing, defendants respectfully request that the Court order the government to disclose in advance of the hearing all statements that it will seek to admit at trial under Rule 801(d)(2)(E), and the proffered evidentiary basis that the declarant and each defendant against whom admission is sought were a part of the *same* conspiracy and that the statement at issue was made in furtherance of *that* conspiracy. *See, e.g.*, *United States v. Brewington*, 2018 WL 1411274 (D. Colo. Mar. 21, 2018).

Accordingly, defendants respectfully request that this Court conduct a hearing pretrial on the admissibility of alleged co-conspirator statements and enter an Order requiring the government, in advance of the hearing, to identify and disclose all alleged co-conspirator

statements it will seek to admit at trial and the basis for their admission under Rule 801(d)(2)(E).

Dated:  February 16, 2021                                   Respectfully submitted,

/s/ *Michael F. Tubach*                                          /s/ *Richard K. Kornfeld*
Michael F. Tubach (Cal. Bar No. 145955)     Richard K. Kornfeld
O'MELVENY & MYERS LLP                        Recht Kornfeld, P.C.
Two Embarcadero Center, 28th Floor          1600 Stout Street, Suite 1400
San Francisco, CA 94111-3823                Denver, CO  80202
Telephone: 415-984-8700                     303-573-1900
Facsimile: 415-984-8701                     Fax: 303-446-9400
E-mail:  mtubach@omm.com                    Email: rick@rklawpc.com
*Attorneys for Defendant Jayson Jeffrey Penn*   *Attorneys for Defendant Mikell Reeve Fries*

/s/ *Bryan B. Lavine*                           /s/ *Michael S. Feldberg*
Bryan B. Lavine                             Michael S. Feldberg
Troutman Pepper Hamilton Sanders LLP        Reichman Jorgensen Lehman & Feldberg LLP
600 Peachtree Street, N. E., Suite 3000     750 Third Avenue, 24th Floor
Atlanta, Georgia 30308                      New York, New York 10017
404-885-3170                                212-381-4970
Fax: 404-962-6613                           Fax: 212-381-4971
Email: bryan.lavine@troutman.com            Email: mfeldberg@reichmanjorgensen.com
*Attorneys for Defendant Scott James Brady*   *Attorneys for Defendant Roger Born Austin*

/s/ *Elizabeth B. Prewitt*                      /s/ *James A. Backstrom*
Elizabeth B. Prewitt                        James A. Backstrom
Latham & Watkins LLP                        James A. Backstrom, Counsellor at Law
85 Third Avenue                             1515 Market Street, Suite 1200
New York, New York 10022                    Philadelphia, PA 19102-1932
Tel: 212-906-1200                           215-864-7797
Fax: 212-751-4864                           Email: jabber@backstromlaw.com
Email: elizabeth.prewitt@lw.com             *Attorney for Defendant William Vincent*
*Attorneys for Defendant Timothy R. Mulrenin*   *Kantola*

/s/ *Mark A. Byrne*                             /s/ *John A. Fagg, Jr.*
Mark A. Byrne (Cal. Bar No. 116657)         John A. Fagg, Jr.
BYRNE & NIXON LLP                           Moore & Van Allen PLLC
888 West Sixth Street, Suite 1100           100 North Tryon Street, Suite 4700
Los Angeles, CA 90017                       Charlotte, NC 28202
Telephone: 213-620-8003                     704-331-3622
Facsimile: 213-620-8012                     Fax: 704-378-2092
Email: markbyrne@byrnenixon.com             Email: johnfagg@mvalaw.com
*Attorneys for Defendant Jimmie Lee Little*   *Attorneys for Defendant William Wade Lovette*

| | |
|---|---|
| /s/ *Craig A. Gillen* | /s/ *Barry J. Pollack* |
| Craig A. Gillen | Barry J. Pollack |
| Gillen Withers & Lake, LLC | Robbins Russell Englert Orseck Untereiner & Sauber LLP |
| 400 Galleria Parkway, Ste 1920 | 2000 K Street N.W., 4th Floor |
| Atlanta, GA 30339 | Washington, DC 20006 |
| Telephone: (404) 842-9700 | 202-775-4514 |
| Facsimile: 404-842-9750 | Fax: 202-775-4510 |
| E-mail: cgillen@gwllawfirm.com | Email: bpollack@robbinsrussell.com |
| *Attorneys for Defendant Gary Brian Roberts* | *Attorneys for Defendant Rickie Patterson Blake* |

## CERTIFICATE OF SERVICE

  I hereby certify that on this 16th day of February, 2021, I electronically filed the foregoing **DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF 801(d)(2)(E) EVIDENCE AND REQUEST FOR *JAMES* HEARING** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

  *s/ Michael F. Tubach*
  Michael F. Tubach