IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## ORDER

---

This matter comes before the Court on Defendants' Joint Motion to Vacate Motion and Expert Disclosure Deadlines Pending the Court Setting a New Trial Date [Docket No. 255].  The predicate for the motion is the defendants' belief that General Order 2021-3 "continued all criminal jury trials in the District of Colorado, other than designated pilot trials."  *Id*. at 2.

The defendants' interpretation of General Order 2021-3 is mistaken.  General Order 2021-3 states, in part, that "effective March 1, 2021, all civil and criminal jury trials scheduled to commence before any district or magistrate judge in any courthouse in the District of Colorado are CONTINUED subject to further order of the presiding

judicial officer, with the exception of certain pilot trials as authorized by the chief judge." *See* General Order 2021-3. The effect of this order was not, as defendants claim, to "continue[] all criminal jury trials." Docket No. 255 at 2. Rather, a trial setting is vacated pursuant to the General Order only if the presiding judge issues a "further order" explicitly continuing the trial. Thus, any trial set before or after General Order 2021-3 remains set until a "further order" continues the trial or until such time as the chief judge determines which pilot trials will be designated that trial week. This has been the practice in the District since General Order 2020-10, issued on June 15, 2020.

No "further order" has vacated the trial in this case. No "further order" has vacated the current motions deadlines or expert disclosure deadlines in this case. Rather, this case is set for trial on August 2 and has been so set since November 17, 2020. Docket No. 198. Thus, the defendants' motion will be denied.

In denying the defendants' motion, the Court does not suggest that defendants lack good grounds to file a motion to exclude time and reset the trial. The discovery is voluminous and more documents have been produced recently. Docket No. 255 at 3. Moreover, with ten defendants, it may be reasonable to set the trial for more than ten days. However, defendants have not filed such a motion[1] and, until they do, and until the Court rules on it, the pretrial motion deadlines and the August 2, 2021 trial date remain. Such a motion would provide an appropriate basis to discuss when defendants would be prepared to file pretrial motions and make expert disclosures, when

---

[1] Defendants' Motion for a Status Conference [Docket No. 235] was not a motion for ends of justice exclusion, even though the motion suggested that the Court set a new trial date. The motion did not suggest by what authority the Court could reset the trial without excluding time.

defendants will be ready for trial, for how long the trial should be set, and any objections that the United States has to the motion.

Wherefore, it is

**ORDERED** that Defendants' Joint Motion to Vacate Motion and Expert Disclosure Deadlines Pending the Court Setting a New Trial Date [Docket No. 255] is denied.  It is further

**ORDERED** that Defendants' Motion for a Status Conference [Docket No. 235] is denied.

DATED April 28, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge