IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

### ORDER

---

This matter comes before the Court on Defendants' Motion to Address the Department of Justice's Interference with Defendants' Right to Present Their Defense [Docket No. 304].

The superseding indictment charges each of the defendants in Count One with restraining trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and charges defendant Jimmie Lee Little in counts two and three with making false statements in violation of 18 U.S.C. § 1001 and obstructing justice in violation of 18 U.S.C. § 1512(c)(2).  *See* Docket No. 101.  Shortly after the filing of the superseding indictment, Pilgrim's Pride Corporation ("PPC"), a chicken supplier that employed

defendants Jayson Penn, Roger Austin, Jimmie Little, and William Lovette during all or part of the charged dates of the conspiracy, was indicted in a separate case "for its role in the same conspiracy." See Docket No. 364 at 3.  PPC subsequently pled guilty.  See *United States v. Pilgrim's Pride Corporation*, No. 20-cr-330-RM, Docket No. 58 (D. Colo. Feb. 23, 2021).  Pursuant to PPC's plea agreement, "employees" may not make a public statement that contradicts the factual basis of the plea agreement.  See Docket No. 304-1 at 22-23.  Defendants argue that this plea agreement interferes with their ability to mount a defense and, as a result, seek discovery into whether PPC "has suggested [to] its employees not speak to the defense" and further ask the Court to require the government to "stipulate that witnesses are free to speak to any party and that the [government] will not seek to punish truthful testimony even if it contradicts" the plea agreement.  See Docket No. 304 at 10.

To demonstrate that the government has violated a defendant's due process rights to mount a defense regarding witnesses' decisions whether to talk to the defense or to testify, a defendant must show that the government has substantially interfered with a witness's choice.  See *United States v. Serrano*, 406 F.3d 1208, 1216 (10th Cir. 2005).  To do so, the government must "actively discourage[] a witness from testifying through threats of prosecution, intimidation, or coercive badgering."  *Id.*  A witness's representation by counsel, however, significantly cautions against a finding that the government has unduly interfered with a witness's decision to testify or speak to defense counsel.  *Id.*

The Court finds that both of defendants' requests are unnecessary.  As relevant here, PPC's plea agreement states the following:

> The defendant expressly agrees that it will not, through current or future attorneys, directors, officers, employees, agents, or any other person authorized by the defendant to speak on its behalf, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the defendant set forth above or the facts contained in the Factual Basis section of this Plea Agreement.  Any such contradictory statement will . . . constitute a violation of this Plea Agreement . . . .  The decision whether any public statement by any such person contradicting the facts contained in the Factual Basis section of this Plea Agreement was made on behalf of the defendant for the purposes of determining whether it has violated this Plea Agreement will be at the sole discretion of the United States . . . .  This paragraph does not apply to any statement made by any current or future director, officer, employee, or agent of the defendant in the course of any criminal, regulatory, or civil case initiated against such an individual, unless such an individual is speaking on behalf of the defendant.  This paragraph does not affect the obligation of any person . . . to testify truthfully as required by Paragraph 14 of this Plea Agreement.

*See* Docket No. 304-1 at 22-23.  Additionally, paragraph fourteen states that "employees of" PPC must provide "full, truthful, and continuing cooperation."  *Id.* at 14.  Defendants contend that, although the plea agreement allows a defendant in this case or someone responding to inquiries from the United States to contradict the factual basis of the plea agreement, a potential witness for the defense has no such protection.  *See* Docket No. 304 at 3.  As a result, they believe that the plea agreement is "substantially interfering with witnesses' decisions whether to talk to the defense and will interfere with their decision whether and how to testify."  *Id.* at 10.  Specifically, defendants are concerned that a PPC employee, before speaking to the defense, "must decide whether to speak to the defense knowing that Pilgrim's is barred from contradicting the Factual Basis."  *Id.* at 2.  Defendants further fear that the government

3

has the unilateral right to "punish the employer of potential witnesses for their truthful testimony," which will "chill employees' willingness to testify or speak with the defense." *Id.* at 3.

