IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

      Defendants.

## UNITED STATES' REPLY IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO OFFER SEVEN ADDITIONAL EXHIBITS INTO THE *JAMES* HEARING RECORD

The government respectfully submits this reply, per the Court's order of September 21, 2021, ECF No. 508, in further support of its motion for leave to offer seven additional exhibits into the *James* hearing record, ECF No. 501.

While preparing for trial, the government discovered that the seven exhibits at issue were omitted from the *James* log and promptly filed a motion to offer them into the *James* hearing record. The government's exhibit list—which will include the seven exhibits on the alternative theory that they are opposing-party statements under Rule

801(d)(2)(A) admissible against defendant Roger Austin (Ex. 2-334) and defendant Ric Blake (Exs. 2-335 through 2-340)—is not due until October 6, 2021, and trial does not begin until October 25, 2021. The government of course regrets any inconvenience to the Court, but the defendants have ample time both to review and to prepare a defense in response to the exhibits.[1]

The defendants' claims of Confrontation Clause violations, and "extreme" and "severe" prejudice, ring hollow. The Confrontation Clause is generally considered a "trial right" and is not susceptible to violation before or after trial. *See United States v. LaVallee*, 439 F.3d 670, 692 (10th Cir. 2006). Moreover, the admission of co-conspirator statements at trial do not violate a defendant's right to confront his accusers. *United States v. Yurek*, 925 F.3d 423, 437 (10th Cir. 2019). As such, the defendants' inability to cross-examine SA Taylor at a pre-trial evidentiary hearing regarding the admissibility of co-conspirator statements cannot violate the Confrontation Clause. In any event, absent a stipulation, the government intends to offer the exhibits through a sponsoring witness and the defendants will have an opportunity to cross-examine that witness at trial.

Furthermore, the defendants are not unfairly prejudiced by their inability to cross-examine SA Taylor or by any lack of briefing on the Rule 801(d)(2)(E) issues raised by the exhibits. In the Tenth Circuit, *James* hearings, while favored, are not required in the

---

[1] The defendants characterize the seven exhibits as being around 500 pages in length, and while technically true, the government was clear with pin cites in its motion that there are only a few dozen pages containing handwritten competitor prices in Exhibits 2-335 through 2-340.

first place. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648-49 (10th Cir. 1998). In lieu of a *James* hearing, the Court "may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, *i.e.*, that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). It follows that neither pre-trial cross-examination of SA Taylor nor pre-trial briefing are required. Even so, the defendants dedicated almost four full pages of its pre-trial filing to discussing the Rule 801(d)(2)(E) issues they claim they are deprived of briefing, ECF No. 503 at 5-8, a fact that belies their claims of prejudice.

    As to the Rule 801(d)(2)(E) issues, the government explained in its motion why the statements meet the rule's requirements. The defendants' arguments to the contrary lack merit. The defendants are incorrect that there is "nothing impermissible" about competitor price exchanges and therefore such actions could not further the conspiracy. ECF No. 503 at 6-7. *See, e.g.*, *Todd v. Exxon Corp.*, 275 F.3d 191, 198-99 (2d Cir. 2001) ("Information exchange is an example of a facilitating practice that can help support an inference of a price-fixing agreement."). It depends on context. *See United States v. Perez*, 989 F.2d 1574, 1578-79 (10th Cir. 1993) (in furtherance determination "must be made by examining the context" in which the statement was made). As explained in the government's motion, in the context of this case, competitor price exchanges furthered the conspiracy by, among other things, facilitating monitoring adherence to the conspiratorial agreement.

    The government intends to establish at trial that the relevant pages of Exhibits 2-

335 through 2-340 contain Blake's handwriting by comparing it to a known sample of his handwriting. *See* FED. R. EVID. 901(b)(4); *United States v. Chandler*, 5 Fed. App'x 839, 846-47 (10th Cir. 2001).[2] Attachment A to this filing is an image of the known handwriting sample side-by-side with an image of Exhibit 2-335. The similarity is self-evident.

Regardless, Rule 801(d)(2)(E) does not require the declarant to be identified, as long as the declarant was a member of the conspiracy. *See, e.g.*, *United States v. Zuniga-Perez*, 69 Fed. App'x 906, 913 (10th Cir. 2003); *United States v. El-Mezain*, 664 F.3d 467, 506 (5th Cir. 2011); *United States v. Martinez*, 430 F.3d 317, 326 (6th Cir. 2005); *United States v. Smith*, 223 F.3d 554, 570 (7th Cir. 2000); *United States v. Dynalectric Co.*, 859 F.2d 1559, 1582 (11th Cir. 1988).

Here, the circumstantial evidence shows the declarant was a member of the conspiracy. The exchange of current competitor prices during the relevant time period is part of a repeating pattern in this case,[3] one which furthered the conspiracy by allowing, at the very least, the conspiracy members to monitor each other's adherence to the conspiratorial agreement. Therefore, the declarant in Exhibits 2-335 to 2-340 was more likely than not a member of the conspiracy, which is all that is required for purposes of Rule 801(d)(2)(E).

In sum, the government's motion to offer seven additional exhibits into the *James*

---

[2] The government anticipates calling a witness to testify that the known handwriting sample was collected directly from Blake before he retired. The government may offer the known sample at trial, at least against Blake under Rule 801(d)(2)(A).
[3] *E.g.*, Exs. 2-058, 2-059, 2-063, 2-066, 2-068, 2-072, 2-086, 2-212, 2-215, 2-227, 2-234, 2-235, 2-292.

hearing record, ECF Nos. 501, 502 (corrected version), should be granted because the exhibits are highly relevant and their admission will not unfairly prejudice the defendants.

DATED: September 23, 2021			Respectfully submitted,

/s/ Michael Koenig
MICHAEL T. KOENIG
HEATHER D. CALL
CAROLYN L. SWEENEY
PAUL J. TORZILLI
Trial Attorneys
U.S. Department of Justice - Antitrust Division
450 Fifth Street NW, Suite 11300
Washington D.C. 20530
Tel: (202) 476-0435
michael.koenig@usdoj.gov