IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO TAKE JUDICIAL NOTICE OF CERTAIN FACTS

The government respectfully moves the Court to take judicial notice of facts relating to time data, namely, the conversion of Coordinated Universal Time (UTC) to time zones in the United States, and the dates that marked the transition between Standard Time and Daylight-Saving Time for the years 2011 through 2019. The government sought stipulations from the defendants but the parties have been unable to reach a resolution. Although the defendants may stipulate at some point before trial, the government seeks judicial notice now to put what should be a non-controversial issue to rest.

Under Federal Rule of Evidence 201, the Court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take notice of such facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Daylight-Saving Time (DST) is established by federal statute, which was last amended in 2005, and which took effect in 2007. 15 U.S.C. § 260a, *last amended* Pub. L. 109-58 § 110. Many of the records the government will seek to introduce at trial are e-mails, toll records, and other records that contain time stamps, many of which were produced to the government in Coordinated Universal Time (UTC). To streamline the trial and reduce the need for testimony on uncontroverted facts, the government respectfully asks the Court to take judicial notice of the translation of UTC to the time zones throughout the United States for the years 2011 through 2019, including taking judicial notice of the fact of, and timing of DST.

Specifically, the government asks that the Court take notice of the following facts to become part of the evidentiary record at trial:

1. For the years 2011 through 2019, local standard times in the United States were offset from Coordinated Universal Time (UTC) by a set number of hours. Eastern Standard Time (EST) was 5 hours behind UTC; Central Standard Time (CST) was 6 hours behind UTC; Mountain Standard Time (MST) was 7 hours behind UTC; and Pacific Standard Time (PST) was 8 hours behind

UTC. DST was observed throughout the United States except in Hawaii, Arizona (with the exception of the Navajo Nation), American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the U.S. Virgin Islands. *See* National Institutes of Standards and Technology for records on official time in the United States https://time.gov (listing time zones for the United States, including the time differential between each time zone and UTC).

2. For the years 2011 through 2019, where DST was observed in the United States, DST began the second Sunday of March, and lasted until the first Sunday of November. 15 U.S.C. § 260a. The dates DST began and the dates DST ended for the years 2011 through 2019 are set forth in the table below.

| Year | DST began | DST ended |
|------|-----------|-----------|
| 2011 | March 13  | November 6 |
| 2012 | March 11  | November 4 |
| 2013 | March 10  | November 3 |
| 2014 | March 9   | November 2 |
| 2015 | March 8   | November 1 |
| 2016 | March 13  | November 6 |
| 2017 | March 12  | November 5 |
| 2018 | March 11  | November 4 |

| 2019 | March 10 | November 3 |

3. For the years 2011 through 2019, the transition to and from DST and Standard Time was governed by statute. 15 U.S.C. § 260a. At 2:00 a.m. local time on the date DST began, local time moved forward 1 hour to 3:00 a.m. *Id.* At 2:00 a.m. local time on the date DST ended, local time moved back 1 hour to 1:00 a.m. *Id.* As a result, during DST, Eastern Daylight Time (EDT) was 4 hours behind UTC; Central Daylight Time (CDT) was 5 hours behind UTC; Mountain Daylight Time (MDT) was 6 hours behind UTC; and Pacific Daylight Time (PDT) was 7 hours behind UTC. *Id.*, *see also* National Institutes of Standards and Technology, Local Time FAQs, https://www.nist.gov/pml/time-and-frequency-division/local-time-faqs (explaining the hours when the transition occurs between daylight savings time and standard time in the United States).

District courts in the Tenth Circuit have taken judicial notice of the type of time-zone information the government asks the court to take notice of here. *See, e.g., United States v. Moreno Coronado*, CR No. 16-3076-JCH, 2919 WL 208070 at *2 n.1 (D. N.M. Jan. 15, 2019) (taking judicial notice that times in GMT, or Greenwich Mean Time, were seven hours ahead of Mountain Time, the time zone of Albuquerque, New Mexico); *Gustavson & Assoc., LLC v. Skyland Petroleum Pty Ltd.*, 17-cv-03017-RBJ, 2018 WL 1566837, at *5 (D. Colo. Mar. 30, 2018) (taking judicial notice of the time difference between Sydney, Australia and Denver, Colorado as 17 hours; and that the time

difference was 19 hours in November 2014, when Sydney was on daylight savings time and Denver was on standard time); *Pinnacle Packaging Co., Inc. v. Constantia Flexibles GMBH*, 12-cv-537-JED-TLW, 2015 WL 921685, at *2 (N.D. Okla. Dec. 17, 2015) (taking judicial notice of the fact of time differences between the Northern District of Oklahoma, Germany, and Austria).

## CONCLUSION

The United States respectfully requests a ruling granting its request that the Court take judicial notice of the conversion of UTC to time zones in the United States, as described above.

Respectfully submitted this 29th day of September 2021.


By: /s/ Michael Koenig

Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov