IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANT JAYSON PENN'S MOTION IN LIMINE TO PROHIBIT THE USE OF MR. PENN'S NAME AS SHORTHAND FOR THE CASE TITLE**

Defendant Jayson Penn, by and through undersigned counsel, respectfully submits this Motion in Limine to Prohibit the use of Mr. Penn's Name as Shorthand for the Case Title.

**INTRODUCTION**

The Superseding Indictment charges ten defendants with a conspiracy to restrain trade in violation of the Sherman Act. Super. Ind. (Doc. 101 ¶¶ 1-2). Of those ten individuals, Jayson Penn is listed first in the charging document. *Id*. As a result, both the Court and the government have adopted "United States vs. Penn et al." as shorthand for the case. *See, e.g.*, *James* Hr'g Tr. 4:14-16 ("The matter before the Court is United States of America versus Jayson Jeffrey Penn

1

and others."); *id.* at 142:16-17 ("We are back on the record in the Penn matter[.]"); Dkt. No. 1:20-cr-00152-PAB.

Away from the jury, that shorthand may be reasonable. In the presence of the jury, it would be exceedingly prejudicial to Mr. Penn. Mr. Penn is not the highest-ranking executive among the ten charged defendants, nor is his name first alphabetically. His name apparently appears first in the Superseding Indictment simply because he was the highest-ranking executive among the four defendants charged in the original indictment in June 2020. The use of Mr. Penn's name as shorthand for a ten-defendant case would constantly remind the jury of Mr. Penn's name alone, wrongly convey that Mr. Penn is at the center of the charged conspiracy, and make him seem more culpable than the other Defendants. And if the government *did* order the Defendants in the Superseding Indictment to reflect the government's view of the relative culpability of the Defendants, such a decision is not evidence and would send an improper signal to the jury.

As a matter of fairness and to avoid undue prejudice, the Court should preclude the government from using Mr. Penn's name as shorthand for the case while in front of the jury, or in materials submitted to the jury. Mr. Penn also respectfully requests that neither the Court nor any courtroom personnel reference the case as "United States v. Penn et al." (or any other similar shorthand) while in front of the jury. Instead, Mr. Penn respectfully requests that the Court, court personnel, and the government refer to the case simply by the case number when before the jury (*e.g.*, "Calling case number 20-152."). Similarly, materials submitted to the jury should refer only to the case number.

**ARGUMENT**

Unfair prejudice exists when a trial "tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *See United States v. Aranda-Diaz*, 31 F. Supp. 3d 1285, 1290 (D.N.M. 2014). That is exactly what will happen here if the government or the Court uses Mr. Penn's name as shorthand for the case in front of the jury. References to "United States v. Penn et al." (or any other similar shorthand) would highlight Mr. Penn to the exclusion of other Defendants, and for no reason other than his name appearing first in the Superseding Indictment. It would wrongly suggest Mr. Penn is the "lead" wrongdoer involved in the charged activity and would threaten grave prejudice by "adversely affect[ing] the jury's attitude" on grounds unrelated to Mr. Penn's "guilt or innocence." *Id*.

In the face of this prejudice, the Court has the inherent power to manage the essential aspects of trial and ensure fairness to all litigants. "The power of district courts to manage their dockets is deeply ingrained in [the Tenth Circuit's] jurisprudence" and reflects the "great discretion regarding trial procedure applications (including control of the docket and parties)" afforded to district courts. *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010) (quotation omitted). Other courts have employed that power to prevent the use of one defendant's name as shorthand for a multi-defendant case, precisely because any other approach would greatly prejudice that defendant. *See, e.g.*, Order Re: October 7, 2014 Final Pretrial Conference and Motion Hearing at 7, *United States v. Carmen*, No. 2:14-cr-00052-WFN (E.D. Wash. Oct. 9, 2014), ECF No. 38 (granting motion in limine to prevent the use of one defendant's name as shorthand for the multi-defendant case). The Court should exercise its

3

power and reach the same result, precluding the use of Mr. Penn's name as shorthand for the case in front of the jury.

## CONCLUSION

For the reasons discussed above, the Court should preclude the government from referencing Mr. Penn's name as a shorthand for the case title while in front of the jury or in materials submitted to the jury. Mr. Penn also respectfully requests that the Court and any courtroom personnel avoid doing the same. Instead, Mr. Penn respectfully requests that the Court, court personnel, and the government refer to the case simply by the case number before the jury and in materials submitted to the jury (*e.g.*, "Calling case number 20-152.").

Dated:  October 1, 2021

Chad David Williams
Jacqueline Ventre Roeder
Davis Graham & Stubbs LLP-Denver
1550 17th Street
Suite 500
Denver, CO 80202
303-892-9400
Fax: 303-893-1379
Email: chad.williams@dgslaw.com
Email: jackie.roeder@dgslaw.com

Respectfully submitted,
 *s/ Michael F. Tubach*
Michael F. Tubach (Cal. Bar No. 145955)
Anna T. Pletcher (Cal. Bar No. 239730)
Brian P. Quinn (D.C. Bar No. 1048323)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701
E-mail:  mtubach@omm.com
          apletcher@omm.com
          bquinn@omm.com

*Attorneys for Defendant Jayson Jeffrey Penn*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach