IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.   RICKIE PATTERSON BLAKE,<br><br>    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS JAYSON JEFFREY PENN, ROGER BORN AUSTIN,
JIMMIE LEE LITTLE, AND WILLIAM WADE LOVETTE'S JOINT MOTION
IN LIMINE TO EXCLUDE REFERENCES TO OR EVIDENCE ABOUT
PILGRIM'S PRIDE'S PARENT COMPANIES**

Defendants Jayson Penn, Roger Austin, Jimmie Little, and William Lovette, by and through undersigned counsel, respectfully submit this Motion in Limine to Exclude References to or Evidence About Pilgrim's Pride's Parent Companies.

**INTRODUCTION AND BACKGROUND**

JBS S.A., a Brazilian company, and its U.S. subsidiary, JBS USA Holdings, Inc. (collectively, "JBS"), own Pilgrim's Pride, the former employer of Mr. Penn, Mr. Austin, Mr. Little, and Mr. Lovette. Although JBS is not a party to this or any other broiler-chicken case,

1

it was a defendant in civil and criminal proceedings related to other food products.[1] Senior JBS executives served Brazilian prison sentences stemming from their time at JBS.[2] And JBS recently was the victim of a high-profile ransomware attack that impacted meat prices in the United States.[3]

The Court should exclude references to and evidence about JBS, including its nationality, its controversies, or anything else about the company. In addition to being irrelevant, any evidence about JBS risks unfair prejudice and jury confusion.

## LEGAL STANDARD

Evidence is relevant only when it "make[s] a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note). "The term 'unfair prejudice,' as to a criminal defendant, speaks to

---

[1] *E.g.*, *In re Pork Antitrust Litig.*, No. 18-cv-1776 (D. Minn.) (Dkt. 752) (order granting preliminary approval of settlement between plaintiffs and JBS in pork price-fixing class action case); L. Magalhaes & P. Kiernan, *JBS Parent to Pay $3.2 Billion to Settle Corruption Investigations in Brazil*, Wall St. J. (May 31, 2017), https://www.wsj.com/articles/jbs-parent-to-pay-3-16-billion-to-settle-corruption-charges-in-brazil-1496232139?mod=article_inline.

[2] *Brazil Court Commutes Prison Sentence of Former JBS CEO Batista to House Arrest*, Reuters (Feb. 20, 2018), https://reut.rs/2Cxuh0t.

[3] J. Bunge, *JBS Paid $11 Million to Resolve Ransomware Attack*, Wall St. J. (June 9, 2021), https://www.wsj.com/articles/jbs-paid-11-million-to-resolve-ransomware-attack-11623280781.

the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id*. The Court "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

## ARGUMENT

### I. Evidence About JBS Is Irrelevant.

The Court should exclude references to or evidence about JBS because it is irrelevant to these proceedings. Neither JBS nor any of its officers are parties in this case. And the government does not allege that JBS played any role in the alleged price fixing or bid rigging. Accordingly, references to or evidence about JBS would not assist the jurors in evaluating Defendants' guilt. *Day v. Kraft Foods Glob., Inc.*, No. 06-2022-JPO, 2007 WL 9724116, at *3 (D. Kan. July 16, 2007) (excluding as irrelevant evidence about companies related to defendant because they "are [not] parties to this case"); *see also Salopek, Tr. for Salopek Fam. Heritage Tr. v. Zurich Am. Life Ins. Co.*, No. 18-CV-00339 JAP/CG, 2020 WL 6047593, at *4 (D.N.M. Oct. 12, 2020) (granting motion to exclude "evidence regarding Defendant's parent company" as "irrelevant under Federal Rule of Evidence (Rule) 401"); *Hodgson v. Wis. Cent. Ltd.*, No. 19-CV-15-JDP, 2020 WL 3251187, at *6 (W.D. Wis. June 16, 2020) (same).

### II. References to Controversies Involving JBS Are Highly Prejudicial.

References to controversies involving JBS—including (1) JBS's role in other food product litigation, (2) criminal charges against it or its senior executives in foreign countries, and (3) its recent ransomware attack—would severely prejudice Mr. Penn, Mr. Austin, Mr. Little, and Mr. Lovette, while serving only to waste the Court's time and confuse the jury.

3

Evidence about other lawsuits, controversies, or bad acts can push juries into believing that a defendant is a bad person who deserves punishment based on behavior completely irrelevant to the charged conduct—jurors can "easily" rely on that evidence to "say[] 'You know, these . . . guys deserve to lose every single lawsuit.'" *Gaige v. SAIA Motor Freight Line, LLC*, 672 F. App'x 787, 791 (10th Cir. 2016) (affirming a district court's decision to exclude evidence about a prior lawsuit under Rule 403). That risk becomes even more pronounced when the evidence relates to a non-party parent entity. *Rockwell Graphics Sys., Inc. v. Dev Indus., Inc.*, No. 84 C 6746, 1992 WL 249618, at *3 (N.D. Ill. Sept. 25, 1992) (excluding any reference to parent company's "criminal convictions because admission of the convictions would be prejudicial, confusing to the jury, and of no probative value").

Accordingly, courts regularly exclude evidence about other lawsuits or legal proceedings. *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1335 (D. Colo. 2020) (granting motion in limine to preclude references to other lawsuits); *Martensen v. Koch*, No. 13-CV-02411-REB-CBS, 2015 WL 332694, at *2 (D. Colo. Jan. 26, 2015) (same). And courts also exclude evidence of out-of-court controversies that cast defendants in a "bad light." *See, e.g.*, *D.C. v. Hasratian*, No. 1:14-CV-00175-JNP-EJF, 2018 WL 9991273, at *1 (D. Utah Jan. 26, 2018) (excluding even somewhat probative evidence as unfairly prejudicial when it cast the party "in a bad light"); *In re Norplant Contraceptive Prods. Liab. Litig.*, No. MDL 1038, 1997 WL 81087, at *1 (E.D. Tex. Feb. 21, 1997) (excluding evidence of "Negative Media Stories" because "under Rule 403, the court finds that the probative value of evidence of

negative media stories . . . is substantially outweighed by the danger of unfair prejudice").[4]

JBS-related evidence is also prejudicial because it would confuse the jury and waste the Court's time. The jury will hear about a large number of companies in the broiler-chicken industry. Introducing another food-supply corporation—a foreign entity without any connection to the conduct charged here—would distract from the issues and likely require Defendants to introduce evidence about JBS's corporate structure, Defendants' tangential relationship to JBS, and the unrelated nature of JBS's controversies, "sidetrack[ing] the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998). Under those circumstances, courts regularly exclude evidence as prejudicial. *See FDIC v. Clark*, 768 F. Supp. 1402, 1413-14 (D. Colo. 1989), *aff'd*, 978 F.2d 1541 (10th Cir. 1992) ("The court has the responsibility to control introduction of evidence that injects collateral issues into the case, or matters that would confuse the jury and not be helpful on the point involved."); *Am. Furukawa, Inc. v. Hossain*, No. 14-CV-13633, 2016 WL 6276018, at *4 (E.D. Mich. Oct. 27, 2016) (excluding evidence of other lawsuits against defendant's company because "the undue delay caused by discussing fifty, unrelated lawsuits substantially outweighs their minimal probative value").

### III.     References to JBS's Nationality Are Irrelevant and Highly Prejudicial.

The Court should separately bar the government from referencing JBS's foreign

---

[4] Moreover, evidence about JBS's civil settlements, *e.g.*, *In re Pork Antitrust Litig.*, No. 18-cv-1776 (D. Minn.) (Dkt. 752), is barred by Federal Rule of Evidence 408. "[T]he risks of prejudice and confusion entailed in receiving settlement evidence are such that often . . . the underlying policy of Rule 408 require[s] exclusion even when a permissible purpose can be discerned." *Equal Emp. Opportunity Comm'n v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1546 (10th Cir. 1991) ("[W]hen the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." (quotation omitted)).

citizenship. The location of a non-party's corporate headquarters does not make it "more or less probable" that Defendants engaged in the conduct alleged. It could, however, prejudice Defendants by inflaming biases against foreigners. *See, e.g.*, *Ben-Trei Overseas, L.L.C. v. Gerdau Ameristeel US, Inc.*, No. 09-CV-153-TCK-TLW, 2010 WL 1541641, at *7 (N.D. Okla. Apr. 16, 2010) (excluding an expert report that created the implication that "Defendants must be liable because their parent company is based in South America and not in the United States"); *In re Heparin Prod. Liab. Litig.*, MDL No. 1953, 2011 WL 1059660, at *10-11 (N.D. Ohio Mar. 21, 2011) (noting that courts "repeatedly exclude" nationality evidence "because the risk of racial or ethnic stereotyping is substantial" through "appeal[s] to bias, guilt by association and even xenophobia" (quotation omitted)).

## CONCLUSION

For the reasons discussed, the Court should preclude the government from referencing or introducing evidence about Pilgrim's Pride's parent companies.

Dated: October 1, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

6

<table>
<tr><td>

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

</td><td>

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach