HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
MEGAN T. HOPKINS, CA Bar #294141
ERIN M. SNIDER, CA Bar #304781
Assistant Federal Defenders
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
CONRADO VIRGEN MENDOZA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIK QUIROZ RAZO, aka Erick Razo Quiroz, CONRADO VIRGEN MENDOZA, ERASMO VILLEGAS SUAREZ, and MARIA LUISA MORENO,<br><br>Defendants. | Case No. 1:19-cr-00015-DAD-BAM<br><br>DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES AND JUROR QUESTIONNAIRE; ORDER |

Defendants Erik Quiroz Razo, Conrado Virgen Mendoza, Erasmo Villegas Suarez, and Maria Luisa Moreno hereby move this Court for an order: (1) awarding the defendants four extra peremptory challenges, as authorized under Federal Rule of Criminal Procedure 24(b)(2); and (2) approving a juror questionnaire to aid the parties in identifying potential jurors who harbor biases against undocumented immigrants or who have seen, heard, or read any of the media coverage surrounding this case. The government does not object to the defendants' request for additional peremptory challenges or to the juror questionnaire attached as Exhibit A to this motion.

**Exhibit A**

**I.   This Court Should Exercise Its Discretion to Grant the Defendants Additional Peremptory Challenges.[1]**

The Sixth Amendment requirement that a defendant be afforded a fair trial by an impartial jury is "fundamental to the American justice system." *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). The primary purpose of peremptory challenges is to help "secure the constitutional guarantee of trial by an impartial jury." *United States v. Martinez-Salazar*, 528 U.S. 304, 315 (2000).

Federal Rule of Criminal Procedure 24(b)(2) provides for six peremptory challenges for the government and ten peremptory challenges for the defense as a base line number. Fed. R. Crim. P. 24(b)(2). Rule 24, however, provides that the "court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Fed. R. Crim. P. 24(b). The decision of whether to award additional peremptory challenges "rests in the trial court's discretion." *United States v. McClendon*, 782 F.2d 785, 787 (9th Cir. 1986), *overruled on other grounds by United States v. Garrett*, 179 F.3d 1143 (9th Cir. 1999).

In this case, the defendants jointly request that this Court grant four additional peremptory challenges, for a total of fourteen, with six such challenges to be exercised jointly and the remaining eight to be exercised individually (two per defendant). Additional peremptory challenges are necessary to ensure the defendants receive an impartial jury in this case. The defendants each have their own respective defense theories and, consequently, will have different concerns during the voir dire process. The defendants also believe that additional peremptory challenges will help to address concerns over pretrial media coverage. *See United States v. Salad*, Case No. 2:11cr34, 2013 WL 12203461, at * (E.D. Va. Mar. 29, 2013) ("Prejudicial pretrial media coverage may be a reason to grant additional peremptory challenges to the

---

[1] After originally agreeing to seven peremptory challenges per defendant, the government withdrew from that agreement at the trial confirmation hearing and indicated that it would leave this matter to the discretion of the Court. The defendants have conferred with counsel for the government, who have indicated that they do not oppose the defendants' request for four additional peremptory challenges.

defendants, while holding the government to a smaller allotment." (citing *United States v. Haldeman*, 559 F.2d 31, 79 (D.C. Cir. 1976))). An additional four peremptory challenges in a four-defendant case is in line with what other district courts have granted. *See United States v. Rodriguez-Landa*, Case No. 2:13-cv-00484-CAS, 2019 WL 653853, at *19 (C.D. Cal. Feb. 13, 2019) ("The Court hereby grants defendants five additional challenges, one per defendant in this trial. Combined with the ten peremptory challenges provided by Rule 24(b)(2), defendants may now exercise a total of fifteen challenges. Defendants may divide these challenges as they wish."); *United States v. Marr*, Case No. 14-cr-00580-PJH, 2017 WL 1540815, at *7 (N.D. Cal. Apr. 28, 2017) (granting an additional two peremptory challenges to the defendants in a four-defendant case); *United States v. Smith*, Case No. CR 14-1362-TUC-JAS (LAB), 2016 WL 2587989, at *1 (D. Ariz. May 5, 2016) (granting an unopposed motion for additional peremptory challenges, which requested an additional two peremptory challenges per defendant, for a total of eighteen peremptory challenges, and an additional four peremptory challenges for the government); *United States v. Dimora*, Case No. 1:10CR387, 2011 WL 5361129, at *8 (N.D. Ohio Oct. 31, 2011) (granting the defendants fourteen peremptory challenges and the government eight peremptory challenges in a two-defendant case); *Haldeman*, 559 F.2d at 79 (D.C. Cir. 1976) (upholding the district court's award of "five extra challenges to be exercised individually, one to each defendant").

Accordingly, for the reasons set forth above, the defendants jointly request that this Court award them an additional four peremptory challenges, for a total of fourteen peremptory challenges, with such six challenges to be exercised jointly and the remaining eight challenges to be exercised individually (two per defendant).

**II.   The Proposed Juror Questionnaire Will Aid the Parties in Identifying Potential Jurors Who Should Be Stricken For Cause.**

During the August 28, 2019 pretrial conference, the Court expressed concern over the number of questions in the parties' proposed juror questionnaire. The parties have worked together to rewrite the questionnaire and reduce the number of questions to three in order to address the Court's concern. Attached as Exhibit A to this motion is the revised questionnaire,

1  which has been approved by all parties, including the government.  Upon approval of the
2  questionnaire, counsel for defendant Conrado Virgen Mendoza is available to make copies of the
3  questionnaire and deliver those copies to chambers for disbursement to potential jurors.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | HEATHER E. WILLIAMS<br>Federal Defender |
| Date: September 3, 2019 | */s/  Erin M. Snider*<br>MEGAN T. HOPKINS<br>ERIN M. SNIDER<br>Assistant Federal Defenders<br>Counsel for Conrado Virgen Mendoza |
|  | */s/ Barbara Hope O'Neill*<br>BARBARA HOPE O'NEILL<br>Counsel for Erik Quiroz Razo |
|  | */s/ Willard P. Bakeman*<br>WILLARD P. BAKEMAN<br>Counsel for Maria Luisa Moreno |
|  | */s/ Serita Rios*<br>SERITA RIOS<br>Counsel for Erasmo Villegas Suarez |

**O R D E R**

GOOD CAUSE APPEARING, the Court hereby grants the defendants' joint motion for additional peremptory challenges and juror questionnaire. The Court awards the defendants an additional four peremptory challenges, for a total of fourteen peremptory challenges, with six such challenges to be exercised jointly and the remaining eight to be exercised individually (two per defendant). The Court also approves the proposed juror questionnaire, which is attached as Exhibit A to the motion. Counsel for defendant Conrado Virgen Mendoza is hereby ordered to make ninety copies of the questionnaire and deliver it to chambers no later than Friday, September 6, 2019, at noon.

IT IS SO ORDERED.

Dated: **September 4, 2019**      /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE

-5-