IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

      Defendants.

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
## OF CONSUMER LOSS OR HARM

Defendants respectfully submit this motion in limine to exclude evidence of alleged losses or harms to end consumers resulting from the charged conspiracy. The Court should exclude evidence of alleged (1) prices paid by end consumers of chicken products, (2) other harm to consumers, and (3) losses to any other downstream, indirect purchasers of chicken products.

Any argument or evidence of alleged losses to downstream consumers, whether quantified by the Government or not, would unfairly prejudice Defendants. Moreover, Defendants have no meaningful opportunity to rebut claims of loss because the Government has not disclosed any

1

claim or proof of loss, which would require expert econometric testimony both to prove and rebut.

## ARGUMENT

**I.  EVIDENCE OR CLAIMS OF ALLEGED HARM OR LOSS TO END CONSUMERS OR OTHER INDIRECT PURCHASERS IS NOT RELEVANT AND IS UNFAIRLY PREJUDICIAL.**

### A.  Evidence of End Consumer Harm or Loss Is Not Relevant.

Evidence is relevant only if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401-02. The Government's position has been that evidence of alleged harm to downstream purchasers fails this test.[1] The Government argued at the outset that this case is "quite straightforward, both factually and legally" and that the Court need not consider consumer harm or anything else beyond the elements of the offense. Doc. 68 at 7-8. Harm is not an element of a *per se* Sherman Act offense. *See id.* at 8; 15 U.S.C. § 1. For that reason, this Court should exclude evidence of harm or loss to end consumers or other indirect purchasers.

### B.  Evidence of Consumer Loss or Harm is Highly Prejudicial.

Even if evidence of harm or loss were relevant to the charged conspiracy, this Court should preclude evidence or claims of alleged consumer harm or loss to downstream purchasers of chicken

---

[1] The Government has relied upon *United States v. Reicher* to argue that "bid rigging is a *per se* violation" and is "illegal **without elaborate inquiry as to the precise harm [] caused** . . . ." Doc. 415 at 10 (quoting *United States v. Reicher*, 983 F.2d 168, 170 (10th Cir. 1992)) (emphasis added). In addition, it has asserted that the jury can "condemn categorically price-fixing conspiracies among competitors as unlawful restraints **without further inquiry**." Doc. 415 at 31 (emphasis added). Defendants have challenged the Government's reliance on the *per se* standard as unwarranted and unconstitutional in separate briefings. *See, e.g.*, Doc. 308 at 13 n.3; Doc. 309 at 13-14. If, however, the Court nonetheless permits application of the *per se* rule in this case, necessarily, evidence regarding harm to consumers is irrelevant and unduly prejudicial.

2

products, because such claims would create a "danger of . . . unfair prejudice, confusing the issues and misleading the jury." Fed. R. Evid. 403.  Courts have barred references to harm or loss when neither is an element of the charged offense.  *See, e.g.*, *SEC v. Goldstone*, No. CIV 12-0257, 2016 U.S. Dist. LEXIS 96776, at *54 (D.N.M. June 21, 2016) (excluding evidence of loss to investors because the evidence would have unfairly prejudiced the defendants by making "a conviction more likely [by] provok[ing] an emotional response from the jury"); *United States v. Rand*, 3:10-cr-182, 2011 U.S. Dist. LEXIS 119831, at *14-15 (W.D.N.C. Oct. 14, 2011); *SEC v. Ustian*, No. 16 C 3885, 2020 U.S. Dist. LEXIS 14092, at *55-56 (N.D. Ill. Jan. 26, 2020).  In those circumstances, the risk of prejudice is so great that it warrants exclusion of the evidence.  *See United States v. Young*, 952 F.2d 1252, 1258 (10th Cir. 1991) (affirming Rule 403 ruling where the evidence allegedly supporting the claim was "so remote and the prejudicial effect greatly outweighs any possible probative value"); *see also United States v. Aguilar-Aranceta*, 58 F.3d 796, 800-02 (1st Cir. 1995) (evidence of prior conviction should have been excluded when its probative value was too attenuated).

For example, in *Rand*, the court excluded evidence of the loss that the defendant caused a bank in the context of charged offenses of wire fraud and making false statements to a bank.  2011 U.S. Dist. LEXIS 119831, at *7, *14.  The defendant in *Rand* had moved in limine to exclude evidence of the bank's alleged loss, which the prosecution had argued showed the defendant's knowledge and intent.  *Id.* at *8.  Excluding the evidence, the court held that whatever "marginally" probative value the alleged harm had in proving intent was "substantially outweighed by the danger of jury confusion."  *Id.* at *15; *see also RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp. 3d 1327, 1341 (D. Colo. 2020) (Brimmer, C.J.) (stating that "even if the

3

evidence is relevant" to an element, "allowing the jury to hear [the] evidence . . . runs the risk of prejudicing defendants").  In *Ustian*, the court excluded evidence of investor loss following a stock price drop in a case alleging securities fraud, because loss was not an element of the charged offense and would prejudice the defendants by "engender[ing] sympathy for th[e] individual investor" who allegedly suffered loss.  2020 U.S. Dist. LEXIS 14092, at *56.  The court also concluded that the evidence would prejudice the defendants and "would confuse the issues, inserting questions of loss causation into the analysis." *Id.* at *56.

Evidence or argument of harm or loss to downstream consumers—which the Government contends is irrelevant and which is not an element of the charged offense—creates significant risks of inflaming the jury, which would likely include those who feel personally affected or those who would speculate whether they suffered a loss.  This kind of evidence or argument invokes a golden-rule appeal, which "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *See Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)).  Substantial and unfair prejudice to Defendants is inescapable.

## II.   DUE PROCESS AND THE RIGHTS TO CONFRONTATION AND A FAIR TRIAL REQUIRE EXCLUSION OF CLAIMS OR EVIDENCE OF HARM OR LOSS.

Prejudice to Defendants is compounded by the fact that Defendants have no practical way to rebut a claim of harm or loss.  The Government has produced no discovery or filed any pleadings regarding the amount of loss or who allegedly suffered loss, and the Government has not proffered proposed expert testimony about loss or harm.  The Constitution "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690

(1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). If faced with an undisclosed Government claim of consumer loss or harm through argument or evidence, Defendants will be without rebuttal proof, whether by way of expert opinion or otherwise, denying them the opportunity to present a complete defense.

Under these circumstances, inflammatory comments or evidence about consumer harm or loss would constitute a constitutional deprivation of due process and the rights of confrontation and to a fair trial. *See Viereck v. United States*, 318 U.S. 236, 247 (1943) (prosecutor "prejudiced petitioner's right to a fair trial" by making an "appeal wholly irrelevant to any facts or issues in the case, the purpose and effect of which could only have been to arouse passion and prejudice").[2]

## CONCLUSION

For the foregoing reasons, the Court should preclude the Government's making any reference in argument or testimony or presenting any evidence of losses or harm to end consumers or other downstream, indirect purchasers purportedly resulting from the alleged conspiracy.

Dated: October 1, 2021   Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

---

[2] *See also United States v. Rios*, 611 F.2d 1335, 1342 (10th Cir. 1979) (reversing conviction, in part, because prosecutor's statements drawing inferences for which there was no factual support constituted prejudicial error).

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.