IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on the United States' Motion for Leave to Offer Seven Additional Exhibits into the *James* Hearing Record [Docket No. 502[1]], Defendant Timothy Mulrenin's and Brian Roberts' Motion for Leave to File a Supplemental Response and Objection to the Government's *James* Submission [Docket No. 516], the United States' Motion for Leave to Respond in Opposition to Defendants Roberts' and Mulrenin's Motion for Leave [Docket No. 548], Defendant Timothy

---

[1] The government's first motion, Docket No. 501, contained a typographical error for the date of one of the exhibits, which Docket No. 502 corrects. Accordingly, the Court will consider Docket No. 502 to be the operative motion and deny Docket No. 501 as moot.

Mulrenin's and Brian Roberts' Motion to Strike Government's Response in Opposition to Defendants Roberts' and Mulrenin's Motion for Leave [Docket No. 551], and defendants' Motion to Strike Agent Taylor's *James* Hearing Testimony [Docket No. 536].

## I. Motion for Leave to Offer Seven Additional Exhibits

The government asks the Court to permit it to file seven additional exhibits that it neglected to include in its original *James* log. Docket No. 502. The government argues that each exhibit satisfies the standards of Rule 801(d)(2)(E). *Id.* at 5. However, the government did not include these exhibits in its original log and defendants were not able to cross-examine Special Agent Taylor about them at the *James* hearing. Accordingly, the motion is untimely and the Court will deny it.

## II. Motions Pertaining to Special Agent Taylor's Testimony and Carl Pepper

Defendants Timothy Mulrenin and Brian Roberts filed a motion for leave to file a supplemental response and objection to the government's *James* submission [Docket No. 516]. The Court will grant Mr. Mulrenin and Mr. Roberts leave to file the supplemental response.[2]

Defendants argue that the government put Mr. Pepper's credibility at issue during the James hearing. Docket No. 516-1 at 2. But, as noted by the United States in its response, Mr. Roberts and Mr. Mulrenin, not the government, attempted to interject the issue of Mr. Pepper's credibility into the hearing. The government did not base the requested admission of emails regarding Mr. Pepper on statements that Mr. Pepper made to the FBI. Moreover, the Court has not relied in its James order on testimony by

---

[2] The Court will also grant the government leave to respond. Docket No. 548.

Special Agent Taylor regarding such statements. The Court will therefore overrule any objection and deny any motion made in Docket No. 516-1. Moreover, Mr. Mulrenin and Mr. Roberts' motion to strike, Docket No. 551, will be denied. The issue of placing documents under restriction will be discussed at the trial preparation conference.

### III. Motion to Strike Special Agent Taylor's Testimony

Defendants filed a Motion to Strike Agent Taylor's *James* Hearing Testimony [Docket No. 536]. The government responded. Docket No. 547. The government admits that it failed to disclose Special Agent Taylor's July 28, 2021 grand jury testimony before the *James* hearings, where he was the government's sole witness. *Id.* at 1-2. Defendants argue that this failure to disclose Special Agent Taylor's July 28 testimony violated Fed. R. Crim. P. 26.2 and that, as remedy, the Court must strike Special Agent Taylor's *James* hearing testimony. *Id.* Rule 26.2 states:

> (e) Sanction for Failure to Produce or Deliver a Statement. If the party who called the witness disobeys an order to produce or deliver a statement, the court must strike the witness's testimony from the record. If an attorney for the government disobeys the order, the court must declare a mistrial if justice so requires.
>
> . . . .
>
> (g) Scope. This rule applies at trial, at a suppression hearing under Rule 12, and to the extent specified in the following rules:
>     (1) Rule 5.1(h) (preliminary hearing);
>     (2) Rule 32(i)(2) (sentencing);
>     (3) Rule 32.1(e) (hearing to revoke or modify probation or supervised release);
>     (4) Rule 46(j) (detention hearing); and
>     (5) Rule 8 of the Rules Governing Proceedings under 28 U.S.C. § 2255.

Fed. R. Crim. P. 26.2(e), (g). There are two problems with defendants' argument. First, defendants do not identify a Court order requiring the disclosure of Jencks Act material.

*See* Docket No. 536 at 5. Second, Rule 26.2 does not, by its terms, apply to *James* hearings. The rule states that it applies to a "trial," a "suppression hearing under Rule 12," and "to the extent specified," to a preliminary hearing, sentencing, hearing to revoke or modify probation or supervised release, detention hearing, and proceedings made under Rule 8 of the rules governing 28 U.S.C. § 2255 proceedings. Fed. R. Crim. P. 26.2(g). Defendants' argument for an expansive reading of the rule has no foundation in the language of the rule.

## IV. CONCLUSION

It is therefore

**ORDERED** that the United States' Motion for Leave to Offer Seven Additional Exhibits into the *James* Hearing Record [Docket No. 501] is **DENIED as moot**. It is further

**ORDERED** that the United States' Motion for Leave to Offer Seven Additional Exhibits into the *James* Hearing Record [Docket No. 502] is **DENIED**. It is further

**ORDERED** that Defendant Timothy Mulrenin's and Brian Roberts' Motion for Leave to File a Supplemental Response and Objection to the Government's *James* Submission [Docket No. 516] is **GRANTED**. It is further

**ORDERED** that Defendant Timothy Mulrenin's and Brian Roberts' Supplemental Response and Objection to the Government's *James* Submission [Docket No. 516-1] is **DENIED**. It is further

**ORDERED** that the United States' Motion for Leave to Respond in Opposition to Defendants Roberts' and Mulrenin's Motion for Leave [Docket No. 548] is **GRANTED**.  It is further

**ORDERED** that Defendant Timothy Mulrenin's and Brian Roberts' Motion to Strike Government's Response in Opposition to Defendants Roberts' and Mulrenin's Motion for Leave [Docket No. 551] is **DENIED**.  It is further

**ORDERED** that defendants' Motion to Strike Agent Taylor's *James* Hearing Testimony [Docket No. 536] is **DENIED**.

DATED October 5, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge