IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

## UNITED STATES' PROPOSED *VOIR DIRE*

The government, through its undersigned counsel, hereby submits the following *voir dire* questions for the jury trial against the Defendants Penn, Fries, Brady, Austin, Mulrenin, Kantola, Little, Lovette, Roberts, and Blake, if they are not otherwise covered by the Court's typical inquiries:

**General Information**

1. Please state your name and town where you live.

2. Are you married?  If so, what does your spouse do?

3. Do you have any children?  If so, what are their ages, genders, and occupations?

4. What grade of education did you complete?

5. Do you hold any college degrees and, if so, what degrees?

6. Where have you been employed for the past 10 years?

    a. What type of work do you do presently?

    b. Do you supervise people? If yes, how many?

7. Are you a member of any clubs, community, civil organizations?

    a. If so, what are the organizations?

    b. Have you ever been an officer of any of the organizations that you named?

8. Have you ever been a juror in a trial before? If yet:

    a. When and in what court?

    b. Was it a criminal or civil matter? What was the nature of the crime or the cause of action?

    c. Did the jury reach a verdict?

    d. Did you serve as the foreperson?

9. In a civil case, the burden is a preponderance of the evidence, while in a criminal case, the burden of proof is upon the government to prove the case beyond a reasonable doubt. If you served on a civil jury previously, do you understand that beyond a reasonable doubt is a higher burden of proof?

10. Have you ever been a defendant in a criminal case or had a family member or close friend who was a defendant in a criminal matter? If yes

    a. Who?

    b. What was the charge?

    c. When?

    d. What happened with the case?

        i. Did you (or they) plead guilty or not guilty?

        ii. Did the case go to trial? A jury trial or a court trial? What was the outcome of the trial?

        iii. Were you or they satisfied with the criminal justice process? Why or why not?

    e. Was there anything about that experience that would prevent you from being fair and impartial if selected to serve on the jury in this case? If yes, why?

11. Have you ever been called as a witness in a trial? If yes,

    a. When and in what court?

    b. What type of case was it?

12. Have you, a family member, or someone close to you ever been involved in a lawsuit or civil action involving the United States Government or one of its agencies or departments? If yes, please explain the nature of the matter. Does anything about that experience affect your ability to be fair and impartial in this case?

13. Are you or have you been employed by the federal government or have family members or close friends who are so employed? If yes, who and with what agency?

14. Do you have any undue hardship that would affect your ability to give your full attention to this trial?
15. What magazine and websites do you subscribe to or routinely read?
16. Is there any religious, moral, ethical, or other reason why you would be unable to render judgment in this case?
17. Do you know any of the lawyers in this case or the defendants? Do you know the judge or any of the courtroom staff? Do you know any of the other members of the jury panel?

**General Legal Principles**

18. This case may require that you draw inferences as to a person's state of mind based on evidence of that person's conduct. Is there any reason why you feel that you cannot or should not do that?
19. If the government proves that a defendant is guilty beyond a reasonable doubt, do you have any views or beliefs or feelings that would cause you to hesitate to convict a defendant?
20. Is there anyone who would require the Government to prove its case to overcome every possible doubt, as opposed to beyond a reasonable doubt, before you could vote "guilty?"
21. Would you be able to fairly and impartially assess the evidence in this case and render a verdict without consideration as to the type of sentence or punishment which ultimately may be imposed as a result of your verdict?

22. If one or more of the instructions on the law given to you by the Court are in conflict with your own personal beliefs, or if you disagree with any one of the Judge's instructions, will you still abide by the Court's instructions on the law and put your own personal beliefs aside?
23. Will you abide by the Judge's instructions on the law and apply the law to the facts?

**Case Specific**

1. Does the fact that this trial involves the broiler chicken industry affect your ability to be fair and impartial in this case?
2. Do you think commercial farming of chicken for human consumption is inappropriate or morally wrong? If so, will that affect your ability to be fair and impartial in this case?
3. Have you, a close friend, or a family member ever worked in the broiler chicken, agriculture, restaurant, grocery, or related industries? If so, please explain. Will that experience affect your ability to be fair and impartial in this case?
4. Under the Antitrust laws, individuals can be held liable for crimes they commit in the course of their work. Does that fact affect your ability to be fair and impartial?
5. Have you read or heard anything about this case prior to today? Have you read or heard any public statements or news articles addressing collusion or concentration in the meat-processing industry? If so, will what you read or heard affect your ability to be fair and impartial in this case?

6. Have you, your relatives or your close friends even been the victim of and antitrust crime, such as price fixing or bid rigging, or been the victim of fraud? If so, will that experience affect your ability to be fair and impartial in this case?
7. Can you be fair and impartial to witness testimony, remembering that they are real people recalling events that happened some time ago, even if other witnesses may have different recollections?
8. The witnesses in this case may include law enforcement personnel, including special agents and analysts of the FBI or the U.S. Department of Commerce Office of Inspector General. Would you be more likely to believe or to disbelieve a witness merely because he or she is a law enforcement officer?
9. The Government's case involves a criminal investigation conducted by the Federal Bureau of Investigation, the U.S. Department of Commerce Office of Inspector General, and the U.S. Department of Agriculture Office of Inspector General. Do you believe their involvement in the case would somehow affect your ability to be a fair and impartial juror? If so, please explain the nature of your concern and why you think it may affect your ability to be fair.
10. You may also hear testimony in this case from witnesses who the government has agreed not to prosecute pursuant to an agreement in exchange for their testimony. Will you be able to consider testimony from those witnesses fairly and impartially?
11. Do you have any concerns about evidence obtained by law enforcement agents recording conversations without telling the individual they're being recorded?

    a. Would you be able to consider testimony from those law enforcement witnesses fairly and impartially?

    b. Would evidence gathered in this way prevent you from fairly judging that evidence?

12. Do you have any concerns about evidence obtained in the course of an investigation by using search warrants to get documents or to copies of cell phones?

    a. Would you be able to consider testimony from law enforcement witnesses about seized evidence fairly and impartially?

    b. Would the presentation of seized evidence prevent you from fairly judging that evidence?

Dated: October 6, 2021    Respectfully submitted,

/s/ Michael Koenig  
MICHAEL KOENIG  
HEATHER CALL  
CAROLYN SWEENEY  
PAUL TORZILLI  
Antitrust Division  
U.S. Department of Justice  
450 Fifth Street NW, Suite 11048  
Washington D.C. 20530  
Tel: (202) 616-2165  
michael.koenig@usdoj.gov  
Attorneys for the United States