IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN,
5.    TIMOTHY R. MULRENIN,
6.    WILLIAM VINCENT KANTOLA,
7.    JIMMIE LEE LITTLE,
8.    WILLIAM WADE LOVETTE,
9.    GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

      Defendants.

---

**RESPONSE OF DEFENDANTS PENN, FRIES, BRADY, AUSTIN, MULRENIN, KANTOLA, LITTLE, LOVETTE AND ROBERTS TO THE GOVERNMENT'S MOTION TO REQUIRE DEFENDANT BLAKE TO PROVIDE EXPERT DISCLOSURES BY A DATE CERTAIN AND TO REQUIRE DEFENDANTS TO COMPLY WITH EXPERT DISCLOSURE OBLIGATIONS AND MOTION TO STRIKE**

---

As to Defendants Penn, Fries, Brady, Austin, Mulrenin, Kantola, Little, Lovette, and Roberts, the Government's motion, Doc. No. 620, is little more than a thinly-veiled attempt to relitigate its opposition to Defendants' proposed economic evidence and experts, particularly Professor Snyder, at a time when the Government surmises the Court may be considering the Government's pending motions.

The Government admits it has twice raised objections to Professor Snyder and the other

1

disclosed experts—first, in a motion to exclude Defendants' proffered expert testimony (Doc. No. 299); and second, in a motion *in limine* to exclude all evidence, including expert evidence, about what it inaccurately describes as evidence regarding anti-competitive harm from, and pro-competitive justifications for, the charged conspiracy (Doc. No. 567).   Defendants' proposed economic evidence is neither.

Nevertheless, the Government tries for one more bite at the apple.   Although framed as a motion about Mr. Blake's expert and disclosures about that expert, the Government dedicates most of its five pages to the testimony of Professor Snyder and other experts and to arguing why it believes such testimony should be excluded.   Doc. No. 620 at 3-5.   The Government restates arguments made in its prior briefing.   *Compare* Doc. No. 299 at 7 (arguing that Professor Snyder's testimony is irrelevant) and Doc. No. 567 at 3-4, *with* Doc. No. 620 at 3-5.   Indeed, the Government makes no effort to hide its re-argument of these same points as it cites to its prior motion to exclude the expert testimony.

The Government also falsely, and purposefully, conflates all Defendants.   The Government complains "[t]the defendants have provided no information regarding Dr. Sengupta's ability to serve as an expert witness in this case" and argues "defendants will seek to introduce through Dr. Sengupta. . . ."   (Doc. No. 620 at 3).   The "defendants" are doing nothing of the kind.   As counsel for Mr. Blake made clear to the Government before it filed this motion, Dr. Sengupta is the witness for one and only one defendant—Mr. Blake.   *See* Exhibit A (October 8, 2021 email from counsel for Mr. Blake to counsel for the government:  "Ms. Sengupta, if called, will be called by Mr. Blake. Mr. Blake has no disclosure obligations with respect to Ms. Sengupta.  Rule 16(b)(1)(C)(i) requires a defendant to disclose expert witnesses only if the defendant requested disclosure under Rule

16(a)(1)(G).  Mr. Blake did not request such disclosure.").

The Court should strike all discussion of the "defendants" and Professor Snyder and the other experts' anticipated evidence because it is irrelevant to the Government's motion, which is about *disclosure* from Mr. Blake.  *See McDonald v. J.P. Morgan Chase Bank, N.A.*, No. 12-cv-02749, 2015 U.S. Dist. LEXIS 5173, at *4-5 (D. Colo. Jan. 14, 2015).  Further, the Court should strike the Government's arguments as an impermissible supplemental brief or sur-reply circumventing this Court's page limits for motions (Criminal Practice Standards, Section III.A). *See Core Progression Franchise LLC v. O'Hare*, No. 21-cv-0643, 2021 U.S. Dist. LEXIS 63471, at *1 n.2 (D. Colo. Apr. 1, 2021) (striking brief as an unauthorized sur-reply or supplemental brief).

## CONCLUSION

Defendants Penn, Fries, Brady, Austin, Mulrenin, Kantola, Little, Lovette, and Roberts respectfully request that the Court strike all portions of the Government's motion that mentions or discusses the "defendants" and the evidence to be offered through Professor Snyder and other disclosed experts.

Dated:  October 13, 2021

Respectfully submitted,

s/James P. McLoughlin, Jr.
James P. McLoughlin, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

s/ Michael F. Tubach
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

_s/ James P. McLoughlin, Jr._