**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:20-cr-00152-PAB

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. **JIMMIE LEE LITTLE,**
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

   Defendants.

**DEFENDANT JIMMIE LITTLE'S TRIAL BRIEF**

1

Defendant Jimmie Little, by and through his counsel, respectfully submits his trial brief. Defendants have contemporaneously filed a Joint Trial Brief and Mr. Little incorporates those arguments herein by reference.

## I. The Government Will Be Unable to Establish that Mr. Little Joined the Alleged Conspiracy

The Superseding Indictment alleges that Mr. Little along with nine co-defendants and other co-conspirators engaged in a continuing conspiracy to rig bids and fix prices for broiler chicken products beginning as early as 2012 and continuing through at least early 2019. (Dkt. 101 ¶ 1.) The Superseding Indictment describes fourteen separate episodes that allegedly constitute the means and methods of the conspiracy, yet it argues a broader and seemingly more wide-reaching conspiracy than those fourteen episodes. (*Id*. ¶¶ 47-143.) It is unclear from the Superseding Indictment how the fourteen distinct episodes are related to a single conspiracy involving all the defendants. In fact, the fourteen episodes involve different groups of individuals, customers, and bids. Mr. Little is identified in only three of the fourteen identified episodes. (*Id*. ¶¶ 66-70; 77-83; 87-107.) The Superseding Indictment alleges that he was a Sales Director at Pilgrim's and started working at the company in approximately 2000. (*Id*. ¶ 18.) Mr. Little left the poultry industry when he retired in 2016.

To demonstrate that an individual agreed to conspire, the Government must prove the individual had a conscious commitment to a common scheme designed to achieve an unlawful objective. *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984). He must know the essential objectives of the conspiracy and knowingly and voluntarily become a part of it. *United States v. Horn*, 946 F.2d 738, 741 (10th Cir. 1991). "Mere exchanges of information,

even regarding price," are neither illegal nor indicative of conspiracy, much less a conspiracy covering many products and individuals over the course of many years. *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 859 (10th Cir. 1999).

Mr. Little is not aware of any direct evidence that he knowingly entered into an agreement with anyone to rig bids or fix prices. At most, there is evidence that at times he was in possession of information related to a competitor's prices or may have shared information related to Pilgrim's prices with a competitor. Without evidence of an illegal agreement, it is not sufficient to establish that he was part of a conspiracy to rig bids and fix prices.

**II.     The Court Should Exclude Certain Testimony Related to Pollo Tropical**

The Government's Witness List includes Joseph Brink. Mr. Brink is the Chief Procurement Officer, and previously he was the Vice President of Purchasing, for Fiesta Restaurant Group, Inc. In those roles, he was responsible for negotiating with chicken suppliers for the purchase of broiler chicken products for Pollo Tropical restaurants. On October 14, 2021, the Government sent an e-mail to counsel for Defendants with "a production made by Pollo Tropical" that included contracts and confidentiality agreements between Pollo Tropical and certain chicken suppliers. The Government did not indicate when it received the production, or what prompted the production.

Based on the production, it appears that the Government may seek to elicit testimony from Mr. Brink that suppliers discussing Pollo Tropical violated the confidentiality agreements. Any evidence of the confidentiality agreements between Pollo Tropical and its suppliers, and any testimony that suppliers violated the agreements is irrelevant under Federal Rules of Evidence

401. Even if relevant, it should be excluded under Federal Rules of Evidence 403.[1] Fed. R. Evid. 403 (providing for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.")

The issue to be determined by the jury is whether Mr. Little entered a conspiracy to fix prices for the sale of broiler chicken products, not whether he breached a confidentiality agreement with Pollo Tropical. Testimony regarding any confidentiality agreement, therefore, is irrelevant to the issue in the case, is unfairly prejudicial, and would cause undue delay at trial. Any such testimony also will confuse and mislead the jury regarding the elements of a conspiracy under the Sherman Act, resulting in unfair prejudice to Mr. Little. Defendants previously moved to exclude evidence of corporate compliance policies and codes of conduct in part because a jury could wrongly conflate the internal guidelines, and the suggestion that Defendants failed to comply with them, with proof that Defendants violated the Sherman Act. (Dkt. #527.) The Court granted the motion noting "those are not standards by which the jury will need to assess the charge in this case." (Dkt. #603 at 6-7.) Similarly, if Mr. Brink testifies the confidentiality agreements forbid suppliers from discussing Pollo Tropical, it could lead the jury to conflate a breach of contract with a violation of the Sherman Act. Even if there was some probative value offered by the testimony, it would be substantially outweighed by its potential for unfair prejudice and should be excluded.

---

[1] In addition, such testimony would constitute 404(b) evidence of other wrongs or acts that has not been noticed by the Government. *See* Fed. R. Evid. 404(b)(3) (requiring notice of other wrongs or acts evidence).

### III. The Jury Instruction for Obstruction of Justice Should Incorporate the Instruction for False Statements

The Superseding Indictment also charges Mr. Little with False Statements (18 U.S.C. § 1001) ("Count Two") and Obstruction of Justice (18 U.S.C. § 1512(c)(2)) ("Count Three"). (Dkt. 101 ¶¶ 146-149, 150-151.)  In Count Two, the Government alleges that on August 31, 2020, Mr. Little was interviewed by federal agents in Fort Worth, Texas. (*Id*. ¶ 147.)  It further alleges that during the interview, Mr. Little stated that he had no contact with individuals at competing Suppliers outside of speaking to individuals at industry trade shows and that he had not called or sent text messages to any individuals at competing Suppliers, and those statements were false.  (*Id*. ¶¶ 148-149.)  The Government has conceded that Count 3 for Obstruction of Justice is based solely upon the false statements alleged in Count 2.  (Govt. Opp. to Little's Motion for Bill of Particulars, Dkt. #217, p. 17-18.)

On October 7, 2021, the Government filed a Motion to Dismiss Count Two pursuant to Rule 48 of the Federal Rules of Criminal Procedure.[2]  (Dkt. #607.)  The Government seeks dismissal without prejudice.  On October 13, Mr. Little filed his response arguing that Count 2 should be dismissed with prejudice, or the Government should move to dismiss Counts 2 and 3 without prejudice, if the Government intends to pursue charges for the false statements by indicting Mr. Little in Texas.  (Dkt. #637.)  As of the time of this filing, the Court has not ruled on the Government's Motion.

The proposed jury instructions submitted by Mr. Little were based upon Count Two and

---

[2] It appears that the Government realized less than one month before trial that it would not be able to establish venue for Count Two.

5

Count Three going to the jury. If Count 2 is dismissed, the instruction for Count 3 should be modified to incorporate Mr. Little's proposed instructions for False Statement. Since the Obstruction of Justice charge is premised upon the two alleged false statements that Mr. Little made to agents on August 31, 2020, the jury should be instructed on the requisite elements of a false statement so that it can properly consider the Obstruction of Justice charge.

Dated: October 18, 2021              Respectfully submitted,

/s/ Mark A. Byrne
Mark A. Byrne (Cal. Bar No. 116657)
e-mail: markbyrne@byrnenixon.com
Jennifer L. Derwin (Cal. Bar No. 222420)
e-mail: jenniferderwin@byrnenixon.com
**BYRNE & NIXON LLP**
888 West Sixth Street, Suite 1100
Los Angeles, California 90017
Telephone: 213-620-8003
Facsimile: 213-620-8012

*Attorneys for Defendant Jimmie Little*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of such filing to all parties of record.

                                        /s/ Mark A. Byrne
                                        Mark A. Byrne