**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  **JAYSON JEFFREY PENN,**
2.  **MIKELL REEVE FRIES,**
3.  **SCOTT JAMES BRADY,**
4.  **ROGER BORN AUSTIN,**
5.  **TIMOTHY R. MULRENIN,**
6.  **WILLIAM VINCENT KANTOLA,**
7.  **JIMMIE LEE LITTLE,**
8.  **WILLIAM WADE LOVETTE,**
9.  **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

      Defendants.

---

**GOVERNMENT'S MOTION FOR *IN CAMERA* RULING
REGARDING DISCLOSURE OF MATERIALS UNDER THE JENCKS ACT**

The government respectfully files this motion seeking *in camera* review and an order to permit the government to redact portions of Special Agent Matt Koppenhaver's ("SA Koppenhaver") Biweekly Reports, where those statements are unrelated to his investigation for this case and the subject matter of his anticipated testimony.

**Discussion**

The Jencks Act requires the government to produce all relevant statements of a government witness that are in the government's possession, as long as the statements "relate[] to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

If certain statements are unrelated to the witness's testimony, the government "deliver[s] such statement[s] for the inspection of the court in camera.  Upon such delivery the court shall excise the portions of such statement which do not relate to the subject matter of the testimony of the witness." 18 U.S.C. § 3500(c).

As part of an expansive discovery practice and as a courtesy to Defendants, the government has been producing potential Jencks-related materials to all Defendants throughout the course of discovery.

The government seeks *in camera* review of SA Koppenhaver's Biweekly Reports as portions of the reports are unrelated to the anticipated subject matter of his testimony.  The government requests a ruling excising or redacting certain statements from SA Koppenhaver's Biweekly Reports, which detail his case activities for cases unrelated to his investigation into the broiler chicken industry.  Such reports are not limited to the investigatory activities taken for this case; they describe the investigatory activities SA Koppenhaver has done or planned to do for *each* of his ongoing matters, including cases he investigated alongside different government agencies.  Because the subject matter of SA Koppenhaver's testimony will be limited to this case, the government seeks a court ruling redacting portions of the report.  *See* 18 U.S.C. § 3500(b)-(c); *Sells v. United States*, 262 F.2d 815, 822–23 (10th Cir. 1958) (upholding district court's excision of Jencks-related materials as unrelated to the subject matter of the testimony of the witness); *United States v. Alvarez*, 86 F.3d 901, 906–08 (9th Cir. 1996); *United States v. Jackson*, 850 F. Supp. 1481, 1509 (D. Kan. 1994).  The

attached Exhibit A contains the full text of each report with the government's proposed

redactions highlighted.

For the reasons above, the government seeks relief consistent with this motion.

Dated October 19, 2021                          Respectfully,

By:  s/ Laura J. Butte
     Laura J. Butte
     Michael T. Koenig
     Heather D. Call
     Carolyn M. Sweeney
     Paul J. Torzilli
     Trial Attorneys
     Antitrust Division
     U.S. Department of Justice
     Washington Criminal II Office
     450 Fifth Street, N.W.
     Washington, D.C. 20530
     Tel: (202) 431-6619
     Email: laura.butte@usdoj.gov