IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE IN OPPOSITION TO NORMAN W. FRIES, INC. D/B/A CLAXTON POULTRY FARMS' MOTION TO MODIFY THE GOVERNMENT'S TRIAL SUBPOENA

The government respectfully files this response in opposition to the motion filed by Norman W. Fries, Inc. d/b/a Claxton Poultry Farms ("Claxton"), ECF 705. Claxton seeks to modify the government's subpoena for testimony regarding authentication of documents, but its motion should be rejected as untimely and unsupported. The government has narrowed its request over time per the request of Claxton's counsel, and the testimony the government now seeks—for authentication of only a narrow subset of documents—is not overbroad, unduly burdensome, nor unreasonable.

## BACKGROUND

In the course of the government's investigation, Claxton, a third party to the instant proceeding and a competitor of the employers of the defendants in this case, produced over 297,000 records to the government. The government intends to introduce only a discrete subset of these records—a list of which has been provided to counsel for Claxton—at trial. Through the subpoena that Claxton now moves to modify, the government seeks simply a Claxton custodian who can authenticate a list of 174 records.

By way of background, on September 9, 2021, the government served on Claxton's counsel a subpoena for testimony from the "Custodian(s) of Records" at Claxton with "the requisite knowledge to testify to the authenticity of all records produced in response to the grand jury subpoena received by Claxton…, and all records produced by Claxton in response to the In re Broiler Chicken Antitrust Litigation in the Northern District of Illinois which were subsequently produced to the U.S. Department of Justice Antitrust Division."  Exhibit A.  The subpoena commanded an appearance by the qualified employee(s) on October 25, 2021 at 9:00 am before this court.

On October 16, 2021, when it became clear that the government and defense counsel were not reaching agreement with regard to a stipulation on authenticity, the government notified Claxton that it is looking increasingly likely that it will need to authenticate Claxton's records via live testimony—including from Greg Finch and another custodian—at trial.

On October 19, 2021, this Court denied the government's motion for a pre-trial ruling on the authentication of evidence under Fed. R. Evid. 902(11) and 902(13). ECF No. 673. This ruling meant that the certificates of authenticity previously provided by Claxton to the government could not be used to authenticate certain Claxton documents at trial, necessitating the need for live witness testimony.

In an effort to lessen the burden on Claxton and in response to the Court's ruling on October 19, the government served on Claxton's counsel a revised subpoena on October 20, 2021. The subpoena sought testimony from a qualified custodian of records at Claxton, regarding the authenticity of only a small subset of the documents covered by the earlier subpoena served on September 9, 2021. ECF 705-2.  The government also issued a subpoena to Greg Finch, specifically "relating to the authentication of records."  ECF 705-3.

Per Attachment A to the subpoena for a custodian of records, the subpoena requires that Claxton produce a qualified witness or witnesses to testify only to the topics listed, including authentication of emails and other records (including authentication of business records), and how documents were collected and produced in response to the grand jury subpoena.

Claxton filed a motion to modify the trial subpoena on October 22, 2021. ECF 705.

## ARGUMENT

**I. The Government Provided Generous Notice of the Trial Subpoena, and Claxton's Motion to Modify is Untimely.**

Claxton's argument that the subpoena is oppressive, ECF 705 at 7, misstates the facts and the law. Claxton's assertion that Claxton was provided with only "three business days to prepare testimony," ECF 705 at 7, is simply untrue. The government first served counsel for Claxton with a subpoena for testimony on September 9, 2021, well over one month before the government anticipated calling a Claxton custodial witness. Until it filed its motion to quash, Claxton at no point raised concerns after the subpoena was served about the anticipated timing of its custodial witnesses' testimony.

Moreover, under these circumstances, where Claxton failed to object to the subpoena until October 22 (the last business day before trial) despite its receipt of a broader subpoena since September 9, its motion to modify the subpoena is untimely. *See United States v. Moya*, No. 15-1889 JCH, 2019 U.S. Dist. LEXIS 75071, at *8 (D.N.M. May 3, 2019) (denying motion to quash as untimely where movant "sat on its hands until the last business day before trial was set to begin"). Claxton should not be permitted to delay objecting to a subpoena for more than 6 weeks and to move to modify a narrower subpoena only one business day before trial. As explained above, the government has sought to be helpful throughout its engagement with counsel—and until today, the government was under the impression that Claxton was prepared for its witnesses to testify as to authenticity for the narrower list of documents once trial begins.

4

## II. A Claxton Custodian May Be Compelled to Authenticate Documents.

Claxton's argument that it is unable to provide a live witness who can authenticate its own business records is not credible. ECF 705 at 5-6. At the outset, Claxton's arguments misunderstand what is required for authentication of its records. The government will not seek to address each of the 174 records individually, *see* ECF 705 at 5-6, but rather information regarding the process or system for pulling these records. Nevertheless, in an effort to streamline trial even further, the government is willing to narrow Attachment A of its subpoena only to these documents should the Court prefer:

| 500  | CLAXTON_0014869 |
|------|-----------------|
| 503  | CLAXTON_0089312 |
| 702  | CLA_0076096     |
| 703  | CLA_0076099     |
| 762  | CLA_0228956     |
| 900  | CLA_0072794     |
| 1000 | CLA_0078160     |
| 1238 | CLAXTON_0181706 |
| 1402 | CLA_0191959     |
| 1435 | CLA_0191967     |
| 1500 | CLA_0078000     |
| 1500 | CLA_0078000     |

5

| | |
|---|---|
| 1501 | CLA_0078001 |
| 1501 | CLA_0078001 |
| 1504 | CLA_0081132 |
| 1505 | CLA_0191549 |
| 1506 | CLA_0191550 |
| 1507 | CLA_0191582 |
| 1508 | CLA_0192748 |
| 1601 | CLA_0192302 |
| 1700 | CLA_0078049 |
| 1703 | CLAXTON_0012417 |
| 1735 | CLA_0078050 |
| 1802 | CLA_0075976 |
| 3001 | CLA_0192747 |
| 6001 | CLA_0078018 |
| 6003 | CLA_0078156 |
| 6005 | CLA_0078158 |
| 6045 | CLA_0192187 |
| 6052 | CLA_0193330 |
| 6053 | CLA_0193572 |
| 6055 | CLA_0193683 |
| 6081 | CLAXTON_0000986 |

| | |
|---|---|
| 6082 | CLAXTON_0013238 |
| 6083 | CLAXTON_0121531 |
| 8010 | CLAXTON_0181706 |
| 9004 | CLA_0192875 |
| 9010 | CLAXTON_0181697 |
| 9142 | CLA_0075888 |
| 9143 | CLA_0133351 |
| 9145 | CLAXTON_0000081 |

The Court also should not credit Claxton's argument that its live witness cannot authenticate transmittal data simply because not all emails contain account identifiers or time stamps on its face. The purpose of the live testimony the government seeks is precisely to solicit how the process or system by which Claxton pulled its emails work. See Attachment A of ECF 704-2, specifying the government seeks testimony regarding "how documents are saved and stored on the company's server, how the server is maintained, whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable."

Courts therefore routinely enforce subpoenas for corporate custodians to testify for the purpose of authenticating documents, no matter how small the corporation. *See, e.g.*, *United States v. Medlin*, 96 F.2d 463, 468 (11th Cir. 1993); *In re Custodian of Records of Variety Distrib.*, Inc., 927 F.2d 244, 252 (6th Cir. 1991); *United States v. Kennedy,* 122 F. Supp. 2d 1195, 1199 (N.D. Okla. 2000); *see also Matter of Feldberg*,

7

826 F.2d 622, 627 (7th Cir. 1988) ("A grand jury may compel a corporate records custodian to testify about the nature of his search and the adequacy of the disclosure).

The Court should enforce the government's narrowed subpoena, compelling Claxton to provide witnesses at trial competent to testify to the authentication of the documents listed in Attachment A. To the extent that the Court agrees with Claxton's motion with respect to business records under Rule 803(6), the government agrees to modify that portion of the subpoena by striking the following two items for testimony: whether the records were made and maintained during the course of regularly conducted business, and an explanation as to why the entry on the record was reliable.

To the extent the Court determines that the number of documents listed in Attachment A is unreasonable, the government intends to authenticate at least the list documents identified above.

## CONCLUSION

For the reasons set forth above, the Court should deny Claxton's motion to modify the subpoena.

Dated: October 22, 2021  Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165

8

michael.koenig@usdoj.gov
Attorneys for the United States