**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

**UNITED STATES' MOTION TO LEAD CERTAIN RECORDS CUSTODIAN
WITNESSES ON DIRECT EXAMINATION AT TRIAL AND
TO AUTHENTICATE BY OTHER MEANS**

    The government respectfully files this motion seeking to ask leading questions on direct examination of records custodian witnesses for three companies—Claxton, Koch, Mar-Jac—each of which accepted service of Rule 17 subpoenas on September 9, 2021, via email through counsel. The subpoenas require each company to produce witnesses on October 25 at the start of trial.

    Claxton and Koch together employ three of the defendants in this case: defendant Fries is the President of Claxton; defendant Brady is a Vice President at

Claxton; and defendant Kantola is a Vice President at Koch. Claxton and Koch are also defendants in a related case. And the Court recently found by a preponderance of the evidence that four current or former Mar-Jac employees—Martin, Tench, Grindle, and Francis—were co-conspirators with the defendants in this case. Mar-Jac has expressed to the government concerns about its own criminal exposure.

All three companies thus have a strong interest in ensuring that their documents are not authenticated (and that none of their documents are ruled to be business records by the Court). Indeed, all three companies refuse to make their witnesses available for pre-trial interviews with the government that would likely streamline direct examination at trial.

With respect to Mar-Jac in particular, the company's uncooperative posture is especially evident. Counsel refuses to identify a custodian or even to confirm that a custodian will appear on October 25 pursuant to the September 9 subpoena. Counsel also refused—after being told that the government will seek to authenticate only three documents[1]—to accept service via email of two narrower Rule 17 subpoenas for testimony.

In light of the company's unwillingness to engage in a meaningful way with the government, federal agents served a Rule 17 subpoena for testimony on the document vendor Mar-Jac had retained to produce documents as an alternate route to

---

[1] One of the documents is part of a document "family" meaning in this context an e-mail plus an attachment, meaning there are arguably four documents at issue. In any event, unlike some of the Koch and Claxton documents, which the government intends to establish as business records, the government seeks only to authenticate the Mar-Jac documents at issue.

authenticating the three documents. After the subpoena was served, both inside and outside counsel for the vendor separately called one of the prosecutors and challenged the need for a vendor witness at trial. Counsel for Mar-Jac then emailed the government, claiming a privileged relationship with the vendor and strongly suggesting that the government had violated attorney-client privilege—notwithstanding the fact that the vendor's lawyer called the government, not the other way around.

The government respectfully submits that, under the circumstances, the companies' witnesses are hostile to the government and leading questions should be permitted to expedite authentication and business-record testimony. The government should also be permitted to authenticate documents by other means.

<u>Leading Questions</u>. The Federal Rules of Evidence direct courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." FED. R. EVID. 611(a). Courts are thus encouraged to permit leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party," FED. R. EVID. 611(c)(2), especially where leading questions will "expedite the entry into evidence of time-consuming foundational information." *Shultz v. Rice*, 809 F.2d 643, 655 (10th Cir. 1986).

Many of the questions the government anticipates asking the custodial witnesses from Claxton, Koch, and Mar-Jac are foundational questions intended to establish the witness's knowledge of electronic-recordkeeping procedures or otherwise to provide

background required to authenticate, or lay a business-record foundation for, the documents, including questions about corporate document retention and storage policies. The use of leading questions in such circumstances—where the witnesses' employers have strong incentives to defeat the government's efforts to offer incriminating documents—will "expedite entry into evidence of time-consuming foundational information." *See Shultz*, 809 F.2d at 655.  Also, the need to avoid wasting time is particularly acute here, where trial is scheduled for nearly two months and where the government anticipates calling numerous non-hostile document witnesses. Accordingly, the use of leading questions is appropriate under Rule 611(a).

*Other Means*. The government also may seek to authenticate the companies' documents by other means. First, for documents produced to the civil plaintiffs and then produced to the government pursuant to a grand jury subpoena, the government intends to call an attorney from the civil litigation, Simeon Morbey, who has first-hand knowledge of the documents produced and who is able to verify that the government exhibits at issue are true copies of the documents produced to the plaintiffs from Claxton, Koch, and Mar-Jac.[2]

Second, if necessary, for documents produced to the government, whether by the civil plaintiffs or the subject companies, the government intends to call a paralegal

---

[2] The government is mindful of the Court's ruling that other proceedings may not be mentioned in front of the jury and will take appropriate steps to inquire in a manner designed to abide the Court's ruling. For example, the government may frame the questions to Mr. Morbey as follows: "Are you involved in another matter where [company_name] provided your firm with documents?" The government will also advise Mr. Morbey accordingly.

4

specialist who will testify that the government exhibits at issue are true copies of the documents produced to the government.

Finally, for GX 1030—handwritten notes that the Court ruled were created during the course and in furtherance of the charged conspiracy, ECF No. 559 at 31 (*James* log entry 136; note referencing Pilgrims, Tyson, Claxton and stating "talked to Jayson Penn")—the government intends to offer Martin's verified deposition from the civil litigation (in which he admitted that he worked for Mar-Jac and that the notes are his) to satisfy the authentication requirements of Rule 901. *See* Attach. A (filed under restriction).

For the reasons above, the government respectfully requests that the Court grant this motion.

Dated: October 23, 2021          Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States

5