IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,

    Defendant.

## ORDER

This matter comes before the Court on Defendant Jayson Penn's Motion to Exclude Government Exhibit 1030 [Docket No. 749].[1] The government filed a response. Docket No. 754. On October 28, 2021, the Court heard argument from the parties regarding the motion.

On October 23, 2021, the government filed a motion to, *inter alia*, use the civil deposition testimony of Peter Martin, a Mar-Jac Poultry ("Mar-Jac") employee, to authenticate a page of his handwritten notes. Docket No. 720 at 5. On October 24, 2021, defendants, including Mr. Penn, filed a joint response to the motion. Docket No. 727. On October 27, 2021, the Court issued an order granting in part the government's motion. Docket No. 742. The Court stated that it would permit the government to authenticate Mr. Martin's notes in this manner so long as there was no mention of *In re*

---

[1] Mr. Penn filed a notice of errata on October 28, 2021 regarding the timing of when the government made its investigation into price fixing and bid rigging in the broiler chicken industry public. *See* Docket No. 751 at 1.

*Broilers Antitrust Litigation*. *Id.* at 3.  After the Court issued its order on October 27, 2021, Mr. Penn indicated that he had not had an opportunity to respond to the government's motion, despite Mr. Penn joining in Docket No. 727.  The Court granted Mr. Penn permission to do so, but because Mr. Penn already responded, the Court considers Mr. Penn's motion to be a motion for reconsideration.

A district court may reconsider its prior rulings.  *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing.  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Mr. Penn makes four arguments: (1) a Mar-Jac custodian of records cannot authenticate the notes; (2) photocopies of the handwritten notes violate the best-evidence rule; (3) using Mr. Martin's civil deposition testimony authenticate the notes would violate the Confrontation Clause; and (4) Mar-Jac's non-objection in civil litigation cannot authenticate the notes.  Docket No. 749 at 2-11.

GX-1030 is a page of handwritten notes that states that the author "[t]alked to Jason [sic] Penn."  Docket No. 754 at 2.  The government claims that the date coincides with "a key time period in the conspirators' efforts to collude in the price negotiations with RSCS."  *Id*.

I. **Live Witness Testimony**

The government states that it will use the live testimony of Joel Williams, the Mar-Jac custodian of records, Simeon Morbey, counsel in the related civil lawsuit, and "potentially other witnesses," to authenticate GX-1030. *Id.* at 4. Fed. R. Evid. 901(a) states that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." "The standard for authentication is not a burdensome one." *United States v. Ceballos*, 789 F.3d 607, 618 (5th Cir. 2015) (internal quotations marks omitted). In its earlier order, the Court permitted Mr. Morbey and a paralegal specialist to testify that the government exhibits are true and correct copies of the documents produced by Claxton, Koch, and Mar-Jac. Docket No. 742 at 3.

However, the government gives no indication of how these witnesses will be able to establish that the notes are Mr. Martin's. GX-1030 is not signed by Mr. Martin. The witnesses may be able to establish that GX-1030 is an authentic copy of notes that were in Mar-Jac's custody that have been produced in the civil litigation. Their testimony may be insufficient to support a finding that the notes are what the government claims; that is, Mr. Martin's notes.

II. **Best Evidence Rule**

Mr. Penn additionally argues that use of GX-1030, a photocopy of Mr. Martin's notes, violates the best evidence rule. Docket No. 749 at 4-6. Fed. R. Evid. 1002 states that "[a]n original writing . . . is required in order to prove its content unless these rules or a federal statute provides otherwise." However, Rule 1003 states that "[a]

3

duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.  Mr. Penn argues that there are suspected white-out alterations to the top lines of GX-1030, which raise a genuine question as to the original's authenticity.  Docket No. 749 at 4-5.  However, on October 28, 2021, the government represented in court that it would be willing to redact the portion Mr. Penn alleges have been altered by white-out.  The Court finds that there is no genuine dispute about the integrity of the remaining portion of the document.

### III.  Civil Deposition Testimony

Mr. Penn argues that it would violate the Confrontation Clause to use Mr. Martin's civil deposition to authenticate his handwritten notes.  Docket No. 749 at 6-10.  The government responds that, because the deposition would be used to establish the authenticity of the notes rather than to prove a fact at trial, use of the deposition would not violate the Confrontation Clause.  Docket No. 754 at 6-8.  The government cites *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011), where Tenth Circuit held that certificates of authenticity presented under Rule 902(11) are not testimonial. *Id.* at 6.

The Court agrees with Mr. Penn.  Mr. Martin's civil deposition is a testimonial out-of-court statement that Mr. Penn did not have an opportunity to cross-examine him about.  While the government seeks to use it only to authenticate rather than establish a fact at trial, *Yeley-Davis* does not support the government's reading.  In *Yeley-Davis*, the Tenth Circuit approvingly cited *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006), where the court found that a Rule 902(11) certification was not testimonial

4

"because it is too far removed from the principal evil at which the Confrontation Clause was directed to be considered testimonial." *Yeley-Davis*, 632 F.3d at 680 (quoting *Ellis*, 460 F.3d at 927 (internal quotation marks and alterations omitted)). Mr. Martin's deposition in a civil case concerning the same alleged conspiracy is not as "far removed" as Rule 902(11) certifications. The Court finds that it would be clear error to allow the government to use Mr. Martin's civil deposition to authenticate handwritten notes because it would violate the Confrontation Clause.

## IV. Civil Litigation Responses

Mr. Penn argues that the government cannot use Mar-Jac's responses in civil litigation to authenticate Mr. Martin's notes. Docket No. 749 at 10-11. In the civil litigation, Mar-Jac produced GX-1030 and stated that it had no objection to its authenticity. Docket No. 754-1 at 10. The live witness testimony of Mr. Williams and Mr. Morbey may be sufficient to establish the same aspects of authenticity as Mar-Jac's non-objection to authenticity in its civil production. The Court will take this issue under advisement.

## V. Conclusion

For the foregoing reasons, it is

**ORDERED** that Defendant Jayson Penn's Motion to Exclude Government Exhibit 1030 [Docket No. 749] is **GRANTED in part** and **DENIED in part**.

DATED November 1, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge