IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION TO EXCLUDE "NEWLY-IDENTIFIED" SUMMARY EXHIBITS

The government hereby submits its opposition to the defendants' Motion to Exclude "Newly-Identified" Summary Exhibits (ECF No. 760). Contrary to the defendants' claims, the summary exhibits are not new. They are the same exhibits split up into various episodes for ease of understanding. The Court already ruled that the aggregated summary exhibits are admissible. The Court should rule the same with respect to the separated versions. The defendants have had ample opportunity to review and challenge the admissibility of the summary exhibits at issue—as evidenced by the fact that they have now briefed their challenges on five occasions. *See* Defs.

1

Joint Opp. to the Government's Omnibus Motions *in Limine*, ECF No. 563; Defs. Response to the United States' Motion *In Limine* Regarding Summary Evidence, ECF No. 564; Defs. Joint Mot. to Exclude the Government's Proposed Summary Exhibits, ECF No. 715; Defs. Joint Reply in Support of Mot. to Exclude, ECF No. 728; Defs. Motion to Exclude Newly-Identified Summary Exhibits, ECF No 760.

Based on the law as articulated in the eight total briefings already considered, the Court found that the evidence underlying the government's proposed summary exhibits is voluminous, cannot be conveniently examined in court, and is therefore admissible into evidence. ECF No. 741. Because nothing now raised by the defendants alters that conclusion, their motion should be denied.

On October 27, 2021 the Court denied defendants' motion to exclude with respect to the summary charts at issue. ECF No. 741 at 5 (Order), *and* ECF No. 722-4 (draft summary exhibit). In doing so, the Court found that "the underlying evidence is voluminous and cannot be conveniently examined in court." *Id.* (citing Fed. R. Evid. 1006). Following the Court's order, an agent of the Court requested that the government map to the government's trial exhibit list the content of Exhibit A4 attached to the government's response to the defendants' motion to exclude. ECF 722. The government promptly did so, identifying nineteen summary exhibits containing the precise same content at issue, merely broken into easily digestible portions.

Nothing about the summary exhibits are "new" to the defendants. The summary exhibits were first provided to the defendants in draft form on October 6, 2021. That

same day, the government filed its exhibit list, including references to multiple summary exhibits with the numbering scheme that is still in effect to this day. *See* ECF No. 593 at 236. On October 20, 2021 the government provided electronic, stickered versions of these exhibits on flash drives to each defendant. In addition to providing the exhibits themselves, the government described for defendants at length the general form, substance, and admissibility of these summaries in its Omnibus Motion *in Limine* on October 1, its trial brief on October 18, and its response to the defendants' motion to exclude on October 23, 2021. *See* ECF No. 542 at 9, No. 670 at 1-7, No. 722 at 4-13.

Just four days after the Court denied their motion to exclude, defendants have now filed *another* motion to exclude the precise same exhibits, arguing that "the government has significantly revised its approach to 'summary' exhibits." ECF No. 760 at 1. This is simply not the case.

First, whether viewing the summary charts as one large file, or broken down into multiple files, the underlying sources are the same.[1] They remain voluminous and of the kind that cannot be conveniently examined in court. If anything, the form offered by the government in its stickered trial exhibits—each summary exhibit covering collusive

---

[1] The government's summary exhibits continue to be reviewed along with the underlying voluminous records for accuracy in anticipation of their introduction into evidence. As such, a small number of corrections have been made. Defendants received revised Government Exhibits 10-1, 10-2, and 10-3 on the evening of October 31, 2021 in anticipation of their introduction during the testimony of Special Agent Matthew Koppenhaver. In doing so, the government identified for defendants precisely which underlying sources had changed. All of the substance in the "excerpt" column remained the same.

activity during a particular time frame—will make for an even more efficient and understandable presentation of evidence.

Second, the sources accurately and fairly summarize these materials. While the charts do make certain connections—primarily linking numbers on numerous toll records to the individuals associated with those numbers and their employers—nothing about that small step makes the evidence improper for summarization. The government has on multiple occasions described the sources underlying each row in the summary exhibits, yet the defendants continue to blow smoke, claiming that the government "misleadingly inflate[s]" the underlying documents. ECF No. 760 at 5. *But see* No. ECF 722 at 5, 10 ("[S]ources in each line reflect not only the excerpted communication, but additional exhibits from the same time period establishing the identity of the sender and recipient (in the case of calls and text messages), as well as their employers.")

Third, the color-coding does not transform an admissible summary into argument: different kinds of source materials are simply coded in green, blue and orange (not red) to assist the jury and make the charts comprehensible. *See* ECF No. 722-4 (coding emails and text messages in blue, calls between employees of suppliers in orange, and other phone calls in blue). There is no "highlighting" to draw the jury to any particular calls, emails, or text messages. Just as a bar or line graph would frequently color-code various entries with a key to make it understandable, the government has done so here. Such organizational aids do not transform an otherwise permissible summary into argument. *See, e.g.*, *United States v. Howard,* 774 F.2d 838, 844 (7th Cir. 1985) (affirming admission of color-coded summary chart); *United States*

4

*v. Rizk*, 660 F.3d 1125, 1128 (9th Cir. 2011) (same); *Sec. & Exch. Comm'n v. Sabrdaran*, 252 F. Supp. 3d 866, 886 (N.D. Cal. 2017) (color coding added to business charts "after the fact that made the information easier for the jury to read and digest"…"appropriately before the jury as summary evidence pursuant to [Fed. R. Evid.] 1006"); *United States v. Armstrong*, 619 F.3d 380, 386 (5th Cir. 2010) (color-coding actual exhibits with colored tabs "merely organizational aids").

The remainder of the defendants' motion appears to renew arguments already made in their prior briefings on these precise exhibits, sometimes copying and pasting nearly identical portions of those prior briefings. *Compare* ECF No. 760 at 6 ("Simply excerpting small portions of underlying documents and throwing them together does not satisfy this requirement—much as excerpting this sentence and presenting it to the jury would not faithfully summarize the contents of this motion."), *with* ECF No. 728 at 4 ("But much as excerpting this sentence and presenting it to the jury would not faithfully summarize the contents of this brief, the government's tactic of throwing soundbites together does not faithfully summarize the underlying documents."). These arguments do nothing to alter the fairness, accuracy, and admissibility of the charts at issue.

For the reasons described above, the defendants' motion should be denied.

Dated: November 2, 2021   Respectfully submitted,

/s/ *Heather Call*
HEATHER CALL
MICHAEL KOENIG
PAUL TORZILLI

CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
Heather.call@usdoj.gov
Attorneys for the United States