IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Exclude Newly-Identified Summary Exhibits [Docket No. 760]. The government responded. Docket No. 774.

On October 27, 2021, the Court issued an order on the government's summary exhibits. *See* Docket No. 741. As relevant, the Court denied defendants' motion to exclude the government's summary Exhibit A4. *Id.* at 5-6. After the Court issued this order, the government supplied a document to the Court and defendants that contained a "key" identifying which exhibits in the government's exhibit list Exhibit A4 corresponded to. *See* Docket No. 760-1 at 2. The "key" states that Exhibit A4

corresponds to Exhibits 1-1, 2-1, 3-1, 4-1, 7-1, 8-1, 9-1, 10-1, 10-2, 10-3, 5-1, 14-1, 14-2, 14-3, 16-1, 17-1, 18-1, 18-3, 20-1.  *See id*.  Defendants now move the Court to exclude Exhibits 1-1, 2-1, 3-1, 4-1, 7-1, 8-1, 9-1, 10-1, 10-2, 10-3, 5-1, 14-1, 14-2, 14-3, 16-1, 17-1, 18-1, 18-3, 20-1 (the "underlying exhibits"), arguing that they are "newly-identified" summary exhibits.  Docket No. 760 at 1-2.  The government indicates that it broke up Exhibit A4 into these underlying exhibits for ease of consideration by the jury.  Docket No. 774 at 1.  The contents of the underlying exhibits of Exhibit A4 are the same as what appears in Exhibit A4, and the fact that Exhibit A4 is split up into pieces does not materially change the analysis.  Therefore, the Court will treat the motion as one for reconsideration.

A district court may reconsider its prior rulings.  *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing.  *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Defendants argue that (1) the evidence underlying Exhibit A4 is not voluminous, (2) the exhibits underlying Exhibit A4 do not faithfully summarize the evidence, and (3) the exhibits underlying Exhibit A4 contain improper arguments.  Docket No. 760 at 2-7.

For the foregoing reasons, the Court finds that the standard for a motion for reconsideration is not met. Defendants essentially claim that, because the government has broken Exhibit A4 down into multiple exhibits, the requirements of Rule 1006 are not satisfied. *Id.* at 2. The Court's earlier analysis rested on Fed. R. Evid. 611(a) and 1006. Rule 1006 states that "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Rule 611(a) states:

> The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
> (1) make those procedures effective for determining the truth;
> (2) avoid wasting time; and
> (3) protect witnesses from harassment or undue embarrassment.

In "determin[ing] whether summarized exhibits relying on previous testimony are admissible under Rule 611(a)," "the court considers 'whether the summary chart . . . aids the jury in ascertaining the truth[,]' . . . [and] any resulting prejudice." *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013) (quoting *United States v. Ray*, 370 F.3d 1039, 1046-47 (10th Cir. 2004), *vacated on other grounds by Ray v. United States*, 543 U.S. 1109 (2005)).

The Court's previous finding that Exhibit A4 summarized voluminous records is not altered by the government breaking Exhibit A4 out into multiple exhibits. Whether one exhibit or many, the information on the exhibits is the same and the evidence they summarize is still voluminous. Additionally, the exhibits underlying Exhibit A4 will aid the jury in ascertaining the truth and are not prejudicial. The Court finds that defendants have not identified any change in the law, new evidence previously unavailable, or clear error in the Court's earlier ruling.

Defendants also argue that the exhibits underlying Exhibit A4 do not faithfully summarize the evidence and the exhibits underlying Exhibit A4 contain improper arguments. Docket No. 760 at 5-7. Contrary to defendants' assertion, the government has used color-coding as an organizational aid corresponding to categories of communications, *see* Docket No. 774 at 4, rather than impermissible highlighting to draw the jury's attention to any particular emails, calls, or texts. Defendants have either already made these arguments or could have made in their earlier motion to exclude Exhibit A4, *see* Docket No. 715 at 7-9, and defendants have not identified any change in the law, new evidence previously unavailable, or clear error in the Court's earlier ruling.

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Exclude Newly-Identified Summary Exhibits [Docket No. 760] is **DENIED**.

DATED November 3, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge