IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Government's Motion to Quash Rule 17(c) Trial Subpoenas to Special Agents Taylor and Koppenhaver [Docket No. 786]. On October 28, 2021, defendant Gary Brian Roberts filed a Notice of Issuance of Subpoenas for Government Employees and Documents [Docket No. 756]. The notice informed the Court that Mr. Roberts had obtained subpoenas for Special Agents Koppenhaver and Taylor to testify from the Clerk of Court. *Id.* The subpoenas state that they are subpoenas to testify at a hearing or trial in a criminal case on November 5, 2021 and inform the agents that they must bring with them "[a]ny and all notes, in any form, made by you during any interviews conducted relating to the above-referenced

case or the investigation underlying the above-referenced case." Docket No. 756-1 at 2; Docket No. 756-2 at 2.

The government does not object to the subpoenas to the extent they require the testimony of Special Agents Koppenhaver and Taylor. *See* Docket No. 786 at 3. However, the government asks the Court to quash the subpoenas to the extent they require the agents to bring documents with them. *Id.* at 1. The government argues that the agents' notes are not independently discoverable and that the subpoenas for documents are untimely. *Id.* at 2-3.

Fed. R. Crim. P. 17(a) authorizes subpoenas for witnesses; Fed. R. Crim. P. 17(c) authorizes subpoenas for documents. *Cf. United States v. Medley*, 130 F. App'x 248, 250 (10th Cir. 2005) (unpublished) (upholding district court decision to quash pretrial document subpoena on the grounds that the Court had not authorized them, Rule 17(a) did not address document subpoenas, and the subpoenas were an attempt to circumvent the rules of discovery under Rule 16); *see also Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 18 (1st Cir. 2000) (stating that Rule 17(a) applies to subpoenas compelling the attendance of witnesses).

Mr. Roberts' inclusion in the subpoenas for the agents to bring "[a]ny and all notes, in any form, made by you during any interviews conducted relating to the above-referenced case or the investigation underlying the above-referenced case," *see* Docket No. 756-1 at 2; Docket No. 756-2 at 2, is a thinly veiled attempt to shoe-horn a Rule 17(c) subpoena into a Rule 17(a) subpoena. Motions for the issuance of Rule 17(c) subpoenas were due on July 26, 2021. *See* Docket No. 264 at 5; *see also* Docket Nos. 486, 636. Mr. Roberts' subpoenas to Special Agents Koppenhaver and

Taylor are untimely to the extent they seek "[a]ny and all notes, in any form, made by you during any interviews conducted relating to the above-referenced case or the investigation underlying the above-referenced case," *see* Docket No. 756-1 at 2; Docket No. 756-2 at 2, and the Court will quash this portion of the subpoena.[1]

For the foregoing reasons, it is

**ORDERED** that the Government's Motion to Quash Rule 17(c) Trial Subpoenas to Special Agents Taylor and Koppenhaver [Docket No. 786] is **GRANTED**.

DATED November 4, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] The government additionally notes that the government "reviewed each agent's full set of notes, and to the extent any information was contained in agent notes that was not contained in a final interview report, that information has already been produced to the defendants." Docket No. 786 at 2. Additionally, the government has already produced all agent interview reports in its possession. *Id.* at 3. Accordingly, the defendants appear to already have the documents they ask the agents to bring with them, rendering the request moot.