IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff,  v.  1.  JAYSON JEFFREY PENN, 2.  MIKELL REEVE FRIES, 3.  SCOTT JAMES BRADY, 4.  ROGER BORN AUSTIN, 5.  TIMOTHY R. MULRENIN, 6.  WILLIAM VINCENT KANTOLA, 7.  JIMMIE LEE LITTLE, 8.  WILLIAM WADE LOVETTE, 9.  GARY BRIAN ROBERTS, and 10. RICKIE PATTERSON BLAKE,    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**JAYSON JEFFREY PENN'S BRIEF REGARDING E-570 AND A RULE OF COMPLETENESS LIMITING INSTRUCTION**

The Court admitted GX1547 against Mr. Penn pursuant to Rule 801(d)(2)(A). Trial Tr. 254:4-14 (Nov. 9, 2021).[1] That exhibit reflects an email chain among colleagues at Pilgrim's Pride and contains the following statement by Mr. Penn: "Do we have TSN price idea?" GX1547. The government apparently intends to argue that this statement reflects a request to contact a competitor and is therefore evidence of a conspiracy. *See* Trial Tr. at 255:12-17 (Nov. 9, 2021) (government referring to Mr. Penn's statement as a "request"). The problem, as the Court recognized, is that the government omits from the exhibit the response to Mr. Penn's

---

[1] All transcript citations are to an unofficial draft transcript as defense counsel does not yet have an official, certified transcript. Given the draft status, defendants defer to the Court's recollection if it differs from the attached transcript in any way.

1

statement, which provides an "educated guess" with no competitor information sharing or contact involved. *See* E-570. Accordingly, the Court ruled that E-570—which reflects the full conversation and the "educated guess" response to Mr. Penn's question—should be admitted at the same time as GX1547 pursuant to the rule of completeness. The Court explained E-570 provides a more accurate, "better perspective" of the government's exhibit. Trial Tr. 258:9-11 (Nov. 9, 2021).

That ruling was unassailably correct. The rule of completeness "prevent[s] a party from misleading the jury" by relying on only a small portion of a document, and allows an opposing party to introduce "relevant portions of a writing . . . which clarify or explain" the proffered excerpt. *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (quotation omitted). In fact, when the government seeks to introduce "bits and pieces" of documents "taken out of critical context" to create a misleading narrative, Rule 106 *mandates* that courts permit contemporaneous introduction of the remainder of the document necessary to "remove the distortion that otherwise would accompany the prosecution's evidence." *United States v. Sutton*, 801 F.2d 1346, 1369 & n.18 (D.C. Cir. 1986); *see United States v. Martinez*, 2016 WL 4399185, at *4 (D. Kan. Aug. 18, 2016) (government's introduction of "just five snippets" from larger document would be misleading without additional context); *United States v. Castro-Cabrera*, 534 F. Supp. 2d 1156, 1160 (C.D. Cal. 2008) ("[T]he Rule of Completeness was designed to prevent the Government from offering a misleadingly-tailored snippet. [It] warrants admission of statements in their entirety when the Government introduces only a portion of inextricably intertwined statements." (citation and quotation omitted)).

While the government ultimately stated it would offer E-570 at the same time as

2

GX1547, the more economical approach would be to simply offer E-570, which encompasses GX1547 in its entirety but includes the rest of the conversation. A single document encompassing the entire conversation avoids the duplicative nature of multiple, nearly-identical exhibits and avoids any potential risk that the jury would be confused as to why multiple documents are being offered of a single email thread.. To that end, Mr. Penn suggests the following limiting instruction to reflect the Court's rulings on Rule 801(d)(1)(A) and the rule of completeness: "Ladies and Gentlemen, as with other documents in this case, I have admitted Exhibit E-570 for a limited purpose. You may consider E-570 only in relation to Jayson Penn and Roger Austin."[2]

Dated: November 9, 2021                  Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

---

[2] To the extent the Court admits the nearly-duplicative GX1547 in addition to E-570, Mr. Penn proposes the following limiting instruction: "Ladies and Gentlemen, as with other documents in this case, I have admitted GX1547 for a limited purpose. You may consider Government Exhibit 1547 only in relation to Jayson Penn, and you may consider E-570 only in relation to Jayson Penn and Roger Austin."

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach