IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO EXCLUDE SEQUESTERED DOCUMENTS

The government respectfully moves to exclude from use at trial currently sequestered documents that counsel for Claxton Poultry emailed to the government yesterday afternoon. At 1:28 pm yesterday, Claxton's counsel sent the government and counsel for Pollo Tropical an unsolicited email attaching "highly confidential" Pollo Tropical documents Claxton received in connection with the ongoing civil litigation in the Northern District of Illinois, *In re Broiler Chickens Antitrust Litigation*, 16-cv-8637 (N.D. Ill.). The stated purpose of the email was to provide notice to the government and to Pollo Tropical under the *In re Broilers* protective order that Claxton "intends to permit the use of a limited number of documents from Pollo's civil production in the *Penn* case in

connection with the defense of Mikell Fries and Scott Brady." But the protective order in that case does not allow Claxton to produce Pollo Tropical's documents to defendants Fries or Brady, as they have attempted to do here.[1] Thus, based on the stated reason that disclosure relates directly to this criminal case, the apparent purpose was to circumvent the criminal discovery process by having Claxton put documents from another company into the government's possession as a means of triggering the government's ongoing Rule 16 obligations.

Federal Rule Criminal Procedure 16(a)(1)(E) obliges the government to produce documents in its possession, custody, or control that are "material to preparing the defense." The government did just that by producing the few Pollo Tropical documents in its possession to all defendants on September 11 and October 14, 2021. The Pollo Tropical documents emailed to the government yesterday were not part of that production because the government did not have them. Instead of filing a motion to issue Pollo Tropical a Rule 17(c) subpoena, which, though technically untimely, may have been granted under the circumstances, Claxton and defendants Fries and Brady, decided to pursue this path on the eve of the government calling Pollo Tropical witness Joseph Brink, which may happen as early as Monday, November 15.

If Claxton were permitted to produce Pollo Tropical documents directly to the defendants, they presumably would have done so. Had this production occurred, the

---

[1] The protective order provides in relevant part that "highly confidential" documents obtained in connection with the matter "shall not be used or disclosed by the parties, [or] counsel for the parties . . . for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this litigation, including any appeal." Agreed Confidentiality Order ¶ 6(a) (attached as Exhibit 1).

Rule 16 reciprocal discovery would have required the defendants to produce the documents to the government. Instead, these documents were transmitted in a circuitous manner which indicates gamesmanship by Claxton—attributable to defendants Fries and Brady, as President of Claxton and Vice President of National Accounts at Claxton, respectively—and should not be tolerated. The process provided by Rule 16 is the exclusive means of discovery from the government in criminal cases. The attempt to obtain discovery from the government in a manner not contemplated by Rule 16's words or spirit is inappropriate. Therefore, the government seeks to exclude use of these documents in this trial, and plans to object to the use of the documents during Mr. Brink's cross-examination.

     Nevertheless, the government now possesses the documents and will produce them to all defendants if required by Rule 16. Due to the obvious protective order issues, the government immediately sequestered the documents when they were received out of an abundance of caution. The government as an intervenor in the civil matter is bound by the civil protective order not to disclose or use any "highly confidential" materials received in connection with that case without leave of the *In re Broilers* Court. An amendment to the protective order in that case allows the government to produce such materials in this case with five business days' notice to the producing party (Pollo Tropical). Amendment to the Agreed Confidentiality Order (attached as Exhibit 2).

     However, because the government received the documents less than five business days before Mr. Brink is expected to testify, the government cannot complete

the notice period required for disclosure and use in this case ahead of Mr. Brink's testimony. The government is drafting an emergency motion that it plans to file in *In re Broilers* seeking leave to disclose the documents to all defendants in this case. The government is acting swiftly because Mr. Brink is expected to testify as early as Monday, and the email from Claxton's counsel strongly suggests that defendants Fries and Brady plan to use the Pollo Tropical documents to cross Mr. Brink. As such, time is of the essence. If the Court in *In re Broilers* grants the requested relief, or if this Court grants an as-yet unfiled motion from defendants Fries or Brady to compel production, the government will immediately un-sequester the documents and produce them to all defendants in this case.

Respectfully submitted this 13th day of November, 2021.

By: /s/ Paul Torzilli
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov