IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

    Defendants.

**DEFENDANTS' RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL WITNESS LIST AND RULE 26.2 STATEMENTS OF DEFENSE WITNESSES**

Defendants' respectfully submit this response to the Government's Motion to Compel Witness List and Rule 26.2 Statements of Defense Witnesses ("Motion to Compel"). (ECF No. 852).

Pursuant to Section IV.A of the Court's Criminal Practice Standards, Defendants filed a Joint Defendants' Witness List two business days before the trial ("Defendants' Witness List"). (ECF No. 589.) Not knowing the witnesses the Government would call in its case-in-chief or the duration of the Government's case-in-chief, Defendants' made a good faith effort to identify all witnesses Defendants believed at that time they might call in their defense.

As the Government has presented its case-in-chief, Defendants have re-evaluated

Defendants' Witness List and have coordinated to determine what witnesses reasonably could be removed from that list. To that end, on November 21, 2021, Defendants filed an Amended Joint Defendants' Witness List (*see* ECF No. 855), which removed approximately 100 witnesses from the initial list. Defendants included the witnesses Defendants, at this time, have a good faith basis to believe they may call in their defense. Additionally, the Amended Joint Defendants' Witness List provides an estimated date of testimony and an estimate of the duration of the direct examination for each witness.

In its Motion to Compel, the Government states that it "simply needs… a list of the individuals that the defendants are likely to call as witnesses, and the sequence with [sic] which the defendants will call them." Motion to Compel at 2. Given the filing of the Amended Joint Defendants' Witness List, which lists the witnesses in the order in which Defendants expect to call them and provides an estimated length of their direct testimony, the Government has the information it seeks and the Government's Motion to Compel a Witness List is moot.

The Court also should deny the Government's request for Rule 26.2 material. First, as the Government concedes, the "Court cannot order disclosure [of Rule 26.2 materials] until after the witness has completed his or her testimony." Motion to Compel at 2; *see also* Fed. R. Crim. P. 26.2 (triggering requirements "***[a]fter*** a witness other than the defendant has testified on direct examination"); *United States v. Chowaniec*, Case. No. 1:21-CR-00019, 2021 WL 4893443, at *4 (W.D.N.Y. Oct. 20, 2021)("Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner."). Notwithstanding this concession, the Government seeks – without citation to any case law – to do the same thing, but under the guise of "compel[ling] the defendants to produce any

2

witness statements *as soon as practicable.*"  Motion to Compel at 4 (emphasis added).  Second, to the extent Defendants possess any "Statement" as defined under Rule 26.2(f) of the Federal Rules of Criminal Procedure, Defendants will, notwithstanding the limitations of Rule 26.2 and absent extenuating circumstances, produce any such discoverable statements two days prior to the witness's anticipated testimony on direct examination.  If there are extenuating circumstances, Defendants will abide by the requirements of Rule 26.2.  The Court should decline the Government's request as moot and unsupported by the law.

For the foregoing reasons, the Court should deny the Government's motion in its entirety.

Dated:  November 23, 2021          Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

<table>
<tr><td>

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

</td><td>

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

</td></tr>
<tr><td>

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

</td><td>

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

</td></tr>
<tr><td>

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

</td><td>

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  November 23, 2021

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.