IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

## UNITED STATES' BRIEF RELATING TO THE JURY'S REQUEST FOR THE TRANSCRIPT OF ROBERT BRYANT'S TESTIMONY AND RELATING TO GIVING THE JURY A MODIFIED *ALLEN* INSTRUCTION

The government respectfully submits that, in response to the jury's note asking for a transcript of Robert Bryant's testimony—which occurred *six* weeks ago—the Court should instruct the jury along the lines below, which is a modification of the instruction given in *United States v. Burch*:

> <u>The court generally does not provide transcripts, but instead will, in appropriate circumstances, read back requested testimony to the jury.</u> Because your request <u>for Mr. Bryant's testimony</u> may require a lengthy ~~and burdensome~~ read-back of the requested testimony, the court will consider allowing such a read-back only if you believe and state in further written communications to the court that the requested testimony is

> essential to your deliberations and that your collective recall of that testimony is inadequate.

See 928 F.Supp. 1066, 1067-68 (D. Kan. 1996), aff'd at 113 F.3d 1247 at *4 (10th Cir. 1997) (table). See also United States v. Keys, 899 F.2d 983, 988 (10th Cir. 1990).

Further, the government respectfully submits that the Court should provide the "Modified *Allen* Instruction" from the Tenth Circuit's Pattern at the same time and prior to a possible impasse.

<u>The Court Should Read Back Mr. Bryant's Testimony</u>

"[A] district judge has a duty to guide the jury toward an intelligent understanding of the legal and factual issues it must resolve, particularly when the jury asks a question revealing its confusion over the central issue of a case." *United States v. Olea-Monarez*, 908 F.3d 636, 639 (10th Cir. 2018) (*quoting Shultz v. Rice*, 809 F.2d 643, 650 (10th Cir. 1986)); *see also Bollenbach v. United States*, 326 U.S. 607, 612 (1946) ("When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy."). Thus, it is "within the sound discretion of the trial judge to determine whether the requested testimony should be read back to the jury." *Tyler v. United States,* 361 F.2d 862, 863 (10th Cir. 1966).

Although historically reading back testimony to the jury was disfavored in some other Circuits, *see Keys*, 899 F.2d at 988 (citing a Ninth Circuit case), more recent cases—including *Keys* itself—reveal that the Tenth Circuit permits readbacks, especially when the jury suggests that hearing the transcript read back to them could avoid jury deadlock. *See United States v. McElhiney*, 275 F.3d 928, 934-35 (10th Cir. 2001); *see also United States v. Fields*, 949 F.3d 1240, 1270-71 (10th Cir. 2019) (citing

*Sandoval v. Calderon*, 243 F.3d 765 (9th Cir. 2000)); *cf. United States v. Criollo*, 962 F.2d 241, 244 (2d Cir. 1992) ("It strikes us as far better to have such disputes resolved by read-backs, rather than to end up with a hung jury, a mistrial and another trial.").[1]

Considering the fact that Mr. Bryant testified *six* weeks ago, the modified *Burch* instruction is appropriate. Although the defendants in that case agreed to the readback of a portion of a witness' testimony, the Tenth Circuit described the district court's approach favorably and affirmed, holding that "the record clearly shows that the jury reached its verdict by reexamining and weighing the evidence." *Burch*, 113 F.3d 1247 at *4. Therefore, if the Court gives the instruction and they jury subsequently indicates that reading back Mr. Bryant's testimony is necessary to reach a verdict, the Court should do so.[2]

### The Court Should Provide the Jury the "Modified *Allen* Instruction"

The government respectfully submits that the Court should provide the "Modified *Allen* Instruction" from the Tenth Circuit's Pattern at the same time as the modified *Burch* instruction before any possible impasse. *See* Tenth Circuit Pattern Jury Instruction No. 1.42 (2021 ed.) (updated Apr. 2, 2021).

---

[1] In the Second Circuit, readbacks are preferred and, indeed, blanket prohibitions on readbacks are grounds for reversal. *See, e.g.*, *United States v. Escotto*, 121 F.3d 81, 84 (2d Cir. 1997) (stating a "clear preference for readbacks whenever they are requested by a deliberating jury[,]" and instructing that the Second Circuit has "explicitly held that it is not within the trial court's discretion to announce a wholesale prohibition on readbacks"); *United States v. Criollo*, 962 F.2d 241, 243 (2d Cir. 1992) (finding reversible error when a court prohibited testimony readbacks before jury deliberations).
[2] If the Court is inclined to do a partial readback (in the event the jury provides specific sections that are essential), *Burch* allows for that as well.

Providing the full charge from the Tenth Circuit Pattern—which reminds the jury that (1) "the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof" and (2) reminds each juror "not [to] surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict"—avoids risk of any coercion. *United States v. LaVallee*, 439 F.3d 670, 690 (10th Cir. 2006) ("[T]he District Court called the jury in to give the instruction on the court's own accord, before the jury indicated that it was deadlocked, which makes this instruction less coercive."); *United States v. Arney*, 248 F.3d 984, 989 (10th Cir. 2001) (describing "preference . . . that the *Allen* instruction be given prior to impasse or deadlock"). The Pattern Instruction also avoids unnecessary and prejudicial commentary on the complexity of the case or on the number of witnesses, both of which defense counsel have suggested. *See* R. Tr. Dec. 13, 2021 at 4:17-21, 10:24-11:2.

In the alternative, the government respectfully requests the Court to direct the jury to the entire set of jury instructions, with a plan to revisit the *Allen* charge should the jury reach an impasse.

Dated: December 13, 2021

                                                Respectfully submitted,

                                                /s/ Michael T. Koenig
                                                MICHAEL KOENIG
                                                HEATHER CALL
                                                PAUL TORZILLI
                                                CAROLYN SWEENEY

Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*