No Excel on Evidence Computer - can't view some documents

> I will ask JT to load Excel on it.

Can we get Post-Its?

> Yes. Let Ms. Grimm know what sizes and she will supply them to you.
>
> Judge Brimmer

Can we get a document camera in the deliberation room?

Yes. IT will connect one to the evidence cart.

Judge Brimmer
12-13-2021

1. Can the jury have a transcript of Robert Bryant's testimony?

2. We're trying to work our way past differences, but not making much headway. Can we get some guidance?

---

1. No. As I mentioned to you in my initial jury instruction on October 25, a typewritten copy of testimony will not be available for your use during deliberations.

2. As guidance, I suggest re-reading the instructions as a whole and then continuing your deliberations.

Judge Brimmer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: _12-15-21_　　　　　　　　Time: _~~4:00~~ 11:42 am_

_____ We have reached a verdict.

_____ We have a question.

**NOTE FROM JURY**

We have re-read the instructions (out loud), gone back through the evidence and matched it to individual/groups of defendants, and discussed the meanings of it all to each of us. Unfortunately, we cannot reach consensus on the defendants. Furthermore, we cannot reach consensus on whether there was an overarching conspiracy. After multiple votes, we cannot reach unanimity on a single defendant.

By:_____
　　　Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

By:_____
　　　Philip A. Brimmer
　　　Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 12-15-21    Time: 2:45 pm

____ We have reached a verdict.

_X_ We have a question.

**NOTE FROM JURY**

Clarification needed on Instruction #22 - the verbiage of the first sentence says, "... beginning at least as early as 2012 and continuing through at least early 2019..." Does this mean the conspiracy had to occure throughout this entire timeframe?

Also, can we get a copy of the instructions we were given in court after the last question?

By: [redacted]

**COURT'S RESPONSE TO NOTE FROM JURY**

#1 - As to Instruction No. 22, the answer is no.

Please keep in mind that the phrase "beginning at least as early as 2012 and continuing through at least early 2019" is also used in Instruction Nos. 14 and 15, which instructions involve a different burden of proof than Instruction No. 22.

#2 - Yes. A copy of the instruction that the Court read to you on Wednesday, December 15, is attached, marked as Instruction No. 41.

By: [signature]
Philip A. Brimmer
Chief United States District Judge

## Instruction No. 41

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

If you should fail to agree upon a verdict, the case is left open and may be tried again. Another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that another jury would find the job any easier.

You are reminded that each defendant is presumed innocent, and that the government, not the defendants, has the burden of proof and it must prove each defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved a defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved a defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are

convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 12-16-21          Time: 2:42 pm

_____ We have reached a verdict.

_____ We have a question.

**NOTE FROM JURY**

Many of us have looked through every document in the binders and we have discussed, as a group, every document anyone found important. We have tried creating graphic summaries of our thoughts and using evidence to prove guilt or innocence, respectively. After scouring the evidence, we still have firm convictions on both sides of the debate. We do not believe we can reach consensus on any of the ten defendants.

By: [redacted]

**COURT'S RESPONSE TO NOTE FROM JURY**

By: _____
Philip A. Brimmer
Chief United States District Judge