IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1.  JAYSON JEFFREY PENN, <br> 2.  MIKELL REEVE FRIES, <br> 3.  SCOTT JAMES BRADY, <br> 4.  ROGER BORN AUSTIN, <br> 5.  TIMOTHY R. MULRENIN, <br> 6.  WILLIAM VINCENT KANTOLA, <br> 7.  JIMMIE LEE LITTLE, <br> 8.  WILLIAM WADE LOVETTE, <br> 9.  GARY BRIAN ROBERTS, and <br> 10. RICKIE PATTERSON BLAKE, <br><br> Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A JOINT MOTION *IN LIMINE* TO PROHIBIT WITNESSES FROM DESCRIBING INFORMATION SHARING AS "WRONG", "IMMORAL" OR OTHERWISE INAPPROPRIATE**

Defendants, by and through undersigned counsel, and pursuant to this Court's December 22, 2021 Order Re-Setting Trial Dates and Deadlines (ECF No. 925), respectfully seek leave to file the attached motion *in limine* to prohibit witnesses from describing information sharing as "wrong", "immoral" or otherwise inappropriate.

Defendants' motion is based in part on the Second Circuit's recent reversal of convictions in *United States v. Connolly*, a case in which the government similarly attempted to use lay testimony describing conduct as "wrong" as evidence that the defendants had committed the charged crime. 2022 U.S. App. LEXIS 2566 (2d Cir. Jan. 27, 2022). The court made clear such

opinions are irrelevant and unhelpful because the issue is whether the conduct violates the statute. The decision leads directly to the conclusion that such testimony should be prohibited. *See Connolly*, 2022 U.S. App. LEXIS 2566. The motion relies also on additional precedent that is on point and buttresses the relevancy and persuasive authority of the Second Circuit's analysis of the issue.

The request is based also on the Court's prior rulings (ECF Nos. 603 & 604) and the reality of how the government's strategy at trial of repeatedly eliciting testimony of customer opinions as well as that of Robert Bryant, the alleged co-conspirator, affected the trial. The Court initially granted Defendants' motion to exclude evidence regarding internal compliance policies or codes of conduct "since those are not standards by which the jury will need to assess the charge in this case." (ECF No. 603 at 6-7.) With respect to testimony regarding "wrong" or "improper" conduct, however, the Court ruled that "whether a witness believes something was 'wrong' or improper *may* be relevant to the jury's determination of the elements of Count One", reasoning that "[t]here is little danger of jury confusion given the ability of [D]efendants to explore what a witness had in mind." (ECF No. 604 at 3-4) (emphasis added).) The Government then elicited irrelevant, unfairly prejudicial testimony about lawful conduct from customers, whose personal beliefs, opinions, and desires are irrelevant; indeed, are impediments to the fair determination of whether there was a conspiracy to rig bids or fix prices. (*See, e.g.*, 10.27.21 Tr. 267:15-269:4 (Olson); 11.3.21 Tr. 1289:3-10 (Lewis); 11.8.21 Tr. 1893:8-22 (Smith); 11.8.21 Tr. 2055:9-25 (Ledford); 11.15.21 3013:21-3014:11 (Skalak); 11.17.21 Tr. 3403:4-3404:9 (Hoyt); 11.17.21 Tr. 3341:18-25 (Brink).) The government's strategy caused the Court to sustain a number of contemporaneous objections. (*See, e.g.*, 11.3.21 Tr. 1309:6-1310:3 (Lewis).)

The Court now has "a frame of reference beyond that available to a court ruling on limine motions in anticipation of evidence" to inform the Court's re-evaluation of evidentiary issues material to the re-trial. *See United States v. Wittig*, 425 F. Supp. 2d 1196, 1205 (D. Kan. 2006) *rev'd sub nom. on different grounds*, *United States v. Lake*, 472 F.3d 1247 (10th Cir. 2007). Specifically, the Court can, and should, take "into account . . . abusive tactics with respect to certain limine rulings" at the first trial when reconsidering motions for the re-trial. *Id.* (D. Kan. 2006) (explaining that "[t]he Court's limine rulings at the second trial necessarily took into account the defendants' abusive tactics with respect to certain limine rulings.").

Accordingly, Defendants respectfully request the Court grant leave to file the attached motion *in limine* to prohibit any testimony describing information sharing as "wrong", "immoral" or otherwise inappropriate and testimony regarding witnesses' reasons for holding such beliefs.

Dated:  February 3, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

s/ Barry J. Pollack
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ John A. Fagg, Jr.*