IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## NOTICE REGARDING THE OFFERING OF EXHIBITS WITHOUT A SPONSORING WITNESS OR AN AUTHENTICATING WITNESS

The government respectfully provides this notice of regarding the offering of exhibits without a sponsoring witness or an authenticating witness. On January 14, 2022, the government provided the Court with a list of exhibits it anticipated introducing without a sponsoring witness. ECF No. 937.1. On February 9, the Court ruled many of those exhibits to be admissible, ECF Nos. 1031 & 1031-1, and ruled several more to be admissible at the February 10 trial preparation conference. *See* ECF No. 1031. The parties subsequently entered into an agreement, to which they are bound by Court

order, *see* ECF Nos. 1071 (Agreement) & 1073 (Order), regarding the authenticity of many of those exhibits. Therefore, the government intends to introduce them without a sponsoring witness or an authenticating witness[1] towards the beginning of its case-in-chief: after the testimony of Special Agent Taylor and a few remaining authentication witnesses, and before the testimony of Ms. Rachel Evans, who will then sponsor the government's summary exhibits.

In the interest of admitting the exhibits efficiently and allowing the jury to view them in a digestible manner, the government does not plan to publish them at the time they are introduced. Instead, the government will seek to publish subsets of the exhibits at various times throughout trial.[2] The exhibits fall into the following five categories:

## I.   Telephone Records

Attachment 1 to this notice lists voluminous telephone records, record excerpts, and subscriber information produced by AT&T and Verizon that are authenticated and admissible as business record by agreement of the parties and order of the Court. ECF Nos. 1071, 1073.[3]

---

[1] The government anticipates eliciting testimony authenticating approximately three of the documents described herein prior to their introduction.

[2] Approximately 20 of the 290 documents described herein will be accompanied by limiting instructions. The government submits that the limiting instruction should be read to the jury at the time of publication rather than admission into evidence.

[3] All of the exhibits in Attachment 1 were admitted in the first trial.

## II. Exhibits Ruled Admissible Before Trial

Attachment 2 to this notice lists (a) exhibits that the Court previously deemed admissible, ECF 1031-1,[4] that have since been authenticated by agreement of the parties and order of the Court,[5] ECF Nos. 1071 & 1073, and (2) exhibits that the Court ordered must be admitted under the rule of completeness alongside other exhibits contained in Attachment 2.

## III. Exhibits Ruled Admissible by the Court's *James* Orders

The government also intends to offer an additional seven documents previously deemed admissible as coconspirator statements by the Court's original and supplemental *James* orders. ECF Nos. 559, 1050. Those documents are government's exhibits 108 (log 51), 109 (log 52), 113 (log 50), 330 (log 88), 498 (log 174), 563 (log 152), and 564 (log 153).

## IV. Documents Admissible Under Rule 801(D)(2)(A)

The government intends to offer an additional six documents under 801(d)(2)(A) that were contained on the government's supplemental *James* log as coconspirator statements, but denied by the Court due to timeliness. Those documents are as follows:

- GX 247, admitted in the previous trial against defendant Little
- GX 1700, admitted in the previous trial against defendant Brady
- GX 1256, admissible against defendants Penn, Austin, and Lovette
- GX 1713, admitted in the previous trial against Defendant Austin
- GX 1258, admissible against defendant Lovette

---

[4] At the February 10, 2022, pretrial conference, counsel for defendant Kantola raised a new challenge to the admissibility of three documents under Fed. R. Evid. 801(d)(2)(e) based on an FBI agent notes of an interview of coconspirator Bruce Mackenzie in which he denied participation in the conspiracy. GX 1519, 1521, 1521-1. The Court reserved ruling.

[5] Attachment 2 also includes GX 9748, a stipulation by the parties.

- GX 8098, admissible against defendant Lovette

## V. Press Release

Lastly, the government plans to offer GX 356, a Chick Fil-A press release announcing the company's conversion to Antibiotic Free Chicken. In the prior trial, Meyer Skalak laid the business record foundation for this document. Based on the party's agreement, the Court may consider authenticating testimony from the prior trial. *See* ECF No. 1071. In addition, a press release is such that the Court may judicially notice that such a document meets the requirements of 803(6) based on the nature of the business entity and the record in question. *See FDIC v. Staudinger*, 797 F.2d 908, 910 (10th Cir) (1986) ("[T]here is no requirement that the party offering a business record produce the author of the item."). As such, the "inconvenience that would result in having" Mr. Skalak, who has no knowledge of the defendants' conspiratorial acts, travel to Denver to lay business record foundation is outweighed by the reliability of the record. *United States v. Hines*, 564 F.2d 925, 928 (10th Cir. 1977)

Dated: February 22, 2022                Respectfully submitted,

/s/ Heather D. Call
HEATHER CALL
MICHAEL KOENIG
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-2623
Email: heather.call@usdoj.gov
*Attorneys for the United States*

4