IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

---

### UNITED STATES' BRIEF ON MEANING OF "CONSPIRACY" IN FED. R. EVID. 801(d)(2)(E)

---

Rule 801(d)(2)(E) uses the term "conspiracy," but the types of statements the rule is intended to reach are broader than what is contemplated in substantive criminal law. As the Seventh Circuit has explained, statements of coconspirators are "classified as nonhearsay party admissions on the theory that members of a conspiracy . . . are agents of one another." *United States v. Coe*, 718 F.2d 830, 835 (7th Cir.1983). Thus, although substantive conspiracy laws impose criminal penalties for coordinated

wrongdoing, Rule 801(d)(2)(E) is an evidentiary rule which has been read by several circuit courts to extend to statements made in furtherance of lawful joint ventures.

For purposes of Rule 801(d)(2)(E), the goal of the identified conspiracy needs not be criminal or even illicit. As a leading treatise recognized, "admissibility under Rule 801(d)(2)(E) does not turn on the criminal nature of the endeavor." § 6778 *Conspirator Statements*, Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6778 (2021 ed.) (quoting *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011)). *See also* § 6:18. Co-conspirator's statement, 2 Wharton's Criminal Evidence § 6:18 (15th ed.) ("At least six circuits appear to have adopted this theory."); *United States v. Layton*, 855 F.2d 1388, 1398 (9th Cir. 1988) ("[W]e conclude that the district court correctly determined that Rule 801(d)(2)(E) applies to statements made during the course and in furtherance of any enterprise, *whether legal or illegal*, in which the declarant and the defendant jointly participated.") (emphasis added).

Because the admissibility of the declarant's statement "comes from the law of agency," *id.*, Rule 801(d)(2)(E) "embodies the long-standing doctrine that when two or more individuals are acting in concert toward a common goal," the statements are admissible. *United States v. Weisz*, 718 F.2d 413, 433 (D.C. Cir. 1983). As long as the parties are acting towards a common goal or "common plan," then, the statements fall under the purview of Rule 801(d)(2)(E). *El-Mezain*, 664 F.3d at 502; *Coe*, 718 F.2d at 835.  This is commonly referred to as the "joint venture" exception. *El-Mezain*, 664 F.3d at 503 (declining defendants' invitation to reject the "so-called 'lawful joint venture theory'" because "our circuit has embraced" it).

To assuage any concerns that the "joint venture" exception is unbounded, the Third Circuit has explained that "Rule 402 [relevance] affords adequate protection against admission of statements in furtherance of joint undertakings that are remote and unrelated to the conspiracy relied upon as a basis for liability." *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 262–63 (3d Cir.1983), *rev'd on other grounds sub nom. Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The rule requires only that the government's proposed "conspiracy" be "factually intertwined" with the offense for which the defendant is being tried. *United States v. Lyles*, 593 F.2d 182, 194 (2d Cir. 1979); *United States v. Kendall*, 665 F.2d 126, 131 (7th Cir. 1981); *Layton*, 855 F.2d at 1398.[1]  As an example, in a criminal case charging defendants with providing and receiving kickbacks, the Tenth Circuit has upheld a district court's admission of evidence based on a non-criminal "common plan to put together and facilitate and operate and carry out the relationship of Baptist Medical Center and Blue Valley Medical Group for the continuum of care." *United States v. Anderson*, 85 F. Supp. 2d 1047, 1079 (D. Kan. 1999), *rev'd sub nom. United States v. McClatchey*, 217 F.3d 823 (10th Cir. 2000), *and aff'd sub nom. United States v. Lahue*, 261 F.3d 993 (10th Cir. 2001).

Finally, the Notes of Committee for Rule 801 also acknowledge the "joint venture" doctrine, with no indication that this perspective has been abrogated. As the Notes of Committee on the Judiciary, Senate Report No. 93-1277 explained: "While the rule

---

[1] The defendants remain free to impeach or attack the credibility of the declarant by introducing additional evidence.

3

refers to a coconspirator, it is this committee's understanding that the rule is meant to carry forward the *universally accepted doctrine* that a joint venturer is considered as a coconspirator for the purposes of this rule even though no conspiracy has been charged." (emphasis added). There is no reason for the Court to deviate from this well endorsed view.[2]

Dated: February 28, 2022

Respectfully submitted,

*/s/ Yixi (Cecilia) Cheng*
YIXI (CECILIA) CHENG
MICHAEL KOENIG
HEATHER CALL
PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
Washington D.C. 20530
Tel: (202) 705-8342
Email: yixi.cheng@usdoj.gov
*Attorneys for the United States*

---

[2] Alternatively, the government may seek additional bases of admissibility—*e.g.*, as effect on listener—for the statements by Bruce MacKenzie in GX-1519, 1521, and 1521-1.