# Attachment 1

Trial Tr. *United States v. Hayter Oil Company, Inc.*

```
     PAGE:1
 1
 2                 IN THE UNITED STATES DISTRICT COURT           FOR THE EASTE
 3           NORTHERN DIVISION, AT KNOXVILLE, TENNESSEE
 4     United States of America,                 :
 5                              Plaintiff,       :
 6     Vs.                                       :   No. Cr.
 7     Hayter Oil Company, Inc.,                 :       and Sonny Wayne Marsh,
 8                                               :                            Def
 9
10                     JURY INSTRUCTIONS
11         Excerp of proceedings before the Honorable      James H. Jarvis on No
12     APPEARANCES:
13                     ON BEHALF OF THE PLAINTIFF:
14
15                     William D. Dillon                    William G. Trayno
16                     U.S. Department of Justice
17                 ON BEHALF OF THE DEFENDANT:
18                       Frank Johnstone
19                     Roger W. Dickson                     John T. Rogers
20                       Attorneys at Law
21
22                       Jolene Wagner, R.P.R.
228 Federal Bldg. and Courthouse
23                       P.O. Box 2201                      Knoxville, Te
24                       (615) 522-6585
25
     PAGE:2
                                    Volume 17
        November 24, 1993
 1              THE COURT:  Thank you, gentlemen.  Ladies and
 2     gentlemen of the jury, we are going to take a break now
 3     for lunch.  Be back at one o'clock, please.  I Will
 4     give you the charge and then you can begin your
 5     deliberation.  Don't discuss the case with anyone.
 6     Don't think about the lawsuit over the lunch hour.  Be
 7     back at one o'clock, please.
 8              (Off the record).
 9              THE COURT:  Members of the jury, now that you
10     have heard the evidence and arguments of counsel it
11     comes my duty to give you the instructions applicable
12     to this case.  It's your duty as jurors to follow the
13     law as stated in these instructions and to apply the
14     rules of law so given to the facts, as you find them
15     from evidence in the case.
16              Counsel have quite properly referred to some
17     of the governing rules of law in their arguments.  If,
18     however, any difference appears to you between the law
19     as stated by the counsel and that stated by the Court
20     in these instructions you are, of course, to follow the
21     instructions of the Court.
22              You are not to single out any one instruction
23     alone as stating the law but must consider the
24     instructions as a whole.  Neither are you to be
25     concerned with the wisdom of any rule of law, as stated
     PAGE:3
        November 24, 1993
 1     by the Court.  Regardless of any opinion you may have
 2     as to what the law ought to be, it would be a violation
```

```
            November 24, 1993
 1      indictment is knowingly arriving at an agreement or
 2      mutual understanding in an unreasonable restraint of
 3      interstate trade or commerce.  Mere association of
 4      persons who are conspiring or knowledge that something
 5      illegal is going on between themselves does not in law
 6      constitute proof or participation in a conspiracy.
 7      Similarly, in the absence of an agreement on a course
 8      of action to fix prices it is not unlawful for
 9      competitors to meet and exchange information about
10      independently derived prices.
11              In determining whether or not one or any one
12      of the defendants before you is a participant in the
13      conspiracy charged.  In the indictment, you may only
14      consider the evidence relating to the specific
15      defendant, that specific defendant.  Evidence of some
16      alleged separate conspiracy not charged in the
17      indictment may not be considered to determine whether a
18      defendant is a member of the conspiracy alleged in the
19      indictment.
20              The statute of limitations for the offense
21      charged in the indictment is five years.  This means
22      that you cannot find a defendant guilty, unless you
23      find beyond a reasonable doubt that a conspiracy
24      continued or existed and that acts were done by the
25      parties in furtherance of that conspiracy on or after
    PAGE:33
            November 24, 1993
 1      July 21st, 1988 which is five years before the date on
 2      which this indictment was returned.  This does not
 3      mean, however, that you must exclude from consideration
 4      evidence of acts or conduct occurring before July 21,
 5      1988.  A conspiracy maybe a continuing thing which may
 6      be proved by a composite of acts.  Therefore, you may
 7      consider evidence of the defendant's conduct before
 8      July 21st, 1988.
 9              A conspiracy is a partnership in a criminal
10      purpose that continues as long as its purposes have
11      neither been accomplished nor abandoned.  All acts that
12      intentionally further the goals of the alleged
13      conspiracy, even the act of a single conspirator:  and
14      even an act lawful by itself may be a part of a
15      conspiracy and may keep it in existence.
16              If you find the alleged conspiracy was formed
17      before the five year period, but within the five year
18      period certain acts were done and performed by the
19      parties or declarations made by them in furtherance of
20      the objectives of alleged conspiracy to satisfy you
21      that the conspiracy was still in existence on or after
22      July 21st, 1988, then you should determine whether each
23      defendant was a member of the conspiracy after that
24      date.
25              If you should find beyond a reasonable doubt
    PAGE:34
            November 24, 1993
 1      from the evidence in the case the conspiracy charged in
 2      the indictment was knowingly formed and that the
 3      defendants knowingly became members of that conspiracy
 4      as charged, then the fact that a defendant may not have
 5      known that his or its conduct was unlawful under a
```