IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 03/24/2022         Time: 130

____ We have reached a verdict.

__X__ We have a question.

**NOTE FROM JURY**

Clarification on instruction #26 (last paragraph) "performed some act, does that include signing of contracts prior to ~~2015~~ 2015?" Can evidence prior to 2015 be considered?

By: ▮▮▮▮▮▮▮▮▮▮▮▮
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Question No. 1 — No. The act of signing a contract before the dates noted in Instruction No. 26 does not constitute performance.

Question No. 2 — No. Acts performed before the dates noted in Instruction No. 26 cannot be considered for purposes of Instruction No. 26.

By: _____
Philip A. Brimmer
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3·24·2022                             Time: 3:30

___ We have reached a verdict.

_X_ We have a question.

**NOTE FROM JURY**

We're stumped on contradictory dates. Please elaborate!
- jury instructions 17-18 appear to direct our consideration of evidence between 2012-2019.
- now, after previous answer - we are further confused
- what dates range does jury instruction #26 exclude from our consideration of evidence due to statue of limitations?
* please "dumb down" response for us + elaborate! ☺

By: ███████████
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Please see attached note.

By: _____
Philip A. Brimmer
Chief United States District Judge

The dates in Instruction Nos. 17-18 relate to the charge of conspiring to rig bids and fix prices. The elements of that charge are explained in Instruction Nos. 17-24. The dates in Instruction No. 26 relate to a different topic — the statute of limitations. A statute of limitations is a law providing that a conviction is barred if the government does not file charges within a prescribed period of time. As noted in Instruction No. 26, the statute of limitations for Section 1 of the Sherman Act is five years.

Thus, even if the jury were to find that the government has proved the charge of conspiring to rig bids and fix prices against a defendant, the jury could not find that defendant guilty unless it also finds that the government has proved beyond a reasonable doubt that the alleged conspiracy existed at some point within the period of the statute of limitations, which dates are set forth in Instruction No. 26. Please see paragraph three of Instruction No. 26.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-24-2022   Time: 5:30

____ We have reached a verdict.

__X__ We have a question.

**NOTE FROM JURY**

If evidence shows actions of collusion for individual occured in 2014, but no future evidence within Statue of limitations — then does that warent a "not guilty" verdict for that individual?

By: ███████████████
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Please see attached note.

By: _____
Philip A. Brimmer
Chief United States District Judge

An act in furtherance of the conspiracy that occurred in 2014, while possibly relevant to the charge of rigging bids and fixing prices during the time period identified in Instruction No. 17, would not be relevant to the statute of limitations as explained in Instruction No. 26.  This is because the relevant dates in Instruction No. 26 are after June 2015 as to four defendants and after October 2015 as to the other defendants. Moreover, for purposes of the statute of limitations, it is not necessary that the government prove that each defendant performed some act in furtherance of the conspiracy after one of those dates.  As Instruction No. 26 states, to prove that the conspiracy existed within the statute of limitations, the government must prove beyond a reasonable doubt that one or more members of the conspiracy performed some act after the applicable date in furtherance of the conspiracy.

Jury Note No. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-28-22    Time: 10:48 am

____ We have reached a verdict.

✓ We have a question.

**NOTE FROM JURY**

re: ~~Limiting Instructions~~ of the relevants,
~~Where are the limiting instructions for each exhibits noted?~~
Were round 1 (R1) to round 4 (R4) bid information for KFC 2017 provided in the exhibit binders or ~~on~~ jump drive? If yes, can the exhibits be listed off?

By: [redacted]
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

#1: You have been provided with all of the admitted exhibits.

#2: The Court is not able to provide you with that information. Rather, it is up to the jury to review the exhibits and to do so in light of the Court's instructions.

By: [signature]
Philip A. Brimmer
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Jury Note No. 5.

Date: 3-28-22          Time: 10:48 am

_____ We have reached a verdict.

_____ We have a question.

**NOTE FROM JURY**

Were R2-R4 bid information around for KFC 2014 provided in the exhibits Binders or jump drive? If yes, can the exhibits be listed off?

By: [redacted]
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Please see the Court's response to Jury Note No. 4.

By: [signature]
Philip A. Brimmer
Chief United States District Judge

Jury Note No. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-28-22          Time: 10:48 am

____ We have reached a verdict.

✓ We have a question.

**NOTE FROM JURY**

Can an exhibit index and relevant limiting instruction be provided? (or please clarify where they're at in our info, if we already have this) If the exhibits have a limiting instruction are they not in the binder?

By: ▓▓▓▓▓▓▓▓▓▓
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Please see the Court's response to Jury Note No. 4.

The limiting instructions have not been provided to you in your binders or on the thumb drives. Instead, you should rely on your memories regarding the limiting instructions the Court gave.

By: /s/ Philip A. Brimmer
Philip A. Brimmer
Chief United States District Judge

Jury Note No. 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-28-22     Time: 10:48 am

____ We have reached a verdict.

✓ We have a question.

**NOTE FROM JURY**

If we cannot unanimously agree on a verdict for ANY of the 10 defendants at what point would we submit this, and would it end deliberations?

By: [redacted]
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

If the jury reaches an impasse, the jury can let the Court know by a note, and the Court may provide further instructions.

By: [signature]
Philip A. Brimmer
Chief United States District Judge

Jury Note No. 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-28                      Time: 11:20

_____ We have reached a verdict.

_____ We have a question.

**NOTE FROM JURY**

Where is the manilla folder a defendants lawyer said contained information we needed to review? We believe it was said during closing arguments.

Thanks!

By: ███████████████
Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

Please see the Court's response to Jury Note No. 4.

By: _____
Philip A. Brimmer
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3-28-22     Time: 4:15

___ We have reached a verdict.

✓ We have a question.

**NOTE FROM JURY**

We're at an impasse, can you direct accordingly.

By: █████████████
Foreperson

***COURT'S RESPONSE TO NOTE FROM JURY***

By:_____
Philip A. Brimmer
Chief United States District Judge

## Instruction No. 44

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

If you should fail to agree upon a verdict, the case is left open and may be tried again. Another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that another jury would find the job any easier.

You are reminded that each defendant is presumed innocent, and that the government, not the defendants, has the burden of proof and it must prove each defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved a defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved a defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are

convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE PHILIP A. BRIMMER

Date: 3/29/22                              Time: 3:26

____ We have reached a verdict.

✓ We have a question.

**NOTE FROM JURY**

We continue to be at an impasse & cannot come to to consensus verdict on any of the ten defendants. What to do we do now.

By:_____
   Foreperson

**COURT'S RESPONSE TO NOTE FROM JURY**

By:_____
   Philip A. Brimmer
   Chief United States District Judge