IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN, and
5      WILLIAM WADE LOVETTE,

       Defendants.

No. 20-cr-00152-PAB

## DEFENDANTS' JOINT OPPOSITION TO UNITED STATES' NOTICE OF EXCLUDED TIME UNDER THE SPEEDY TRIAL ACT AND REQUEST FOR UPDATED TRIAL DATES

The Court should ignore the government's "Notice of Excluded Time Under the Speedy Trial Act and Request for Updated Trial Dates." If the government wants to move the trial date, it should file a motion. Defendants oppose the government's "request," and would oppose any motion seeking to delay the start date of the third trial in this long-pending action. As the government emphasized before it replaced its trial team, "the public interest in re-trying this high-profile case *as soon as possible* is manifest." Doc. 929 at 1 (emphasis added). The public interest, the Court's interest, and Defendants' interest in proceeding on-schedule outweigh any government interest in delay. The government's asserted justification for delay—a vague concern about jurors' focus during a weeklong break—is groundless. The government deserves no extra time to prepare its case for a third trial. It had ample time to prepare for trial twice before. The Court should deny the government's request.

**ARGUMENT**

The government says that it needs scheduling relief to circumvent a mid-trial break of one week. *See* Doc. 1288 at 1, 5. It speculates that a break *might* cause jurors to lose focus on the case or *might* risk exposing them to outside information about the case. *Id.* But the parties' and the Court's experience during the first trial shows the government's concern to be completely unfounded. The schedule during the first trial included a lengthier delay than one week, and none of the speculative risks that the government now raises materialized. *See* Cert. Tr. 4203:21-22 (Nov. 24, 2021) ("I'll see you back December 6th at 8:30.").

Unsurprisingly, neither of the cases that the government cites support its request. The juxtaposition could not be clearer between the pre-planned and finite weeklong break in this case and the unexpected and indefinite delays at issue in those cases. In *Commonwealth v. Baro*, 897 N.E.2d 99 (Mass. App. Ct. 2008), the court weighed the interests of defendant's confrontation rights against the "orderly conduct of a trial" when the defendant absconded during a lunch recess and could not be found for "five months." *Id.* at 102-03 & n.4 (quotation omitted). The Massachusetts appellate court reasoned that the trial court did not err in allowing the jury to render a verdict in the defendant's absence, where the absence began after the jury had commenced deliberations. *Id.* at 103. And in *United States v. Armstrong*, 2010 WL 4275232 (W.D. Pa. Oct. 25, 2010), *aff'd sub nom. United States v. Diehl-Armstrong*, 504 F. App'x 152 (3d Cir. 2012), the court adjudicated a defendant's request for a mid-trial continuance of "more than a week" to wait for a witness to return to the United States. *Id.* at *3. The court denied the request for a continuance, noting, among other things, that an indefinite, unexpected delay could hinder the jury in carrying out its duty. *Id.* Notably absent from both cases is any discussion

about the impact of a pre-planned, finite break of a single week.

The equities weigh solidly in favor of this case proceeding on schedule. First, as the government itself recognized, the public has a strong interest in the resolution of this case "as soon as possible." Doc. 929 at 1 ("[T]he public interest in re-trying this high-profile case as soon as possible is manifest."); *cf.* Doc. 931 at 2 (noting the Speedy Trial Act promotes "the public interest in ensuring prompt criminal prosecutions" (citing *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007)). The Court's interest also weighs in favor of maintaining the current schedule: this case has burdened the Court and its staff, consuming time and resources that would be better allocated to other urgent cases. Delaying trial would only add to that burden.

Defendants' interests also weigh against delay. Defendants and their families have lived under the cloud of indictment for nearly two years. They have endured two lengthy criminal trials, with all of the attendant uncertainties and disruptions. Their personal and professional lives have been upended. And the government's insistence on trying this case a third time— despite two juries declining to find *a single defendant* guilty—has inflicted a heavy emotional toll on them. The Speedy Trial Act and the Sixth Amendment speedy trial right do not countenance the subjection of Defendants to a state of uncertainty and impaired liberty for longer than is reasonably necessary. *See United States v. Abdush-Shakur*, 465 F.3d 458, 464 (10th Cir. 2006) (noting the Sixth Amendment right to a speedy trial similarly protects against the "substantial[] impairment of liberty imposed on an accused while released on bail" and "the disruption of life caused by . . . the presence of unresolved criminal charges" (quotation omitted)). Yet that is exactly what the government proposes to do here.

The current trial schedule will provide for the focused, "streamlined" case that the

government says it wants. Neither jury in the past two trials lacked focus or made a decision on the basis of outside information, much less as a result of breaks in the action. There is no basis for further delay in this long-running action. The Court should deny the government's request.

## CONCLUSION

For the foregoing reasons, the Court should deny the government's request.

Dated: May 4, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: May 4, 2022

*s/ Michael F. Tubach*

Michael F. Tubach