IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| JAYSON JEFFREY PENN, MIKELL REEVE FRIES, SCOTT JAMES BRADY, ROGER BORN AUSTIN, WILLIAM WADE LOVETTE, | No. 20-cr-00152-PAB |
| Defendants. | |

**DEFENDANTS' JOINT OPPOSITION TO THE GOVERNMENT'S MOTION TO COMPEL RULE 26.2 STATEMENTS OF DEFENSE WITNESSES**

Federal Rule of Criminal Procedure 26.2 provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Fed. R. Crim P. 26.2(a). Moreover, a defendant is only obligated to produce a Rule 26.2 statement if (1) the statement is in the defense attorneys' possession and (2) the statement relates to the subject matter of the witness's testimony. Even then, the statement need not be produced until after the witness testifies on direct examination. Fed. R. Crim. P. 26.2.

The Defendants have already informed the government that they are aware of their Rule 26.2 obligations and will disclose any statements at the appropriate time under the Federal Rules. *See* Doc. 1302-1 at 2 (April 22, 2022 email from Bryan Lavine). The motion can be denied on this basis alone.

1

But the government's motion goes further, and seeks an order compelling early disclosure of defense witness statements beyond what is required by the Rule 26.2. Even if the Defendants had any Rule 26.2 material to disclose, the requested relief of imposing an arbitrary, early deadline to produce it would be inappropriate and contrary to Defendants' constitutional rights. It is "undoubted law, axiomatic and elementary," which lies "at the foundation of the administration of our criminal law," that "there is a presumption of innocence in favor of the accused." *Estelle v. Williams*, 425 U.S. 501, 503 (1976) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)). This means that Defendants have a constitutional right to "remain inactive and secure until the prosecution has taken up its burden and produced evidence and effected persuasion"—in other words, to refrain from putting on any evidence at all and holding the government to its burden of proof. *See Taylor v. Kentucky*, 436 U.S. 478, 483 n. 12 (1978) (quotation omitted). This puts the Defendants' disclosure obligations in a different position from those of the government, which has the burden of proof and whose only interest in a criminal proceeding "is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). Unlike the government, the Defendants have the right to wait until the close of the government's case to decide whether they plan to introduce any evidence at all. This is consistent with the timing in Rule 26.2 and the Jencks Act, requiring disclosure "only after the witness has testified on direct examination at trial." *United States v. Nevels*, 490 F.3d 800, 803 (10th Cir. 2007).

The government's attempts to justify early disclosure here are meritless. First, it claims that defense witnesses who were called at prior trials have now testified on direct examination under the rules. Doc. 1302 at 1. Defendants are aware of no legal support for the claim that

testifying at a prior trial triggers Rule 26.2 disclosure obligations for expected testimony at a future trial.  And the government's motion offers none.  This is to be expected.  The Defendants maintain the presumption of innocence at the third trial, and so may produce fewer or no witnesses, based entirely on the evidence the government chooses to present in the future.

The government's only other justification for requiring early disclosures is the hazy idea that the Court has "the authority" to do so.  Doc. 1302 at 2.  But even here, the government's legal authority is misplaced.  *United States v. Lujan* was a death penalty case in which the **defendants** requested early Rule 26.2 disclosures because "death is different" and "outweigh[s] the dictates" of the Rules of Criminal Procedure.  530 F. Supp. 2d 1224, 1253 (D.N.M. 2008).  The court noted that, even in death penalty cases, it is generally prohibited from requiring early disclosure of Rule 26.2 or Jencks Act statements under the plain meaning of the rules, but that it may nonetheless do so if the parties voluntarily agree to an earlier deadline.  *Id.* at 1254.  The *Lujan* court concluded, that "[b]ecause the Government has voluntarily agreed to early disclosure," it would order the government to follow through with its commitment, and then require reciprocal disclosure from defendants.  *Id.* at 1254-55.  The government's other authority, *United States v. W.R. Grace* does not relate to Rule 26.2 statements at all, but instead addresses whether a trial court has the authority to order **the government** to disclose a pretrial witness list under Rule 16.  526 F.3d 499, 512-13 (9th Cir. 2008).

Defendants understand their obligations under Rule 26.2 and will disclose any statements at the appropriate time under the Federal Rules.  However, the government's request for early disclosure is unsupported regardless.  The motion should be denied.

Dated: May 12, 2022

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: May 12, 2022

*s/ Michael F. Tubach*

Michael F. Tubach