**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. WILLIAM WADE LOVETTE,

    Defendants.

**OMNIBUS AGREEMENT REGARDING AUTHENTICITY, FEDERAL RULE OF EVIDENCE 803(6) FOUNDATION, VENUE, PHONE RECORDS, AND PLACES OF EMPLOYMENT**

The United States of America and all five defendants (the "Parties"), by and through counsel, hereby enter into the below agreement (the "Agreement") for this trial only.[1] This Agreement is reached with the understanding that the Court has ordered that all objections and rulings in either prior trial are preserved unless otherwise ordered, ECF 1263. This Agreement is predicated on those earlier objections being preserved. Notwithstanding this Agreement, with respect to handwriting, all Parties reserve the right to make authentication arguments and objections, whether or not those handwritten

---

[1] In addition to entering into the Agreement contained herein, the parties are continuing to negotiate in good faith towards additional evidentiary agreements that will further streamline trial.

documents are attached to emails that fall within the categories of exhibits contained in this list. The Parties hereby agree as follows:

**I.        Authenticity of Certain Exhibits; Authentication Testimony**

The Parties agree that, subject to the aforementioned limitation on handwriting, no party will object on the grounds of authenticity to the admission of any exhibit admitted in either prior trial, with the agreement (and the concurrence of the Court) that all prior objections to authenticity made in either prior trial are preserved. This part of the Agreement does not extend to any objections other than authenticity. The Parties also agree that to the extent a witness authenticated any particular exhibit or range of exhibits in either prior trial, the Court can rely on that testimony in making authentication rulings in this trial. The Parties agree that the exhibits listed in Attachment A to this Agreement shall be subject to this part of the Agreement.[2]

The Parties further agree that the United States shall not object to the authenticity of any document(s) produced by the United States during discovery to the defendants for purposes of this trial only, provided the document(s) have not been altered, do not contain handwriting, or were not prepared in anticipation for litigation, such as White Papers or information letters.

---

[2] The intention of the Parties is for the attached list to be inclusive of all exhibits contained in Docket No. 1093-2 and those that were successfully introduced at either of the previous two trials, with the exception of any exhibits that included handwriting. Any omission of any non-handwriting exhibits, introduced by any party in either prior trial, is unintentional.

## II. Authenticity & Business Records Foundation of Phone Records

The Parties further agree that all phone records produced by Verizon, AT&T, Comcast, Charter, T-Mobile, Fusion, C Spire, and Windstream to any Party shall be deemed authentic and deemed to meet the requirements of Federal Rule of Evidence 803(6) subject to the further stipulation that for all records produced by Verizon, the elapsed time shown for a call record has been rounded up to the nearest minute, including that any call less than a minute is listed as a one-minute call, and that the call records produced by AT&T show a time in UTC regardless of the actual time zone of the person making or receiving the call.

## III. Business Records Foundation of Certain Exhibits

For this trial only, the Parties agree that no Party will object on the grounds that the exhibits set forth in Attachment B do not meet the business records foundation requirement of Rule 803(6), with the agreement (and the concurrence of the Court) that all prior objections to the exhibits in Attachment B on Rule 803(6) foundation grounds are preserved. To the extent a prior agreement to the Rule 803(6) foundation of an exhibit listed on Attachment B was conditioned on any redactions or other limitations, the Parties agree that the same redaction or other limitation applies to this Agreement.[3]

For this trial only, the Parties agree that the exhibits set forth in Attachment C shall be deemed to meet the business records foundation requirement of Federal Rule

---

[3] The intention of the Parties is for the attached list to be inclusive of all exhibits contained in Docket No. 1107-2, with the exception of any exhibits that included handwriting. Any omission of any non-handwriting exhibits, introduced by any party in either previous trial, is unintentional.

of Evidence 803(6). To the extent a prior agreement to the Rule 803(6) foundation of an exhibit listed on Attachment C was conditioned on any redactions or other limitations, the Parties agree that the same redaction or other limitation applies to this Agreement.[4]

### IV.     Venue

The Parties are negotiating in good faith towards an agreement that venue is proper in the District of Colorado and will notify the Court if and when agreement is reached.

### V.      Phone Numbers and Places of Employment

The Parties agree that Government Exhibit 9748 and Government Exhibit 90-10 provide an accurate representation of phone numbers used by or associated with each listed person (natural or legal) and their places of employment.

---

[4] The intention of the Parties is for the attached list to be inclusive of all exhibits contained in Docket Nos. 1107-3 and 1188-1, with the exception of any exhibits that included handwriting. Any omission of any non-handwriting exhibits, introduced by any party in either previous trial, is unintentional.

4

**SO AGREED** this 20th day of May, 2022.

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Kevin B. Hart*
Kevin B. Hart
Antitrust Division
U.S. DEPARTMENT OF JUSTICE
Attorney for the United States
450 Fifth Street NW, Suite 11048
Washington, DC 20530
(202) 598-8242
kevin.hart@usdoj.gov