IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JAYSON JEFFREY PENN,<br>MIKELL REEVE FRIES,<br>SCOTT JAMES BRADY,<br>ROGER BORN AUSTIN,<br>WILLIAM WADE LOVETTE,<br><br>    Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT OPPOSITION TO UNITED STATES' MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANTS' NEW EXPERT WITNESSES**

The Court should deny the Department of Justice's ("DOJ") motion to exclude Defendants' new expert witnesses. DOJ recently introduced new witnesses and exhibits into its "streamlined" case, ostensibly for the purpose of focusing the jury on certain Defendants' performance and compensation. *See* Doc. 1283. DOJ now expresses surprise and dismay that Defendants intend to call expert witnesses to respond to that evidence and essentially asks the Court to tie Defendants' hands behind their backs. The Court should reject that request. Defendants adequately disclosed the bases and reasons for the new experts' opinions. Those opinions fall within the scope of proper expert testimony under Rule 702. And the experts' testimony will not be cumulative or unduly prejudicial. The Court should deny DOJ's motion.

**I.  Defendants' Disclosures Satisfy Federal Rule of Criminal Procedure 16.**

There is little substance to DOJ's assertion that Defendants' new expert disclosures do not satisfy Federal Rule of Criminal Procedure 16. The requirements of that rule are straightforward: a party must disclose a summary describing an expert witness's "opinions, the

bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). "Rule 16 disclosures are not required to include [an] extensive and exhaustive level of detail and information," *see United States v. Shannon*, 2019 WL 458911, at *2 (D. Colo. Feb. 6, 2019) (quotation omitted), and they "fall[] far short of the complete statement required of litigants in civil cases," such as "written reports explaining [an expert's] opinions." *Id.* (quotation omitted); *see also United States v. Nacchio*, 519 F.3d 1140, 1151 (10th Cir. 2008) (*Nacchio I*), *vacated on other grounds by United States v. Nacchio*, 555 F.3d 1234 (10th Cir. 2009) (*Nacchio II*). A Rule 16 disclosure suffices if it discloses the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, such that an opposing party can "lin[e] up an opposing expert, prepar[e] for cross-examination, or challeng[e] admissibility on *Daubert* or other grounds." *Id.*

Defendants' disclosure satisfies the rule's requirements, and in any event, falling short of these requirements "almost never" results in exclusion of the expert's testimony absent "a constitutional violation or statutory authority for such exclusion." *United States v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003) (quotation omitted). The Tenth Circuit has instructed that in the "absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish full compliance with" discovery obligations. *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

DOJ conflates Rule 16's requirements with those of Federal Rule of Evidence 702. Each case DOJ cites for its central contention—that Defendants' disclosures must "show that the proposed testimony is both reliable and relevant," Doc. 1334 at 2—addresses the admissibility of expert testimony under Rule 702, *not* the adequacy of Rule 16 disclosures. *See United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006); *Dodge v. Cotter Corp.*, 328 F.3d 1212,

2

1229 (10th Cir. 2003); *Indep. Inst. v. Gessler*, 2012 WL 959393, at *2 (D. Colo. Mar. 21, 2012) (Brimmer, J.)).[1] Contrary to DOJ's assertions, Rule 16 disclosures are "not designed to allow the district court to move immediately to a *Daubert* determination [of reliability and relevance] without briefs, a hearing, or other appropriate means of testing the proposed expert's methodology." *Nacchio I*, 519 F.3d at 1151.

Regardless, Defendants' new expert disclosure satisfies Rule 16 and Federal Rule of Evidence 702. It catalogs Professors Guay's and Daines's expert qualifications—DOJ does not challenge them, *see* Doc. 1334—and sets forth the bases for their conclusions. *See* Doc. 1334-1 at 2, 5 (identifying, *inter alia*, relevant knowledge and experience, review of the compensation structure for senior executives at Pilgrim's, Pilgrim's proxy statements, materials from Pilgrim's' compensation committee and independent advisors and consultants, publicly available sources, including financial statements and company websites, academic literature and third-party reports related to executive compensation and incentives, SEC filings).

DOJ argues that the disclosure leaves it with "a gamut of documents to review" and "fails to identify a realistic set of documents" the experts will rely upon. Doc. 1334 at 2-3. But its complaints are misplaced: courts routinely reject the contention that Rule 16 disclosures must identify particular documents forming the basis of the expert's opinion. *See, e.g.*, *United States v. Reulet*, 2015 WL 7776876, at *6 (D. Kan. Dec. 2, 2015) (Rule 16 disclosures "need not identify . . . which particular records form the bases of the opinions"); *United States v. Schneider*, 2008 WL 11396783, at *2 (D. Kan. July 15, 2008) ("Neither *Nacchio* nor Rule 16 require the [disclosing party] to list 'with particularity' documents from [parties'] files which the experts

---

[1] *Dodge* and *Gessler* are civil cases. They are irrelevant to the adequacy of expert disclosures under the Federal Rules of Criminal Procedure.

3

reviewed."); *see also United States v. Heller*, 2019 WL 5101472, at *1 (D. Colo. Oct. 11, 2019) (Brimmer, J.) (finding letter summarizing expert's opinions and attaching her C.V. adequate under Rule 16 and citation to particular "literature or studies" unnecessary).

DOJ cites no authority to the contrary. Indeed, DOJ cites only two cases that are even arguably relevant, and neither supports its position that Defendants' Rule 16 disclosure must identify specific documents for DOJ's review. In one case, the court specifically approved of disclosures comparable to those at issue here. *See United States v. Caputo*, 382 F. Supp. 2d 1045, 1050 (N.D. Ill. 2005) (approving of disclosure stating that expert opinion was based on, among other things, his review of "internal FDA documents concerning AbTox"). And in the other, the court disapproved of a disclosure that was "too vague and general to allow the Government to anticipate what [the expert's] opinions at trial might actually be." *United States v. Yurek*, 2017 WL 2930577, at *3 (D. Colo. July 7, 2017). Here, DOJ does not contend that Defendants' disclosure fails adequately to disclose the experts' opinions or methodologies, only that it "fails to identify a reasonable set of documents" upon which the experts relied. *See* Doc. 1334 at 2-3. Defendants have provided all the specificity that Rule 16 requires. *See Nacchio I*, 519 F.3d at 1151.

Finally, DOJ's assertion that it cannot discern the meaning of certain terms in the expert disclosure is not credible. *See* Doc. 1334 at 3-4. These very terms and concepts appear in the new exhibits DOJ seeks to introduce at trial. *See, e.g.*, GX10029 (discussing "increased profitability relative to a specified peer group of companies"). Certainly DOJ has a view about what those terms mean in that context. And it can surely ask its new witnesses or Pilgrim's Pride about the meaning of those terms in the unlikely event that it still finds itself unable to comprehend their meaning. Defendants' disclosure is more than adequate to permit the government to prepare for

4

cross-examination and to challenge the admissibility of Professors Guay's and Daines's testimony. Rule 16 requires nothing more.[2]

## II.      Professors Guay's and Daines's Expected Testimony is Relevant.

DOJ's next argument—that the Court should exclude Professors Guay's and Daines's testimony because it "*may* not be relevant," Doc. 1334 at 4 (emphasis added)—is frivolous. DOJ has placed Defendants' compensation structure and its attendant incentives directly at issue by arguing that standard executive compensation structures created a financial motive to fix prices and listing documents and witnesses it contends prove that argument. *See, e.g.*, Doc. 1332 at 14-15. DOJ's motion concedes as much.[3] Doc. 1334 at 4. If DOJ's compensation evidence is admissible—and Defendants contend it is irrelevant, unfairly prejudicial, and should be excluded—then Defendants are entitled to address that evidence and to adduce their own evidence that compensation structures premised on outperforming competitors gave Defendants a financial motive *not* to fix prices. Professors Guay's and Daines's testimony is highly relevant for that purpose.

---

[2] Notwithstanding that Defendants properly disclosed Professors Guay's and Daines's testimony, the proper remedy for inadequate disclosure is further disclosure, not the exclusion of testimony in its entirety. *Golyansky*, 291 F.3d at 1249 (absent bad faith, "the court should impose the least severe sanction that will accomplish full compliance with" discovery obligations); *Sarracino*, 340 F.3d at 1170 (failure to comply with Rule 16 "almost never" results in exclusion absent "a constitutional violation or statutory authority for such exclusion" (quotation omitted)); *Yurek*, 2017 WL 2930577, at *2 ("appropriate remedy" for inadequate disclosure is "to direct supplementation, rather than to exclude the testimony").

[3] DOJ's concession that the Court can wait until after its case in chief to determine whether Defendants' proposed expert testimony is "necessary or relevant," Doc. 1334 at 4, illustrates the "heads I win, tails you lose" proposition at the core of DOJ's motion. It simultaneously seeks the exclusion of Defendants' expert testimony and the admission of evidence that renders it relevant.

### III. The Expected Testimony is Proper Under Federal Rule of Evidence 702.

DOJ's next argument, that the testimony of Professors Guay and Daines "relates to issues for which no expert testimony would be necessary and/or does not go to a 'fact at issue,'" Doc. 1334 at 5, is wrong on the facts and the law.

*First*, DOJ conflates the bases of Professors Guay's and Daines's opinions with the opinions themselves. Defendants' Rule 16 disclosure indicates that public SEC filings, academic literature, and third-party reports are among the numerous *bases* for the witness's opinions. *See* Doc. 1334-1 at 2, 4-5. At least one of the cases DOJ cites recognizes the distinction between bases for an opinion and opinion itself, and demonstrates that expert testimony may properly be based on information contained in public filings. *See Owner-Operator Indep. Drivers Ass'n v. Comerica Bank*, 2011 WL 4625359, at *3 (S.D. Ohio Oct. 3, 2011) (while the "facts of [] public filings do not constitute expert opinions," such facts "are admissible as part of [] expert testimony" when they form the basis of the expert's opinion). Contrary to DOJ's assumption, Professors Guay and Daines do not intend merely to read SEC filings into the record, but instead will analyze those filings to understand and explain the compensation structures at issue.

The remaining cases DOJ relies on are inapposite, for the simple reason that each addresses expert testimony that was tantamount to describing publicly available information not reasonably subject to dispute. *See Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, 2015 WL 5755522, at *5 (N.D. Ill. Sept. 29, 2015) (in patent infringement case, declining to permit expert testimony on information in publicly available documents where "no reasonable jury" could reach a conclusion other than that stated in the documents); *United States v. Atchison, Topeka and Santa Fe Ry. Co.*, 725 F.2d 469, 470 (9th Cir. 1980) (expert testimony properly excluded where "the interpretation of the tariff was a matter of law" and "there were no colorable ambiguities or technical connotations in the language of the tariff" (quotation omitted)); *In re*

6

*Stratosphere Corp. Sec. Litig.*, 66 F. Supp. 2d 1182, 1188 (D. Nev. 1999) (noting that "[i]t does not take any special competence . . . to read pertinent public documents . . . to determine whether certain risks were conveyed to the public"). The specifics of compensation are not the gravamen of DOJ's argument—it is the incentives they create that are in dispute. As is clear from Defendants' disclosure, Professors Guay and Daines will use publicly available documents as a basis to testify about the system of incentives that Pilgrim's created and the context, theory, and rationale underpinning those incentives.

*Next*, DOJ asserts that expert testimony on executive compensation is impermissible when the remuneration in issue includes a "fixed cash component," because "[j]urors know what it means to receive a cash salary." Doc. 1334 at 5-6. DOJ does not cite to any case that supports that proposition, nor does it acknowledge its myopic interpretation of Professors Guay's and Daines's testimony. Defendants' disclosure makes clear that these experts' testimony will extend to each key component of executive compensation, including a base cash salary. *See* Doc. 1334-1 at 4, 8. A holistic analysis of the key components of executive compensation is plainly the proper subject of expert testimony under Rule 702.[4]

---

[4] *See, e.g., Lawson v. Spirit Aerosystems, Inc.*, 2021 WL 2290822, at *11-12 (D. Kan. June 4, 2021) (permitting executive compensation expert to testify about the impact of plaintiff's Long-Term Incentive Plan (LTIP) and rejecting argument that the testimony did not require "specialized knowledge"); *In re Twitter, Inc. Sec. Litig.*, 2020 WL 9073168, at *6 (Apr. 20, 2020) (permitting executive compensation expert to testify about Rule 10b5-1 plans and "trading behavior that may be indicative of informed trading" and permitting Professor Guay to rebut any testimony on the same topics); *Smilovits v. First Solar, Inc.*, 2019 WL 7282026, at *4 (D. Ariz. Dec. 27, 2019) (permitting corporate governance and executive compensation expert to testify to his opinion on the validity of a disputed 10b5-1 plan based on, among other things, "his extensive research on thousands of 10b5-1 plans used by various companies over the past decade"); *In re Novatel Wireless Sec. Litig.*, 2012 WL 5463214, at *4 (S.D. Cal. Nov. 8, 2012) (same).

*Finally*, DOJ's last salvo—that testimony on peer firms' compensation structure does not "go to a 'fact in issue,'" because it is unrelated to Defendants' compensation by their employers—misses its mark by a wide margin. First, DOJ never reconciles this argument with its apparent concession that Professors Guay's and Daines's testimony on comparative compensation structures *will* be relevant should it succeed in introducing evidence of Pilgrim's' compensation structure. *See* Doc. 1334 at 6. Nor does DOJ acknowledge its own decision to put at issue standard executive compensation structures like the one that Pilgrim's developed, by suggesting that they create a financial motive to rig bids and fix prices.[5] If benchmark analyses are relevant to prove the absence of collusion in the economic context, *see* Doc. 809 at 3-4, they are just as relevant to prove the absence of a motive to fix prices in the executive compensation context.

## IV.  The Expected Testimony is Not Prejudicial.

DOJ argues that Professors Guay's and Daines's testimony should be excluded under Federal Rule of Evidence 403 because it is overbroad, risks juror confusion, and would be unfairly prejudicial. DOJ also contends that Professor Daines's and Guay's testimony would be cumulative. DOJ is wrong on all four counts.

### A.  The expected testimony addresses evidence that DOJ decided to introduce only recently.

DOJ's various arguments as to why the expected expert testimony should be excluded under Rule 403 are not credible. Each argument applies with equal force to the compensation structure evidence that DOJ now seeks to introduce in its case in chief. For example, DOJ's concern that the proffered evidence (1) "is not equally applicable to all Defendants" because the

---

[5] If DOJ abandons its attempt to introduce evidence on this subject, Defendants will not need to elicit this expert testimony.

Pilgrim's and Claxton Defendants are differently situated (Doc. 1334 at 7); and (2) risks "focus[ing] the trial on Pilgrim's and Claxton brands rather than Defendants' conduct" (Doc. 1334 at 8) militate in favor of excluding DOJ's newly disclosed evidence and witnesses, as Defendants pointed out in their motion to exclude the compensation evidence and witnesses. Doc. 1315 at 7-8. To the extent the Court admits that evidence over Defendants' objection, however, expert testimony rebutting DOJ's narrative on a topic it has put in issue will not unfairly prejudice DOJ. *See United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) ("Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." (quoting *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003)).

DOJ's jeremiads on the proposed testimony about the prevalence of relative performance metrics falls flat for similar reasons. This testimony is plainly relevant to rebutting DOJ's contention that the compensation plans created a financial incentive to collude. And DOJ's concern that Professor Guay may "impl[y] that other executives receive sweeter pay packages than Defendants" is both unfounded and disingenuous. Doc. 1334 at 7. As is clear from their disclosure, Defendants do not intend to elicit such testimony.

Finally, DOJ's complaint about the asserted overbreadth of Professors Guay's and Daines's responsive testimony is overblown, and derives from DOJ's selective excerpts from Defendants' expert disclosure. DOJ argues that the disclosure is "breathtakingly over-inclusive" because it permits the experts to respond to evidence presented in its case-in-chief. Doc. 1334 at 8. The disclosure indicates that "[d]epending on the evidence presented by the Government," the experts may respond "within the scope of [their] expertise." Doc. 1334-1 at 5, 9. This category of testimony will not, as DOJ assumes, cover "anything in the government's case." Doc. 1334 at 8. Rather, it encompasses a response to executive-compensation and corporate-governance

9

evidence that DOJ introduces in its case-in-chief. This disclosure cannot be more detailed at this point because Defendants do not know what evidence on these topics DOJ intends to introduce.

### B. Defendants' expert testimony on executive compensation will not be cumulative.

DOJ's objection to Defendants' proposed expert testimony as cumulative is also misplaced. As DOJ's motion recognizes, different Defendants are differently situated with respect to the compensation evidence it seeks to introduce at trial. *See* Doc. 1334 at 7. Different Defendants are therefore entitled to call different witnesses.

### V. DOJ's Hand-Wringing About Professor Daines's Law Degree Is Unfounded and Overblown.

DOJ's final objection is also its most outlandish: that permitting Professor Daines to testify will result in "incurable error" because he is a law professor. Doc. 1334 at 10-11.DOJ cannot point to any opinion in the disclosure that touches on an "issue[] of law reserved for the jury or the Court," so DOJ instead resorts to vague admonitions about Professor Daines' law degree, legal credentials, and teaching accomplishments. *See* Doc. 1334 at 11 (the fact that Professor Daines teaches legal courses creates "too grave" a "risk that [he] will offer legal opinions"). In reality, DOJ's arguments boil down to a concern that Professor Daines will be a highly effective witness.  In any event, Defendants do not intend to elicit testimony from Professor Daines on issues of law. And DOJ will be free to object at trial to any testimony it believes crosses that line.

### CONCLUSION

For the reasons discussed above, the Court should deny DOJ's Motion to Exclude the Testimony of Defendants' New Expert Witnesses.

10

Dated:  May 23, 2022

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com


*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com


*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com


*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

Dated: May 23, 2022

*s/ Michael F. Tubach*

Michael F. Tubach