**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
8. **WILLIAM WADE LOVETTE,**

    Defendants.

**UNITED STATES' MOTION TO IMPANEL FOUR ALTERNATE JURORS**

The government respectfully requests that the Court impanel four alternate jurors pursuant to Federal Rule of Criminal Procedure 24(c)(1). With the two additional alternate jurors, the government believes it would be appropriate to give Defendants an additional peremptory challenge.[1] New Omicron variants—and the resulting surge in COVID-19 cases—have heightened the risk that jurors will contract COVID-19. Afflicted

---

[1] The parties were unable to reach agreement on a motion for more alternate jurors. The government made the same proposal of Defendants. Defendants stated that they do not object to three alternate jurors, provided that the defense receive 12 peremptory challenges. The government does not agree that three alternate jurors are sufficient or that Defendants should receive an extra peremptory challenge for only one additional alternate juror.

jurors would be unable to attend trial for at least five days.[2] The status quo of two alternates thus risks a mid-trial delay, if not a mistrial.

As the Court recognized at the pretrial conference, new Omicron variants pose an unpredictable risk to this trial. (*See* 5/25/22 R. Tr. at 5:16-6:12.) At least one widely circulating variant, BA.2.12.1, is "more contagious" than prior variants. (*Id.* at 5:23-24.)[3] So are some emerging variants, such as BA.4.[4] Research suggests that these variants "can overcome immunity provided by earlier infections with other Omicron subvariants."[5] Corroborating this research are surging cases across the country—including in Denver. The CDC's community risk level for Denver recently rose from Low to Medium, while nearby Boulder and Broomfield Counties are now at the High community risk level.[6] Analogously, the test positivity rate has risen to 8.5% in Denver, 11.2% in Boulder, and 10.0% in Broomfield.[7]

What's more, new variants may cause more severe illness. Specifically, a recent pre-print study of 1.5 million people has found that "Omicron BA.2 [is] associated with

---

[2] *Quarantine & Isolation*, CDC (Mar. 30, 2022), https://www.cdc.gov/coronavirus/2019-ncov/your-health/quarantine-isolation.html; *accord* 5/25/22 R. Tr. at 6:1-4 (explaining that a juror who caught COVID-19 would "be quarantined for five days and, you know, we can't have jurors who are out for five days"). By contrast, a vaccinated juror who is merely *exposed* to COVID-19 need not quarantine under CDC guidelines.
[3] BA.2.12 and BA.2.12.1 are about 23% to 27% more infectious than the original BA.2 variant of Omicron. *See* New York Dep't of Health, Press Release, *Emergence of Recently Identified, Highly Contagious Omicron Subvariants* (Apr. 13, 2022), https://www.health.ny.gov/press/releases/2022/2022-04-13_covid-19.htm.
[4] Amy Maxmen, *Why call it BA.2.12.1? A guide to the tangled Omicron family*, Nature (May 27, 2022), https://www.nature.com/articles/d41586-022-01466-9.
[5] *Id.*
[6] *COVID Data Tracker*, CDC (May 27, 2022), https://covid.cdc.gov/covid-data-tracker/.
[7] *Id.*

2

reporting more symptoms, with greater disruption to daily activities, than BA.1."[8]  This increased severity is "contrary to the perception that recent variants have become successively milder."[9]  Omicron variants have thus increased the risk that—during the five calendared trial weeks and one-week break—COVID-19 will afflict several jurors.

This risk is hard to mitigate.  Indeed, COVID-19 has caused trial delays and mistrials across the country.[10]  Although the Court can require masks and jurors can choose to wear masks, the sheer infectiousness of Omicron limits the effectiveness of mitigation measures, particularly in a courtroom filled with several dozen people.  In addition, the Court cannot control jurors' exposure outside the courtroom or during the one-week gap in the trial.

Accordingly, the Court should exercise its discretion under Federal Rule of Criminal Procedure 24(c)(1) and empanel four alternate jurors rather than two.  Doing so will not delay the start of the trial, complicate voir dire, nor prejudice the defendants.

---

[8] Matthew Whitaker & Joshua Elliott et al., *Variant-specific symptoms of COVID-19 among 1,542,510 people in England* at 1 (May 23, 2022), https://www.medrxiv.org/content/10.1101/2022.05.21.22275368v1.
[9] *Id.*
[10] *See, e.g., Mistrial declared in Maine trial when witness tests positive during recess*, Associated Press (May 24, 2022), https://spectrumlocalnews.com/me/maine/news/2022/05/24/mistrial-declared-when-witness-tests-positive-during-recess; Paul Egan, *Civil trial in Flint water crisis delayed after juror contracts coronavirus*, Detroit Free Press (May 17, 2022), https://www.freep.com/story/news/local/michigan/flint-water-crisis/2022/05/17/flint-water-crisis-civil-trial-juror-coronavirus/9813376002/; Pat Tomlinson, *Norwalk murder trial postponed after juror tests positive for COVID-19*, CTPost (Apr. 27, 2022), https://www.ctpost.com/news/article/Norwalk-murder-trial-postponed-after-juror-tests-17131114.php; Katie Buehler, *COVID-19 Outbreak Leads To Mistrial In EDTX*, Law360 (Nov. 17, 2020), https://www.law360.com/articles/1329617/covid-19-outbreak-leads-to-mistrial-in-edtx.

And, most importantly, additional alternates would shield this trial from COVID-related interruptions.

Dated: May 27, 2022            Respectfully submitted,

<u>/s/ Matthew Chou</u>
KEVIN B. HART
LESLIE A. WULFF
PAUL J. TORZILLI
DANIEL A. LOVELAND, JR.
MATTHEW CHOU
AIDAN D. MCCARTHY
KAITLYN E. BARRY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 549-6183
Email: matthew.chou@usdoj.gov
*Attorneys for the United States*