IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
8. WILLIAM WADE LOVETTE,

    Defendants.

___

**ORDER**
___

This matter is before the Court on the issues raised in the United States' Trial Brief [Docket No. 1356].

## I. REFERENCES TO PREVIOUS TRIALS

Before the second trial, the Court ordered that the parties should not refer to the first trial and/or the mistrial in front of the jury or otherwise suggest that this case had been previously tried. Docket No. 1041 at 134. The Court additionally emphasized that the parties needed to inform their witnesses of this ruling. *Id.* The Court makes the same ruling for the third trial.

The third trial has an additional issue, namely, the government's dismissal of five of the defendants. The Court finds that the government's dismissal of the former defendants is irrelevant to the third trial. Even assuming their dismissal had some

relevance, the probative value of their dismissal is substantially outweighed by the risk of unfair prejudice and confusion to the jury. *Cf. United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("[A] district court has discretion to exclude from evidence acquittals or other favorable outcomes of prior state court proceedings involving the same subject matter" because "cases are dismissed for a variety of reasons, many of which are unrelated to culpability"); *Sec. & Exch. Comm'n v. Goldstone*, 2016 WL 3625405, at *15 (D.N.M. June 13, 2016) ("Evidence that charges are dismissed does not prove innocence."); *compare United States v. Bisanti*, 414 F.3d 168, 172-73 (1st Cir. 2005) ("[T]he fact of acquittal in a prior court proceeding involving similar subject matter is usually not admitted into evidence."). The Court will preclude any reference to the dismissal of the five former defendants under Fed. R. Evid. 401 and 403.

## II. REFERENCES TO MR. BRYANT'S MISCONDUCT

The government argues that "[d]efendants should be barred from again using the word 'misconduct' during Robert Bryant's cross-examination." Docket No. 1356 at 6. At the trial preparation conference before the second trial, the Court stated:

> The balance that was struck was that Mr. Bryant could be impeached and asked the question whether he had, in fact, lied to the agents, and that's what he testified to. The fact that he testified to that in the first trial doesn't bootstrap it into some higher level of offense or something. He's just -- that was the balance that was struck and he admitted to it. He had to admit to that. He did. That doesn't somehow now provide a new grounds to justify going into the details further.

Docket No. 1041 at 131-32. Because such conduct has nothing to do with the charged conspiracy, use of the term "misconduct" lacks any probative value and is unfairly prejudicial. Despite this, on cross-examination counsel for one of the defendants used the term "misconduct" in relation to certain conduct Mr. Bryant told the FBI about in

2

interviews. Unofficial Transcript, Mar. 9, 2022 at 103. In the third trial, pursuant to Rules 401 and 403, the parties are not to use "misconduct" or an analogous term to describe the conduct that was the subject of Mr. Bryant's alleged falsehoods to the FBI.

DATED June 2, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge