IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
8. WILLIAM WADE LOVETTE,

    Defendants.

_____

**MINUTE ORDER**
_____

**Entered by Chief Judge Philip A. Brimmer**

    This matter is before the Court on Defendants' Joint Objections to the Government's Notice of Exhibits Without a Testifying Witness [Docket No. 1314]. The government gave notice of exhibits it intends to introduce without a testifying witness at the retrial, Docket No. 1269, and defendants filed their objections to the exhibits. Docket No. 1314. Attached to this Minute Order is a document containing the Court's ruling on most of the exhibits for the third trial. In certain circumstances, the Court has reserved ruling.

    Defendants also make six overarching objections:

    *First*, Defendants reassert for appellate preservation purposes all prior objections to these un-sponsored documents. *Second*, the sheer number of exhibits the government seeks to introduce without a sponsoring witness undermines Defendants' rights to a fair trial and to confront the evidence against them. *Third*, given the volume of documents and corresponding limiting instructions, there is a dangerous probability that the jury will improperly consider evidence admitted against only one Defendant for all purposes against all Defendants. *Fourth*, the new exhibits the government has added to this list are irrelevant, and in adding them, the government vitiates its oft-repeated commitment to "streamline" its case for the third trial. *Fifth*, Defendants again object to the inclusion of the footers designating the documents as "confidential," which were added

> for litigation purposes.  *Finally*, while the parties are in discussions on an agreement as to the authenticity of a large number of the documents admitted at the first two trials, Defendants note that the documents on the government's notice cannot be admitted before they are properly authenticated for admission at the third trial.

*Id.* at 2.  The Court has already overruled defendants' first, second, and third objections and does so again for the same reasons.  As to the fourth objection, the Court ruled on the government's new exhibits at the May 25, 2022 trial preparation conference, and this objection is accordingly overruled.  As to the fifth objection, the government indicates that it will redact confidentiality designations on exhibits published and/or sent back to the jury for deliberations.  Docket No. 1326 at 6.  Finally, defendants object that many of the exhibits have not been authenticated.  Docket No. 1314 at 2.  Since the filing of defendants' objections, the parties have reached an agreement regarding the authenticity of certain exhibits, *see* Docket No. 1338-1, which the Court ordered that the parties are governed by.  Docket No. 1351.  The Court's rulings in the attached document take this agreement into account.  However, where authenticity has not been agreed to, the Court has made any ruling of admissibility contingent on authentication.  Accordingly, the Court will overrule this objection as moot.

DATED June 2, 2022.