**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **WILLIAM WADE LOVETTE,**

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION TO LIMIT RELEVANT TIME PERIOD FOR EDWARD SNYDER'S COMPENSATION TESTIMONY**

---

On the eve of the testimony of their expert witness, Defendants have moved to limit the scope of cross-examination on Professor Edward Snyder's compensation to the time period at issue in the second trial.

The government sought to reach agreement (and to moot this motion) by requesting Professor Snyder's billing records. Specifically, the government stated that it was amenable to not opposing Defendants' motion, but that it could not do so without knowing what it would be agreeing to exclude.

Defendants have refused to provide that information. Rather, Defendants have disclosed a concerning fact: that Defendants have paid Professor Snyder approximately

$350,000 since the last trial even though his work product has scarcely changed.[1] These payments bear on Professor Snyder's credibility. *See, e.g.*, *McBurney v. Rapelje*, No. 2:11-CV-12046, 2013 WL 6885148, at *5 (E.D. Mich. Dec. 31, 2013) ("The fact that [defendant]'s expert was paid money by the defense was relevant to the expert's credibility."). For instance, if in fact Defendants paid Professor Snyder a significant amount for little additional work, Professor Snyder's credibility would be in doubt. But, without the information that Defendants refuse to produce, neither the government nor the Court can properly weigh Professor Snyder's testimony, and the government cannot agree to limit its cross-examination.

Accordingly, the government requests complete billing records relating to Professor Snyder's compensation through this trial under Federal Rule of Criminal Procedure 26.2.[2] Those billing records contain statements from Professor Snyder about the economic analyses he and his team conducted in preparation for this trial, and thus "relate[] to the subject matter of" his testimony. *See* Fed. R. Crim. P. 26.2. The statements may detail, for instance, economic models or theories that did not come to the conclusions Defendants had hoped for and were thus abandoned in favor of those that will be presented. In other words, as Defendants recognize in their motion, the

---

[1] This $350,000 is in addition to the nearly $500,000 Defendants paid to Professor Snyder through the time of his testimony in the second trial.

[2] The government is aware that Rule 26.2 does not compel production of a witness's statements until after they have testified on direct examination. However, Defendants have represented to the government that they would not be producing the sought-after billing records at any point in time. Thus, the government raises this issue now in preparation for when statements are not produced after Professor Snyder testifies on direct examination.

information likely contains impeachment information – to which the government is entitled. *See* Defs' Motion at 3-4 ("The differences between the amount of compensation that Professor Snyder testified to in the second trial and his compensation for a third trial may also expose him to potential impeachment. . . . Defendants recognize that expert compensation is typically relevant under the Federal Rules of Evidence."). A fair view of Professor Snyder's testimony, purportedly about neutral economic concepts and factors, includes cross-examination on all the information and data he reviewed and prepared – not simply the final product selected by the Defendants.

For the foregoing reasons, the government respectfully requests that the Court compel the production of information about Professor Snyder's compensation though this trial, including billing records, or, in the alternative, deny Defendants' motion.

Dated: June 27, 2022                    Respectfully submitted,

/s/ Aidan D. McCarthy
KEVIN B. HART
LESLIE A. WULFF
PAUL J. TORZILLI
DANIEL A. LOVELAND, JR.
MATTHEW CHOU
AIDAN D. MCCARTHY
KAITLYN E. BARRY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 549-6183
Email: aidan.mccarthy@usdoj.gov
*Attorneys for the United States*