*Mr. Austin's Tendered #1*
*REFUSED*

**Instruction No. 21**

    A conspiracy to fix prices is an agreement or mutual understanding between two or more competitors to fix, control, raise, lower, maintain, or stabilize the prices charged, or to be charged, for goods or services. Prices do not have to be the same or identical to be fixed; prices may be fixed in other ways. Prices are fixed if the range or level of prices or pricing strategy is agreed upon. They are fixed because they are agreed on. Thus, an agreement among competitors to raise or lower a price, to set or avoid certain price promotions, to set a maximum price, to stabilize prices, to set a price or price range, or to maintain a price is illegal. The aim and result of every price-fixing agreement, if successful, is the elimination of one form of competition.

    A conspiracy to rig bids is an agreement between two or more competitors to eliminate, reduce, or interfere with competition for something that is to be awarded on the basis of bids. A conspiracy to rig bids may be an agreement among competitors about the prices to be bid, who should be the successful bidder, who should bid high, who should bid low, or who should refrain from bidding; or any other agreement with respect to bidding that affects, limits, or avoids competition among them. The aim and result of every bid-rigging agreement, if successful, is the elimination of one form of competition.

    If you find that one or more of the defendants entered into an agreement to fix prices and rig bids, the fact that a defendant did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objective is no defense. The agreement is the crime, even if it is never carried out.

If the conspiracy charged in the indictment is proved, it is no defense that some or all of the defendants actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that some or all of the defendants did not attempt to collude with all of their competitors. Similarly, a conspiracy may be unlawful even if it did not extend to all goods sold by conspirators or did not affect all of their customers.

Evidence of the bids submitted and prices actually charged has been admitted to assist you in deciding whether a defendant entered into an agreement to fix prices and rig bids. Such evidence may lead you to conclude that some or all of the defendants never entered into the agreement charged in the indictment or that some or all of the defendants did enter into the agreement.

The mere fact that some or all of the defendants may have engaged in similar or parallel pricing does not by itself establish the existence of a conspiracy among them. Evidence of similarity of business practices of defendants, or the fact that they may have charged identical prices for the same goods, does not alone establish an agreement to fix prices and rig bids, since such activities may be consistent with ordinary and proper competitive behavior in a free and open market. A business may lawfully copy its competitors' price lists, follow and conform exactly to its competitors' price policies and price changes, and adopt the same prices, conditions of sale, or other practices as long as it does so independently and not as part of an agreement or understanding with one or more of its competitors.

Mere exchanges of information, even regarding price, are not necessarily illegal, in the absence of additional evidence that an agreement to engage in unlawful conduct

resulted from, or was a part of, the information exchange. It is not unlawful for competitors to meet and exchange information necessary to preparation of a bid or discuss common aims or objectives or exchange information on independently derived prices. There may be legitimate reasons that would lead competitors to exchange price information other than fixing prices or rigging bids. It is not illegal for a competitor to obtain, rely upon, and act on pricing and other information received from competitors, customers, media, internet sources, industry analysts, brokers, and others involved in the production and sale of broiler chicken products so long as there is no agreement to fix prices or to rig bids.

A customer's wants or desires regarding confidentiality in the bidding process are not relevant in determining whether any defendant committed the crime for which he is charged. Even where a customer wants to keep its bidding process confidential, it is not illegal for suppliers to communicate with each other or to share prices or bids unless there is an agreement to fix prices or rig bids.[1]

Nevertheless, you may consider such facts and circumstances, along with all other evidence, in determining whether the alleged price fixing and bid rigging resulted from the independent acts of the defendants freely competing in the open market, or whether it resulted from an agreement among or between two or more of them.

---

[1] *Cf. United States v. Stoecker*, 920 F. Supp. 867, 875 (N.D. Ill. 1996), *opinion clarified* (Apr. 3, 1996) ("Even the government admits that the violations of Banker's Trust's internal operating procedures and ethical standards which it seeks to attribute to [the defendant] do not constitute unlawful conduct."); *English v. District of Columbia*, 651 F.3d 1 (D.C. Cir. 2011) (holding that evidence of a policy violation may properly be excluded to avoid danger of confusing the jury where the policy differed from the law).

*Mr. Fries*
*Tendered #2*
**REFUSED**

Instruction No. 3

The government has the burden of proving each defendant guilty beyond a reasonable doubt. You must presume each of the defendants innocent. That presumption remains with each of the defendants throughout every stage of the trial, including, most importantly, your deliberations, and is extinguished only upon your determination that guilt has been proven beyond a reasonable doubt.[1] The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt.

There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that a defendant is guilty of the crime charged, you must find him guilty.

If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

---

[1] *United States v. Starks*, 34 F.4th 1142 (U.S. 10th Cir. 2022).

Mr. Fries
Tendered #3
REFUSED

**Instruction No. \_\_\_\_**

      Prior to trial, the Court ordered witnesses to be sequestered. There is sufficient evidence to believe the government violated this Order in meeting with Mr. Bryant before his rebuttal testimony. You may consider this violation in considering Mr. Bryant's credibility and whether the government proved their case beyond a reasonable doubt.