The plain language of the plea agreement, however, does not bar an employee of PPC from talking to defendants or from contradicting the plea agreement. The plea agreement states that only those employees "authorized by [PPC] to speak on its behalf" are barred from contradicting the factual basis of the plea agreement. *See* Docket No. 304-1 at 22. Additionally, even if someone might be authorized to speak on PPC's behalf in certain circumstances, if that person is speaking in a personal capacity, he or she is not required to conform to the factual basis in the plea agreement when making his or her statement. As a result, defendants' fear that an employee's "truthful testimony can be retroactively and unilaterally attributed to Pilgrim's," Docket No. 304 at 12, is unwarranted.

Even if there were some ambiguities concerning the plea agreement, the government has confirmed that the plea agreement "is intended to address only public statements by individuals when they are speaking on behalf of or representing the company. This provision does not apply to statements made by individuals in their personal capacity. In our view, employees are free to speak with whomever they choose, provided that those communications are consistent with court orders."[1] Docket

---

[1] Defendants seem to imply, without explanation, that the addition of "consistent with court orders" is an attempt to chill the speech of potential witnesses. *See* Docket No. 304 at 10. However, as the government notes, *see* Docket No. 364 at 4 n.1, there may be orders, such as no-contact orders, that might prevent an employee from speaking with individual defendants separate from the plea agreement.

4

No. 304-3 at 2.  As the government further explains, "when defense attorneys interview an employee as part of their investigation, if that employee merely provided his or her own factual recollections, such speech would not normally be deemed to be 'authorized by' Pilgrim's [] to 'speak on its behalf.'"  Docket No. 364 at 9.  If a potential employee is concerned that he or she is unable to speak freely with defense counsel, defense counsel can show that employee the government's letter that clearly states that the employee is permitted to speak freely with the defense.  Given the plain language of the plea agreement and the government's assurances that employees may speak with defense counsel, the government cannot be "actively discouraging" testimony such that it is substantially interfering with defendants' ability to put on a defense.  *See Serrano*, 406 F.3d at 1216.  This is particularly true where, as here, the employees appear to be represented by counsel, *see id.*, who can advise the employees of the documents discussed in this Order.  *See* Docket No. 304-5 at 1.  As such, a stipulation that goes farther than the government's letter is unnecessary.

The Court also finds that it is inappropriate to order discovery into whether PPC has pressured any employee into not cooperating with defendants.  First, a potential witness has the right to decline to be interviewed by a defendant.  *See United States v. Pinto*, 755 F.2d 150, 152 (10th Cir. 1985).   Defendants offer only speculation that PPC has pressured an employee not to speak with the defense.  Second, PPC's interpretation of the plea agreement is the same as the Court's and the government's – so long as the employee is not authorized to speak on behalf of PPC and is not so speaking, the employee is able to contradict the facts in the plea agreement.  *See*

Docket No. 304-3 at 3.  As further reassurance, PPC has stated that it "has not discouraged and will not discourage individual employees from speaking with counsel for" defendants.  See Docket No. 304-5 at 1.  PPC has recommended that employees consult counsel before speaking with defendants, but there is nothing inappropriate regarding that request, particularly when PPC has offered to provide contact information for any employee's counsel.  Id.  Given that (1) there is nothing other than speculation that PPC has discouraged employees from speaking with defendants, (2) the government's letter confirms employees are permitted to speak with defendants, and (3) PPC's interpretation conforms with the government's and PPC has been willing to cooperate with defendants in providing counsel's contact information, the Court will deny defendants' request to order discovery.

It is therefore

**ORDERED** Defendants' Motion to Address the Department of Justice's Interference with Defendants' Right to Present Their Defense [Docket No. 304] is **DENIED**.

DATED September 14, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge